Carol A. Sobel, SBN 84483
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, CA 90405
(t)  310 393-3055; (f) 310 399-1854
(e)  carolsobel@aol.com
(e)  mullen.colleen1@gmail.com
(e)  Justine.schneeweis@gmail.com

Paul Hoffman, SBN 71244
Catherine Sweetser, SBN 271142
SCHONBRUN, SEPLOW, HARRIS &
HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
(t)  310 396-0731; (f)  310 399-7040
(e)  hoffpaul@aol.com
(e)  catherine.sdshh@gmail.com

Barrett S. Litt, SBN 45527
KAYE, MCLANE, BEDNARSKI & LITT
234 Colorado Blvd., Suite 230
Pasadena, California 91101
(t)  626 844-7660; (f) 626 844-7670
(e) blitt@kmbllaw.com

Attorneys for Plaintiffs
Additional Counsel on Following Page

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHARMAINE CHUA, et al., | Case No.: 16-cv-00237-JAK-GJS |
| | **JOINT RULE 16(B)/26(F) REPORT** |
| PLAINTIFFS, | **DATE: SEPTEMBER 12, 2016**<br>**TIME: 1:30 P.M.**<br>**CTRM: ROYBAL 750** |
| vs. | |
| CITY OF LOS ANGELES, et al., | **HON. JOHN A. KRONSTADT** |
| DEFENDANTS. | |

Colleen Flynn, SBN 234281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(t)  213 252-9444
(f)  213 252-0091
(e) cflynn@yahoo.com

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
2108 Cove Avenue
Los Angeles, CA 90039
(t) 323 696-2299
(e) matthewstrugar@gmail.com

JOINT RULE 16(B)/26(F) REPORT

The parties to the above-captioned action submit their Joint Report to the Court in advance of the Scheduling Conference set for September 12, 2016 at 1:30 p.m. before the Honorable John A. Kronstadt, district judge presiding in Courtroom 750 of the Roybal Federal Building, located at 255 E. Temple Street, Los Angeles, California.

At the present time Defendant City is aware of two other lawsuits arising from the same protest. However, those other incidents occurred at the intersection of Temple and Broadway. Those arrests are not at issue in this case.  Those cases are *Belay and Ahmed vs. City of Los Angeles* CV16-01187 JAK(GJSx) and *Amha v. City of Los Angeles*, CV 16-0216 FMO(AFM). The *Belay* case is set for trial on June 20, 2017. The *Amha* case is set for trial on July 27, 2017.  These cases were assigned to Mag. Judge Gail Standish for purposes of ADR. The date to complete the ADR process is March 13, 2017.

Plaintiffs understand that a third lawsuit is to be filed shortly on behalf of Patti Beers, who was arrested at 6th and Hope, charged with a criminal violation and acquitted at trial.  It is Plaintiffs' position that *Belay* and *Amha* raise different issues and arise from a location not related to either class in this action.

**1.a.    Statement of the Case:**

      **1.        Plaintiffs' Statement of the Case**

This case involves the detention and arrests of individuals in November, 2014 during several days of protests related to the events in Ferguson, Missouri and the death of Michael Brown.  The case is filed as a class action based on two incidents: one occurring at Beverly and Alvarado in which the sub-class was subject to detention, warrantless search and interrogation before being released by Defendants. The second incident involves a mass arrest at 6th and Hope in which Plaintiffs contend that they were not given adequate dispersal notice before being surrounded by the LAPD and arrested.  The group at 6th & Hope also contend that they were

held in jail for approximately a day when they should have been cited and released pursuant to California Penal Code § 853.6.  Both groups also allege that their privacy rights were violated by the collection of personal information and the storage and dissemination of that information by the LAPD and to other law enforcement entities.

### 2.   Defendants' (City) Statement:

During the period of time from November 24, 2014 through November 28, 2016, numerous individuals became involved in and continued to protest the failure of a grand jury in the state of Missouri to indict Officer Darren Wilson for shooting Michael Brown in Ferguson, Missouri.

Through the days and evenings numerous people were protesting and conducting marches. Unfortunately, some of the protesters began to demonstrate on the freeways near Downtown LA, including blocking traffic and sitting on the freeways.  LAPD declared a tactical alert in an effort to allow the protesting by with as minimal interference as possible with traffic and in a manner to have persons stay out of the roadways and to keep protesters from walking in the streets and blocking traffic.

There were several mass arrests of protestors at various locations. The City contends that there were numerous orders to disperse at several locations and that the Plaintiffs were given adequate time to disperse.  The City contends that persons subject to arrest were processed within a reasonable time and evaluated for release on their own recognition (OR) under Penal Code section 853.6.

The City contends that the information gathered was the information necessary to book the individuals. The information was not disseminated other than in the regular manners used by law enforcement.

### 1.b.   Subject Matter Jurisdiction:

The Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights jurisdiction),

and 28 U.S.C. § 1367 (supplemental jurisdiction). The Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

**1.c.   Legal Issues:**

**Plaintiffs contend:** The key legal issues are the sufficiency of the dispersal orders in both incidents, the length and conduct of the detentions, the collection of personal information from the detainees/arrestees and the dissemination of that information to other law enforcement agencies, and the initial denial of OR release for the arrestees.

**Defendants contend:**

There was probable cause to detain the protestors and probable cause to arrest them.   The conduct of the officers was within reasonable guidelines of police procedures.   There was a reasonable belief that the persons arrested had been given reasonable orders to disburse and failed to do so.   Many protesters violated sections of the Vehicle Code.

The City contends that there is no policy, practice, custom or failure to train which caused any potential violation of the constitution. Certainly, LAPD is not deliberately indifferent to the needs of their citizens.

The City disputes the potential applicability of statutory penalties and minimums.   There may be individual damages issues depending on people's claims

**1.d. Parties and Non-Party Witnessses:**

The class representatives are the primary parties for Plaintiffs. Once the identities of other individuals who were detained at the Beverly and Alvardo incident, or arrested at the 6th and Hope incident are disclosed through documents presently in Defendants' control, plaintiffs will supplement their list of witness for that incident.   In addition, Plaintiffs identify the following non-party witnesses, all of whom were legal observers for the National Lawyers Guild:

Betty Hung – employed by Asian Americans Advancing Justice - LA

Erin Darling – employed by Federal Public Defenders

Eric Post – employed by Public Counsel

The parties for the Defendants are the City of Los Angeles, Chief Charlie Beck, former LAPD Commander Andrew Smith, and now Commander Jeffrey Bert.  There may be numerous LAPD officer witnesses who carried out the arrests and/or analyzed video tapes as part of any potential criminal processes. There will likely be persons most knowledge to testify about the issues and/or Monell. Those persons cannot be identified until the Monell allegations are narrowed.

**1.e.   Damages:**

Plaintiffs are entitled to statutory damages under California law of at least $4000, subject to treble this amount.  Based upon other mass arrest and detention cases that were provided to the Court in support of the class settlement in *Aichele*, including two arising in Los Angeles, the range of damages is approximately $7,500 to $20,000 per person, with the higher damages for those who were arrested.  In both the *MIWON* case and the *Aichele (Occupy)* case, the damages were the same for all persons who suffered the same general types of injury.  The only individuals who received different amounts in *MIWON* were a few people who suffered significant individual physical injuries.  That is not the case here, nor was it the case in *Aichele*.

Defendants dispute the nature and extent of damages. Persons who were arrested and who are claiming such significant individual damages may need to be severed from the class.

**1.f.   Insurance**

The City of Los Angeles is self-insured.

**1.g.   Motions:**

Plaintiffs have filed a First Amended Complaint, adding then-Capt. Bert as a defendant.  At the present time, until discovery is conducted, Plaintiffs do not plan to amend to add additional parties, but reserve the right to do so depending upon discovery disclosures.  Plaintiffs do not now intend to add additional claims and

there is no likelihood of transferring venue since all parties are in the Central District, Western Division.   Plaintiffs filed a motion for class certification, which was unopposed.  Plaintiffs also anticipate possible motions in limine to exclude evidence of any other criminal history or associations with political groups. Plaintiffs may also bring a motion for summary adjudication on some of the legal issues, depending upon discovery.

Defendants believe there will be a motion for summary judgment and/or adjudication as to the Federal claims and/or to seek qualified immunity for some or all of the officers.  There is the potential for a motion for decertification of the class or sub-class.

Defendants also believe there are likely to be motions in limine and a motion to have the case conducted in phases with one phase addressing liability and the second phase to address Monell issues, causation and damages.

**1.h.    Manual for Complex Litigation:**

The parties do not believe that this action is subject to all or part of the procedures for complex litigation.

**1.i.    Status of Discovery:**

No discovery has begun as of this date.  The parties agree to make initial disclosures no later than two weeks after the Scheduling Conference.

**1.j.    Discovery Plan:**

At present, the parties do not believe orders are needed limiting or expanding discovery beyond what is permitted under the FRCivPs. Plaintiffs anticipate filing written discovery prior to the Scheduling Conference to obtain the identities of persons in the various classes, the booking reports for those arrested, the personal information collected on each detainee/arrestee; the plans/reports of the LAPD related to these events, both pre-demonstration and post-demonstration; all communications regarding the dispersal orders; all arrest records for members of the 6th & Hope class; all documents evincing the dissemination of the information

collected from detainees/arrestees, including all entities and databases to which such information was transmitted; all communications to and from the Chief of Police regarding the release of the individuals arrested at 6th and Hope.

Plaintiffs anticipate taking the depositions of each of the named defendants and also anticipate that, through discovery, they will identify additional individuals within the Los Angeles Police Department who may also be deposed. Former LAPD Commander Andrew Smith is now a Chief of Police in the Midwest. To take his deposition, the parties will have to coordinate more on timing and travel plans.

Based on the initial discussions between counsel, there may be issues concerning the privacy of the information in the arrest reports, as well as information collected from those detained at Beverly & Alvarado. Plaintiffs believe that a stipulated protective order issued by the Court is sufficient to address these concerns.

The Defendant has indicated that it may require the Plaintiffs to file a motion to compel in order to gain access to these records. If that is the case, or if a motion to compel is necessary for any other category of discovery sought, the time needed to complete discovery will extend by approximately two to three months to allow for the meet and confer, filing of the motion to compel and hearing on the motion.

Defendants intend to propound written discovery aimed at clarifying the underlying facts, obtaining an understanding of the specific legal contentions, obtaining the documents support plaintiffs' various contentions regarding dispersal orders, use of "spy technology", damages and failure to assess the arrestees under Penal Code section 853.6. Discovery will seek to identify the specific policy, custom and practice, as well as the conduct at issue. Defendants will take depositions of plaintiffs, citizen witnesses and designated experts.

Defendants state their efforts to protect the identification of citizens who were detained and/or arrested involves the disclosure of personal information including addresses, in some cases social security numbers and "rap sheets." No

additional time is need for discovery as the proposed discovery cut-off is almost a year away.

**1.k.  Discovery Cut-off:**

The parties propose a non-expert discovery cut-off of September 18, 2017.

**1.l. Expert Discovery:**

The parties propose October 2, 2017 as the date for initial expert disclosures, October 16, 2017 for expert rebuttal disclosures, and a discovery cut-off of October 30, 2017 for expert discovery.

**1.m. Dispositive Motions:**

Although the parties have not yet engaged in discovery, both parties anticipate possibly bringing a motion for summary judgment or adjudication.

**1.n.   Settlement:**

Plaintiffs believe that settlement discussions should occur through ADR with former Magistrate Judge Carla M. Woehrle.  Judge Woehrle mediated two prior class actions against the City involving mass protests as well as claims of a violation of Penal Code sec. 853.6.  Judge Woehrle is currently mediating two cases involving the City's actions regarding homeless individuals on Skid Row.

Defendants suggest that the court appoint the assigned magistrate to preside over an ADR process pursuant to ADR Procedure No. 1.  Magistrate Judge Standish, the assigned magistrate, on this case has been assigned as the mediator on the *Belay* and *Amha* cases as mentioned above.

**1.o.   Trial Estimate:**

The parties presently anticipate the jury trial in this matter to take 5 court days, not including jury selection and opening statements.  Defendants may file a motion for bifurcation or, possibly, trifurcation of liability, Monell and damages.  If the motion is filed and granted Defendants contend that the trial of the liability phase will take 3 to 4 days, depending upon whether there is bifurcation and trifurcation. The damages phase is likely to take one court day.

**1.p.    Trial Counsel:**

Barry Litt and Paul Hoffman will be lead trial counsel for the plaintiffs.  Craig Miller and Benjamin Chapman are expected to represent the Defendants.  It is likely that other members of the Plaintiffs' litigation team and the Los Angeles City Attorney's office will also be involved as trial counsel.

**1.q.    Independent Expert or Master:**

The appointment of a master under Rule 33 or independent expert is not necessary.

**1.r.    Timetable**

The parties have completed and attached the Court's Schedule of Pretrial and Trial Dates.  Where there is no disagreement on the proposed dates, which is the case for almost all dates, the parties accept the Court entering the dates according to the Court's timetable.

**1.s.    Other issues:**

Defendants anticipate that they may file a motion for bifurcation of liability and damages, or trifurcation of liability, Monell and damages.

Depending on the nature of discovery, issues may arise concerning the privacy of individuals and police officers.

Defendant Andrew Smith was a commander at LAPD on the date of incident. He was assigned to press relations and was a departmental spokesman. Plaintiffs have not stated a reason to believe Andrew Smith was involved in the arrest, detention, deployment of resources or release of persons being arrested.

**1.t.    Patent Cases:**

Not applicable.

**1.u.    Do the Parties Wish to Have a Magistrate Judge preside?**

No.

JOINT RULE 16(B)/26(F) REPORT

Dated:  September 2, 2016                   Respectfully submitted,


                                           Kaye, McLane, Bednarski & Litt, LLP
                                           Law Office of Carol A. Sobel
                                           Schonbrun, Seplow, Harris & Hoffman
                                           Law Office of Colleen Flynn
                                           Law Office of Matthew Strugar


                                           /s/ Carol A. Sobel
                                           By: CAROL A. SOBEL
                                           Attorneys for Plaintiffs

Dated: September 2, 2016                    Michael N. Feuer, City Attorney
                                           Thomas Peters, Chief Asst. City Attorney
                                           Cory M. Brente, Asst. Supv. City Attorney
                                           Craig J. Mitchell, Dep. City Attorney


                                              /s   Craig Miller
                                           By: CRAIG J. MILLER
                                           Attorneys for Defendants