**MICHAEL N. FEUER, CITY ATTORNEY (SBN 111529x)**
**THOMAS H. PETERS, CHIEF ASSISTANT CITY ATTORNEY**
**CORY M. BRENTE, SUPERVISING ASSISTANT CITY ATTORNEY**
**CRAIG J. MILLER, DEPUTY CITY ATTORNEY (SBN 138302)**
**BENJAMIN CHAPMAN, DEPUTY CITY ATTORNEY (SBN 234436)**
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, CA  90012
Email: Craig.miller@lacity.org
Tel:  (213) 978-8722   Fax:  (213) 978-8785

ATTORNEYS FOR DEFENDANTS CITY OF LOS ANGELES, CHARLIE BECK, JEFFREY BERT and ANDREW SMITH

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE CHUA, TORIE RIVERA, LYDIA HICKS, and KYLE TODD, individually and on behalf of a class of similarly situated persons, and the NATIONAL LAWYERS GUILD,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF CHARLIE BECK, COMMANDER ANDREW SMITH, CAPT. JEFF BERT, and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No.: CV 16-00237 JAK (GJSx)<br>Honorable Judge: John A. Kronstadt<br>Honorable Magistrate Judge: Gail J. Standish<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION**<br><br>Date:  November 7, 2016<br>Time:  8:30 a.m.<br>Ctrm:  750 |

## I. NEITHER THE NATIONAL LAWYERS GUILD ("NLG") NOR KYLE TODD ARE APPROPRIATE CLASS REPRESENTATIVES

Plaintiffs devote much of their Supplemental Brief to arguing that the NLG has organizational and/or associational standing to assert claims in this lawsuit. (Supp. Br. at 1-4.)  Defendants interpreted the Court's concern slightly differently—whether, on a motion for class certification, the NLG and/or Kyle Todd have established that they are appropriate class representatives.[1]  The inquiries are different.  *See*, *e.g.*, *Bhd. of Maint. of Way Emps. Div. of the Int'l Bhd. of Teamsters v. Ind. Harbor Belt R.R. Co.*, 20 F. Supp. 3d 686, 691 (N.D. Ind. 2014) ("[C]lass certification under Rule 23 and associational standing are evaluated on two different rubrics.…  In other words, just because an organization cannot meet the requirements of Rule 23 class certification, it does not mean that the organization will automatically also not qualify for associational standing.  Such a rule would wholly negate an organization's recognized ability to sue on behalf of just one of its members because in those instances, an organization would be unable to meet the requirements of Rule 23 such as numerosity, common-question, and typicality." (citation omitted)); *Garner v. VIST Bank*, No. 12-5258, 2013 U.S. Dist. LEXIS 179480, at *26 (E.D. Pa. Dec. 20, 2013) ("[At this stage, [the plaintiff] is required only to show that he has individual standing to bring his claim.…  The issue as to whether [the plaintiff] can properly challenge Defendant's policies as they apply to Defendant's entire ATM system as a named plaintiff in a class action is not an issue of standing, but one of class certification.").

Neither NLG nor Todd is an appropriate class representative because their claims are not common or typical of the broader class.

The "commonality" requirement "requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quotation marks omitted).  The purpose of the "typicality"

---

[1] "The party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met."  *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010)

requirement is "to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quotation marks omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quotation marks omitted).

Because NLG members, like Todd, serve solely as legal observers,[2] rather than as participants in the protest, their interests do not necessarily align with the interests of the class. This is highlighted by the injuries claimed by the NLG in the Supplemental Brief—that it suffered "frustration" of its "mission" and a loss of "its resources." (Supp. Br. at 1-2.) This is clearly not the same injury allegedly suffered by the other class members. (*Cf.* Mot. for Class Cert. (Dkt. No. 26) at 15:15-20 (describing common injuries as being subjected to "kettling," "arrest," "detention," "warrantless search," and "disclosure of personal information").)

Moreover, if police officers consult with NLG legal observers to discuss their response to a protest, and then act in accordance with recommendations made by NLG legal observers, such as Todd, the interests of NLG and the protestors may diverge if the class members later contend that the actions of the police are unconstitutional.[3] And where NLG legal observers are targeted because of their roles as observers, any action taken against them is unique to their roles as legal observers. Similarly, NLG legal observers are likely to be concerned about their ability to serve as legal advisors at demonstrations, whereas demonstrators focus on the exercise of their constitutional rights. And the police often allow legal observers, such as Todd, to engage in behavior

---

[2] *See*, *e.g.*, Compl. ¶ 7 (Todd "acted as a legal observer during a protest"); *id.* at ¶ 8 ("The NLG-LA works to ensure legal and practical access to demonstrations … by regularly providing legal observers at demonstrations to observe and document potentially unlawful or unjustified interference with demonstrators' rights.").

[3] For example, an NLG legal observer might be called as a defense witness by the City to establish the reasonableness of the actions taken by the police in situations where the police conferred with an NLG legal observer prior to taking action.

that differs from the protestors—for example allowing them to interact closely with the police or to walk in areas otherwise barred to the demonstrators. Accordingly, NLG and Todd may seek relief that furthers their rights to act as legal observers at future demonstrations—relief that the overall class does not seek or desire.

Finally, there are other questions regarding the adequacy of NLG as a class representative. Notably, NLG did not submit a declaration in support of either the class certification motion or the supplemental brief. Instead, the only declaration submitted was from Plaintiffs' counsel, who indicated that she is an NLG member. (Dkt. No. 40 ¶ 3.) This declaration then set forth evidence on behalf of NLG's practices, specifically as it relates to its role as a legal observer. (*Id*. at ¶¶ 5, 7.) This creates the appearance that Plaintiffs' counsel and NLG are, for purposes of this litigation, a single entity. "[I]t is well-settled that an attorney may not serve both as class representative and as class counsel." *Kesler v. Ikea U.S., Inc*., No. SACV 07-00568-JVS (RNBx), 2008 U.S. Dist. LEXIS 97555, at *11 (C.D. Cal. Feb. 4, 2008); *Zylstra v. Safeway Stores, Inc*., 578 F.2d 102, 104 (5th Cir. 1978); *Turoff v. May Co*., 531 F.2d 1357, 1360 (6th Cir. 1976).

In sum, the Court's concerns about the appropriateness of NLG and Todd serving as class representatives are well-founded. They are not adequate class representatives.

## II. THE INJUNCTIVE RELIEF CLASS DEFINITION IS NOT ASCERTAINABLE

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." *Longest v. Green Tree Servicing LLC*, 308 F.R.D. 310, 334 (C.D. Cal. 2015) (quotation marks omitted). "An ascertainable class exists if it can be identified through reference to objective criteria, and subjective standards such as a class member's state of mind should not be used when defining the class." *Id*. Thus, a class definition must be "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc*., 184 F.R.D. 311, 319 (C.D. Cal. 1998); *see also Williams v. Oberon Media, Inc*., 468 Fed. Appx. 768, 770 (9th Cir. Feb. 14, 2012) ("The district could did not abuse its

discretion in finding that Classes One, Two, and Seven are not 'precise, objective or presently ascertainable.'" (quoting *O'Connor*, 184 F.RD. at 319)); *Deitz v. Comcast Corp.*, No. C 06-06352 WHA, 2007 U.S. Dist. LEXIS 53188, at *25 (N.D. Cal. July 11, 2007) ("The problem of ascertainability is the inability for future courts to ascertain who was and was not bound by the judgment. If the class definition depends on criteria that are not readily ascertainable, it would be nearly impossible to determine who was actually included an appropriate class member.").[4]

Here, Plaintiffs' injunctive relief class is defined as "all persons who have in the past, or may in the future, participate in, or be present at, demonstrations within the City." (Compl. ¶ 63.) This definition is inadequate because there is no "objective criteria" to identify the class. It is impossible to determine who is a class member because there are no records or other data from which the Court can ascertain who has "in the past" or who "may in the future" participate in or be present at a demonstration.[5] And the failure to establish ascertainability is particularly acute as to those who "may in the future" attend a demonstration, as that intrudes into the putative class member's state of mind—e.g., a person may claim to be part of the class because they may *wish* to attend a demonstration in the future or they may *believe* they will attend a demonstration in the future.

Indeed, Plaintiffs concede that "'[t]here is no need to identify every individual member at the time of certification of a Rule 23(b)(2) class action for injunctive relief *as long as the court can determine at any given time whether a particular individual is a member of the class*.'" (Supp. Br. at 5:1-4 (emphasis added) (quoting Manual for Complex Litigation, 4th Ed. § 21.222)); *see also Santillan v. Ashcroft*, No. C 04-2686 MHP, 2004 U.S. Dist. LEXIS 20824, at *26-27 (N.D. Cal. Oct. 12, 2004) ("A class may include future members as long as the court will be able to determine whether an

---

[4] The ascertainability requirement has been applied to injunctive relief classes under Federal Rule of Civil Procedure 23(b)(2). *Aichele v. City of Los Angeles*, 314 F.R.D. 478, 485 (C.D. Cal. 2013).

[5] This is in contrast to other injunctive relief classes where the class was defined by objective criteria, such as individuals "arrested." *Cf. Aichele*, 314 F.R.D. at 497 (injunctive relief class limited to those "arrested … for unlawful assembly").

individual is a class member at any given time."). But here, the Court cannot determine—"at any given time—whether a particular individual "may in the future" attend a demonstration.[6]

Finally, Plaintiffs claim that "[i]njunctive relief classes commonly include future class members, who by definition cannot be ascertained (e.g., future protestors in an injunctive relief action regarding preconditions and standards for declaring an unlawful assembly)." (Supp. Br. at 4:25-28.) Yet, Plaintiffs do not cite a single case to support this conclusory statement.[7]

In sum, Plaintiffs' injunctive relief class is not ascertainable.

DATE: November 21, 2016

                LOS ANGELES CITY ATTORNEY'S OFFICE

                BY: /s/ *CRAIG J. MILLER*
                CRAIG J. MILLER, DEPUTY CITY ATTORNEY

                **ATTORNEYS FOR DEFENDANTS** CITY OF LOS ANGELES, CHARLIE BECK, JEFFREY BERT and ANDREW SMITH

---

[6] For this reason two of the cases Plaintiffs cite are distinguishable because in both cases, a court could, at any given time, determine whether a particular individual was a member of the class based on objective criteria. *See*, *e.g.*, *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 779 (9th Cir. 1986) (class of employees who "were …, are, or will be employed" was ascertainable since a court could determine at any given time whether a particular individual is a member of the class through employment records); *Nozzi v. Hous. Auth. of Los Angeles*, CV 07-380 PA (FFMx), 2016 U.S. Dist. LEXIS 62996, at *5 (C.D. Cal. May 6, 2016) (class defined as "[a]ll Section 8 beneficiaries who in the past received, or in the future may receive, notices of a Voucher Payment Standard decrease" was ascertainable since a court could determine at any given time whether a particular individual is a member of the class by reference to records).

[7] Although Plaintiffs cite *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972), they fail to acknowledge that the plaintiffs in that case changed their initial class definition when moving for class certification. *Id*. at 1365. Nor do Plaintiffs mention that neither the district court nor the First Circuit found the original class definition, which Plaintiffs rely upon in their Supplemental Brief (id. at 5:9-11), to be adequate.