Barrett S. Litt, SBN 45527
Email: blitt@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Carol A. Sobel, SBN 84483
Email: carolsobel@aol.com
LAW OFFICE OF CAROL A. SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
Telephone: (310) 393-3055

ADDITIONAL COUNSEL LISTED ON NEXT PAGE
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE CHUA, ET AL. <br><br> PLAINTIFFS, <br><br> vs. <br><br> CITY OF LOS ANGELES, ET AL., <br><br> DEFENDANTS. | CASE NO: 2:16-CV-00237-JAK-GJS(X) <br> [HON. JOHN A. KRONSTADT] <br><br> JOINT TRIAL REPORT <br><br> DATE: NONE <br> TIME: NA |

ADDITIONAL PLAINTIFFS' COUNSEL

Paul Hoffman, SBN 71244
Email. hoffpaul@aol.com
Catherine Sweetser. SBN271142
Email. csweetser@sshhlaw.com
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN, LLP
11543 West Olympic Blvd.
Los Angeles, CA 90064
Tel. (310) 396-0731
Fax. (310) 399-7040

Colleen M. Flynn, SBN 234281
Email. cflynnlaw@yahoo.com
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Tel. 213 252-9444
Fax. 213 252-0091

Matthew Strugar, SBN 232951
Email. matthewstrugar@gmail.com
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Tel: 323 696-2299

Pursuant to the Court's September 14, 2018 Order, the parties submit a Joint Trial Report.

1. The parties do not believe that a further mediation session would be productive.

2. The parties request a trial date of April 29, 2019. The parties request that the pretrial conference be held no later than April 7, 2019.

3. The parties estimate a trial length of nine (9) days inclusive of jury selection, opening statement and closing arguments.

4. Neither party requests that the panel be prescreened.

5. The parties agree that there is one outstanding issue to be addressed prior to commencement of trial, beyond those normally addressed at a pretrial conference – whether general damages will be tried classwide for the class as a whole.

In the class certification order, the Court found that liability and statutory damages are certified classwide issues and denied general damages "without prejudice to renewing this request later in the proceedings based on a more complete factual record." See Doc. No. 50, p.14.

The parties propose that this issue be resolved either at the pretrial conference or sooner at a special haring.  The parties further propose that, four weeks before the pretrial conference or the date set for hearing on this issue, Plaintiffs file a special memorandum addressing "a coherent method for how damages might be calculated" and "how subclass members could be separately categorized with respect to claimed general damages," *id,*, along with the legal support for such an approach; three weeks before the hearing Defendants file an opposition (if they decide to oppose); and, two weeks before the hearing, Plaintiffs file a reply.

1

1  The Memorandum of Contentions of Fact and Law, motions in limine and other filings associated with the pretrial conference would be separately filed according to Central District or this Court's local rules.

6.  The parties agree that the Court should bifurcate the issue of individualized (as opposed to classwide) damages, which would be addressed after resolution of the class issues. If Defendants were to prevail, the issue would be moot; if Plaintiffs were to prevail, there would be an opportunity for settlement or discussion of expedited means of resolving such damages. *See, e.g., Newberg on Class Actions* § 11:9 (5th ed.) (noting that very few cases go beyond a liability determination before resolving and, of those, some may be susceptible to class-wide determination of damages); *Carnegie v. Household Int'l, Inc*, 376 F.3d 656, 661 (7th Cir.2004) (Posner, J.) ("it may be that if and when the defendants are determined to have violated the law separate proceedings of some character will be required;" after a liability determination favorable to the class, "a global settlement . . . will be a natural and appropriate sequel"; and if not, "Rule 23 allows . . . imaginative solutions," including "bifurcation, appointment of a special master, decertifying class for subsequent proceedings, and others").

DATED: September 17, 2018      Respectfully Submitted,

            KAYE, MCLANE, BEDNARSKI & LITT, LLP
            LAW OFFICES OF CAROL A. SOBEL
            SCHONBRUN, SEPLOW, HARRIS & HOFFMAN, LLP
            LAW OFFICE OF COLLEEN FLYNN
            LAW OFFICE OF MATTHEW STRUGAR

            By:__/s/ Barrett S. Litt_____
              Barrett S. Litt
              Attorneys for Plaintiffs

DATED: September 17, 2018     Michael N. Feuer, City Attorney
Thomas J. Peters, Chief Asst. City Attorney
Cory M. Brente, Supv. Asst. City Attorney
Geoffrey Plowden, Deputy City Attorney

By:__/s/  Geoffrey Plowden_____
Geoffrey Plowden
Attorneys for Defendants.

(Permission granted to affix defense counsel's signature on his behalf)