**Exhibit A Pt.4(a)**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEVIN VODAK, et al.,

<em>Plaintiff,</em>

<em>vs.</em>

CITY OF CHICAGO, et al.,

<em>Defendants.</em>

No. 03 C 2463

Judge Virginia M. Kendall

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

# TABLE OF CONTENTS

**Page**

RECITALS ................................................................................................ 1

Article I DEFINITIONS ........................................................................ 6

Article II CLASS DEFINITION ......................................................... 12

Article III SETTLEMENT FUND....................................................... 14

Article IV DISTRIBUTION OF AGGREGATE SETTLEMENT FUND ................... 15

Article V SETTLEMENT ADMINISTRATION ............................... 18

Article VI ATTORNEYS' FEES ........................................................ 21

Article VII EXPUNGEMENT AND SEALING ................................ 22

Article VIII DISCHARGE OF CLAIMS ........................................... 22

Article IX OBJECTIONS TO SETTLEMENT ................................. 23

Article X IMPLEMENTATION OF STIPULATION ....................... 23

Article XI NOTICE OF SETTLEMENT ........................................... 26

Article XII FINAL APPROVAL HEARING AND FINAL ORDER OF JUDGMENT ............. 28

Article XIII CONDITIONS TO SETTLEMENT ............................... 29

Article XIV TERMINATION OF SETTLEMENT ............................ 29

Article XV STIPULATION NOT ADMISSION OF WRONGDOING ....................... 31

Article XVI MISCELLANEOUS TERMINOLOGY AND CONSTRUCTION ................. 32

i

This Amended Stipulation and Agreement of Settlement ("Stipulation") is entered into as of this 25th day of June, 2012, by and between Kevin Vodak, Sarah Bergstrand, Prudence Browne, Robert Castillo, John Patrick Donnell, Matthew Gaines, Angela Garcia, Kathleen Gruber, Steven Hudosh, Elizabeth Johnson, Sophia Sieczkowski, individually and on behalf of the classes and subclasses they represent (collectively, "Plaintiffs"), and Defendants the City of Chicago (the "City"), Terry Hillard, Philip Cline, James Maurer, Thomas Byrne, Frank Radke, Joseph Griffin, the Estate of John Risley, Thomas Epach and Karen Rowan (collectively, the "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), through their respective undersigned attorneys, providing for a full and final settlement, subject to Court approval, of the above-captioned class action case on the following terms and conditions:

## RECITALS

Capitalized terms not otherwise defined shall have the meaning set forth in Article I of this Stipulation.

WHEREAS, on March 20, 2003, a group of people took part in a demonstration and march in downtown Chicago to protest the commencement of war between the United States and Iraq;

WHEREAS, Plaintiffs allege that on March 20, 2003, a group of people were detained in an area on Chicago Avenue, bounded on the west by Michigan Avenue and on the east by Mies Van Der Rohe Way;

WHEREAS, Plaintiffs allege that this group of people were physically detained and restrained and were not allowed to leave the bounded area;

WHEREAS, Plaintiffs allege that some number of this group of people were arrested and transported to Chicago area police stations;

WHEREAS, Plaintiffs allege that of the persons arrested and transported to Chicago-area police stations, some were released and some were charged with misdemeanor crimes and offenses;

WHEREAS, on April 10, 2003, Plaintiffs filed individual and class claims against the City and individual members of the CPD for, *inter alia*, false detention, arrest and imprisonment, excessive force, denial of their First Amendment rights to free speech and association and various state law claims;

WHEREAS, on December 30, 2004, Plaintiffs filed a 13-count Third Amended Complaint against the City and individual current and former members of the CPD, alleging thirteen counts, including claims for, *inter alia*, false detention, arrest and imprisonment, excessive force, denial of their First Amendment rights to freedom of speech and association and various state law claims;

WHEREAS, on April 17, 2006, Judge Virginia M. Kendall of the United States District Court for the Northern District of Illinois entered a Memorandum Opinion and Order certifying a class consisting of "all persons who were surrounded by Defendants on March 20, 2003, on Chicago Avenue, just east of Michigan Avenue and west of Mies Van Der Rohe Way (the "Bounded Area"), between approximately 8:30 p.m. and 11:30 p.m.";

WHEREAS, the Court also certified the following three subclasses: Subclass A-1: "all class members who were surrounded by Defendants in the bounded area for one and a half to three hours before they were allowed to leave the area." Subclass A-2: "all class members who were surrounded by Defendants in the bounded area, arrested and detained at a police station.

2

These individuals were released without being charged with any crime or ordinance violation." Subclass A-3: "all class members who were surrounded by Defendants in the bounded area, arrested and detained at a police station. These individuals were charged with criminal offenses, released only upon conditions of bond, required to appear in court on criminal charges and later the charges against them were dismissed in their favor";

WHEREAS, on May 16, 2006, the City filed an Amended Counterclaim against Plaintiffs seeking to impose liability against them for the costs of providing police and emergency services during the 2003 Anti-War Protest;

WHEREAS, pursuant to a November 21, 2008 Order of the District Court, a judicially approved class notice was published providing notice of the pendency of the class action to the Class Members and the opportunity to opt out;

WHEREAS, on February 27, 2009, the District Court granted summary judgment to Defendants on the Third Amended Complaint, holding that the individual police officers were immune from suit and that the City was not liable because no official authorized to make policy for the City had been responsible for any of the alleged wrongful conduct;

WHEREAS, on February 27, 2009, the District Court granted summary judgment to Plaintiffs on the City's Counterclaim finding it was unable to set forth any evidence of illegal conduct specific to the Plaintiffs that could subject them to liability;

WHEREAS, Plaintiffs filed an appeal of the District Court's grant of summary judgment to Defendants on the Third Amended Complaint, and Defendants filed an appeal of the District Court's grant of summary judgment to Plaintiffs on the Amended Counterclaim;

WHEREAS, Defendants abandoned their appeal of the dismissal of the Amended Counterclaim;

3

WHEREAS, on March 17, 2011, the United States Court of Appeals for the Seventh Circuit entered an Order reversing the District Court's grant of summary judgment for Defendants finding that the individual Defendants were not entitled to benefit from qualified immunity if a jury were to find that the CPD failed to give effective orders to disperse prior to the arrests and that Superintendent Terry Hillard was the final policy maker for the City on matters relating to the subject of the claims asserted in the Litigation concerning the 2003 Anti-War Protest so that the City, therefore, could be held liable if a jury were to determine that Superintendent Hillard participated in the decision to arrest the class, and remanding the case to the District Court "for further proceedings consistent with [the Seventh Circuit's] opinion";

WHEREAS, Class Counsel and Defendants' Counsel conducted extensive discovery and investigation into the claims alleged, including the issuance of and responses to written interrogatories and requests to admit, and oral discovery consisting of 153 depositions of Class Members and City and CPD personnel and witnesses;

WHEREAS, the Parties, through their counsel, have engaged in significant factual and legal analysis of the issues implicated by the Litigation through extensive motion practice, discovery and trial preparation;

WHEREAS, the Parties participated in a mediation conducted by the Honorable Wayne Andersen ("Judge Andersen"), formerly of the United States District Court for the Northern District of Illinois, and with his assistance, negotiated a settlement of this matter, which settlement included both the resolution of claims and the resolution of the payment of Attorneys' Fees to Class Counsel;

WHEREAS, the City Council approved the terms of the Settlement on June 6, 2012;

WHEREAS, Plaintiffs have claimed, and continue to claim, that each and all of the claims asserted by them have merit;

WHEREAS, after considering the risks and difficulties involved in class litigation, including the expense necessary to continue the Litigation through trial and the appeals which might follow, the uncertainty inherent in any complex litigation, and the substantial benefits of the Settlement for the Class Members and each of the Subclasses, including the fact that even if the Plaintiffs and the Class they represent ultimately prevailed on their claims, there is no assurance that the Class Members would receive any greater recovery than they will receive from the Settlement, Plaintiffs and Class Counsel have concluded that the proposed Settlement on the terms and conditions of this Stipulation is fair, reasonable, and adequate and is in the best interests of the Settlement Class and each of the Subclasses;

WHEREAS, Defendants deny the allegations in the Litigation, deny any fault, wrongdoing, or liability related in any way to any actions taken by any of the Defendants in connection with the 2003 Anti-War Protest;

WHEREAS, Defendants are electing to enter into this Stipulation because the proposed Settlement would eliminate the burden, inconvenience and expense of further litigation and disputes concerning the alleged conduct;

WHEREAS, the Settlement contemplated by this Stipulation is the product of extensive, good faith, and arm's-length negotiation between Class Counsel and Defendants' Counsel, with the assistance of Judge Andersen;

WHEREAS, the subclass awards paid pursuant to this Settlement are to compensate the Plaintiffs and Class Members for personal, physical injuries they sustained when arrested or detained in connection with the 2003 Anti-War Protest;

5

NOW, THEREFORE, in consideration of the foregoing Recitals and the agreements, covenants, representatives and warranties set forth herein, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Released Claims shall be finally and fully compromised, settled, released and forever discharged as to the Released Parties, and this action shall be dismissed with prejudice, except as required to administer the Settlement, upon and subject to the following terms and conditions:

## ARTICLE I

## DEFINITIONS

Section 1.1    "2003 Anti-War Protest" shall mean that portion of the protest that took place in Chicago, Illinois, on March 20, 2003, between approximately the hours of 8:30 p.m. and 11:30 p.m., that culminated in the alleged detention and arrests of Persons in the Bounded Area.

Section 1.2    "Administrative Expenses" shall mean all expenses, including the cost of all notices, claims processing costs or other costs reasonably incurred by the Claims Administrator or Defendants in the implementation of this Settlement.  The Parties have agreed that the City is solely responsible for payment of Administrative Expenses.

Section 1.3    "Aggregate Settlement Fund" shall mean the fund created by the City as described in Section 3.1.

Section 1.4    "Anticipated Claimants" shall mean those Persons who have been identified by Class Counsel and Defendants' Counsel as being members of one of the Subclasses. The determination by Class Counsel and Defendants' Counsel of whether a Person is an Anticipated Claimant was based upon the totality of evidence supporting that Person's claim of

6

membership in one of the Subclasses, including but not limited to arrest reports, witness statements, affidavits and video evidence.

Section 1.5    "Attorneys' Fees" shall mean the attorneys' fees, costs and expenses sought by or awarded to Class Counsel in connection with the Litigation.

Section 1.6    "Bounded Area" shall mean the area consisting of that portion of Chicago Avenue, east of Michigan Avenue and west of Mies Van Der Rohe Way, Chicago, Illinois.

Section 1.7    "City" shall mean the City of Chicago, an Illinois municipal corporation.

Section 1.8    "Claim" shall mean the right to the amount of consideration to which each Claimant is entitled to receive pursuant to this Settlement.

Section 1.9    "Claimant" shall mean any Class Member who files a Proof of Claim in such form and manner and within such time as provided for in Section 5.1, or as the Court may otherwise prescribe, which establishes that the Person is a Class Member entitled to participate in the Settlement.

Section 1.10    "Claims Administration Process" shall mean the process detailed in Article V.

Section 1.11    "Claims Administrator" shall mean Class Action Administration, Inc. ("CAA"), which, subject to Court approval, will be retained by Class Counsel and Defendants' Counsel to issue the Notice to Class Members as provided for in Section 11.1, collect and process Proofs of Claim as provided for in Section 5.2, and issue payments to Claimants from the Aggregate Settlement Fund as provided for in Article IV, and such other and further services as may be requested by Class Counsel and Defendants' Counsel or as ordered by the Court.

Section 1.12    "Class" shall mean the class as described in Section 2.1.

Section 1.13  "Class Counsel" shall mean the People's Law Office; James R. Fennerty & Associates; and the West Town Community Law Office.

Section 1.14  "Class Members" shall have the meaning set forth in Section 2.2.

Section 1.15  "Court" shall mean the United States District Court for the Northern District of Illinois, Eastern Division.

Section 1.16  "CPD" shall mean the Chicago Police Department, including all of its officers, employees, agents, attorneys, representatives, assigns, successors or predecessors.

Section 1.17  "Defendants" shall mean the City, Terry Hillard, Philip Cline, James Maurer, Thomas Byrne, Frank Radke, Joseph Griffin, the Estate of John Risley, Thomas Epach and Karen Rowan.

Section 1.18  "Defendants' Counsel" shall mean the Corporation Counsel of the City of Chicago and Shefsky & Froelich Ltd.

Section 1.19  "Deposed Class Members" shall mean those Class Members, excluding Plaintiffs, who were deposed by Defendants in the course of this Litigation or *Beal of City of Chicago, et al.*, 04 C 2039, and who if they submit a valid and timely Proof of Claim shall receive a monetary incentive award in the amount of One Thousand Dollars ($1,000.00) in addition to other consideration that they be entitled to pursuant to Section 4.1 below.

Section 1.20  "Effective Date" shall mean the date when each and all of the following conditions have occurred:  (1) the Stipulation has been fully executed; (2) Orders have been entered by the Court granting preliminary approval of the Settlement, and approving a form of Notice, Summary Notice and Proof of Claim, as provided for herein; (3) the Court-approved Notice has been duly promulgated as ordered by the Court; (4) the Court has entered a Final

8

Order and Judgment finally approving this Stipulation, as provided for herein; and (5) such judgment has become Final as defined in Section 1.21.

Section 1.21   "Final," referring to the Final Judgment and Order, shall mean that (a)  the judgment is a final, appealable judgment; (b)  either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for review *en banc*, petitions for *writ of certiorari*, or otherwise, and such appeal or other review has been fully resolved in such manner that affirms the Final Order and Judgment in all materials respects.

Section 1.22   "Final Approval Hearing" shall mean the hearing(s) held by the Court to consider final approval of the Settlement, as provided in Article XII.

Section 1.23   "Final Judgment and Order" shall mean the judgment entered by the Court as provided in Section 12.2 and Section 13.1(b) in a form to be agreed to by Class Counsel and Defendants' Counsel consistent with the provisions hereof, providing final approval of the Settlement contemplated by this Stipulation, dismissing this action with prejudice, and continuing jurisdiction to administer the Settlement and distribute the Aggregate Settlement Fund.

Section 1.24   "Litigation" shall mean the class action lawsuit filed by Plaintiffs, Case No. 03-C-2463, pending in the Federal District Court for the Northern District of Illinois, Eastern Division.

Section 1.25   "Notice" or "Class Notice" shall mean the Notice of Proposed Class Action Settlement and Final Fairness Hearing to be approved by the Court as set forth in Section

11.1 hereof, in a form to be agreed to by counsel for the Parties consistent with the provisions of this Stipulation.

Section 1.26    "Other Claimants" shall mean all Persons who submit a Proof of Claim but who were not previously identified by Class Counsel and Defendants' Counsel as Anticipated Claimants.

Section 1.27    "Parties" shall mean, collectively, Plaintiffs, the Class and Defendants.

Section 1.28    "Person" shall mean an individual, corporation, partnership, limited partnership, limited liability company, association, estate, legal representative, trust, unincorporated organization and any other type of legal entity, and their heirs, predecessors, successors, representatives, and assigns.

Section 1.29    "Plaintiff" or "Plaintiffs" shall mean one, two, or all of Kevin Vodak, Sarah Bergstrand, Prudence Browne, Robert Castillo, John Patrick Donnell, Matthew Gaines, Angela Garcia, Kathleen Gruber, Steven Hudosh, Elizabeth Johnson and Sophia Sieczkowski.

Section 1.30    "Plaintiff Incentive Award" shall mean a monetary incentive in the amount of Seven Thousand Seven Hundred and Fifty Dollars ($7,750.00) that each Plaintiff who submits a timely and valid Proof of Claim is eligible to receive pursuant to Section 4.2.

Section 1.31    "Preliminary Approval Order" shall mean the order(s) of the Court as provided for in Section 10.3 and Section 13.1(a), in a form to be agreed to by Class Counsel and Defendants' Counsel.

Section 1.32    "Proof of Claim" shall mean the Proof of Claim and Release and any necessary supporting information sufficient to allow the Claims Administrator and counsel for the Parties to determine that a Person is a Class Member and a member of a Subclass entitled to

10

participate in this Settlement as provided for in Article V and in a form to be agreed to by counsel for the Parties consistent with this Stipulation.

Section 1.33 "Releasing Parties" shall mean the Plaintiffs and all Class Members on behalf of themselves and each of their predecessors, successors, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators, and any other Person having any legal or beneficial interest in the Aggregate Settlement Fund.

Section 1.34 "Released Party" or "Released Parties" shall mean Defendants, and all of their employees, agents, attorneys, insurers, representatives, administrators, predecessors, successors and assigns.

Section 1.35 "Settled Claims" shall mean, collectively, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, in law or equity, known or unknown, asserted or that might have been asserted, either directly or indirectly, in a representative or in any other capacity, by any Releasing Party against any of the Released Parties for any matter, arising out of, relating to, or in connection with the 2003 Anti-War Protest, any allegations in the Third Amended Complaint or any of the claims arising out of the events alleged by the Plaintiffs to have taken place on March 20, 2003.

Section 1.36 "Settlement" shall mean the full and final compromise, settlement and dismissal of all claims, Settled Claims that are alleged or could have been alleged, in the Complaint (Docket No. 1), the First Amended Complaint (Docket No. 25), the Counterclaim (Docket No. 80); the Second Amended Complaint (Docket No. 83); the Third Amended Complaint (Docket No. 140); and the Amended Counterclaim (Docket No. 238).

Section 1.37 "Stipulation" shall mean this Stipulation and Agreement of Settlement, together with any exhibits hereto.

11

Section 1.38    "Subclasses" shall mean the subclasses described in Section 2.5.

Section 1.39    "Summary Notice" shall mean the notice approved by the Court for publication disclosing the Settlement and Final Approval Hearing as provided for in Section 11.2 in a form to be agreed to by counsel for the Parties consistent with the provisions hereof.

## ARTICLE II

## CLASS DEFINITION

Section 2.1    Class Definition.    The Class approved by the Court in its Order dated April 17, 2006 (Docket No. 219), is defined as:

> Any persons who were surrounded by Defendants on March 20, 2003, on Chicago Avenue, just east of Michigan Avenue and west of Mies Van Der Rohe Way (the "Bounded Area") between 8:30 p.m. and 11:30 p.m., and who were either detained in that area for at least 90 minutes or who were arrested and taken to a police station.

Section 2.2    Class Members.    Class Members shall include all Persons who meet the definition set forth in Section 2.1, and who are not excluded from the Class under Section 2.3.

Section 2.3    Exclusions from Class.    Expressly excluded from the Class are the following persons:

(a)    All Persons who previously filed a Request for Exclusion in accordance with the Court's Order of November 21, 2008 (Docket No. 478), a list of whom is attached hereto as Schedule A;

(b)    All Plaintiffs in the lawsuit captioned *Beal, et al. v. City of Chicago, et al.*, Case No. 04 CV 02039;

(c)    All Persons who settled their claims with Defendants as reflected in this Court's Order of June 23, 2009 (Docket No. 577); and

(d)     All Persons who were arrested in the Bounded Area between 8:30 p.m. and 11:30 p.m., on March 20, 2003, who stipulated to the facts in the underlying criminal court proceeding or otherwise pled guilty to any offense or violation of the law, arising out of such arrest.

Section 2.4     <u>Participation Limited to Single Subclass</u>.  Each Class Member shall be limited to participate in a single Subclass.  No Class Member shall be allowed to be a member of multiple Subclasses, or to recover multiple payments from the Settlement Fund based on alleged membership in multiple Subclasses.

Section 2.5     <u>Subclasses</u>.  The Subclasses approved by the Court in its Order dated April 17, 2006 (Docket No. 219), are defined as:

(a)     Subclass A-1 is defined as:

All persons who were surrounded by Defendants in the Bounded Area for 90 minutes to three hours before they were allowed to leave the Bounded Area.

(b)     Subclass A-2 is defined as:

All persons who were surrounded by Defendants in the Bounded Area and who were arrested and detained at a police station, but who were released without being charged with any crime or ordinance violation.

(c)     Subclass A-3 is defined as:

All persons who were surrounded by Defendants in the Bounded Area and who were arrested and detained at a police station and who were charged with a criminal offense, released only upon conditions of bond, required to appear in court on criminal charges and later the charges against them were dismissed in their favor.

13

## ARTICLE III

## SETTLEMENT FUND

Subject to Court approval and pursuant to the terms and conditions of this Stipulation, in full and final disposition, settlement, discharge and release and satisfaction of the Settled Claims, the following fund shall be created by the City:

Section 3.1    Aggregate Settlement Fund.  The Aggregate Settlement Fund shall consist of an amount not to exceed Six Million, Two Hundred Thousand Dollars ($6,200,000.00).  The Aggregate Settlement Fund shall be held by the City subject to the transfers as provided in Article IV.  The Aggregate Settlement Fund does not include any monies relating to the City's obligation to pay Attorneys' Fees.

Section 3.2    Allocation of Aggregate Settlement Fund.  The Aggregate Settlement Fund shall be divided into six (6) sub-funds, with three (3) of the sub-funds corresponding to a particular Subclass, and the remaining three (3) sub-funds corresponding to Plaintiff Incentive Awards, payments to Deposed Class Members, and Class Counsel's expert witness costs, respectively.  The six (6) separate and distinct sub-funds are:  (a) One Hundred Thousand Dollars ($100,000.00) to pay the Claims of the members of the A-1 Subclass; (b) One Million Eight Hundred Ninety Eight Thousand Seven Hundred and Fifty Dollars ($1,898,750.00) to pay the Claims of the members of the A-2 Subclass; (c) Four Million Sixty Five Thousand Dollars ($4,065,000.00) to pay the Claims for the members of the A-3 Subclass; (d) Eighty Five Thousand Two Hundred Fifty Dollars ($85,250.00) to pay Plaintiff Incentive Awards; (e) Thirty Seven Thousand Dollars ($37,000.00) to pay awards to Deposed Class Members; and (f) Fourteen Thousand Dollars ($14,000.00) to pay Class Counsel's expert witness costs.

14

Section 3.3  <u>No Reallocation Allowed</u>.  Any unclaimed money in each of the sub-funds cannot be reallocated to pay claims of another sub-fund or to increase a Claimant's *pro rata* share.

Section 3.4  <u>Extent of Defendants' Obligations</u>.  Defendants' monetary obligations under this Settlement are limited to the Aggregate Settlement Fund and payment of Administrative Expenses and Attorneys' Fees as provided herein.  Defendants shall not be called upon or required to contribute additional monies under any circumstances.

## ARTICLE IV

## DISTRIBUTION OF AGGREGATE SETTLEMENT FUND

The Aggregate Settlement Fund shall be distributed as follows:

Section 4.1  <u>Payment to Class Members</u>.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator amounts sufficient to pay the claims of the members of each of the Subclasses, as follows:

(a)  Each member of Subclass A-1 who submits a valid and timely Proof of Claim shall be entitled to Five Hundred Dollars ($500.00), subject to the "*pro rata*" limitation in Section 4.7;

(b)  Each Member of Subclass A-2 who submits a valid and timely Proof of Claim shall be entitled to Eight Thousand Seven Hundred and Fifty Dollars ($8,750.00), subject to the "*pro rata*" limitation in Section 4.7; and

(c)  Each Member of Subclass A-3 who submits a valid and timely Proof of Claim shall be entitled to Fifteen Thousand Dollars ($15,000.00), subject to the "*pro rata*" limitation in Section 4.7.

15

Section 4.2    <u>Payment to Plaintiffs</u>.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator an amount equal to Seven Thousand Seven Hundred and Fifty Dollars ($7,750.00) for each named Plaintiff who files a valid and timely Proof of Claim, as a Plaintiff Incentive Award.  This Plaintiff Incentive Award is separate and distinct from the Plaintiffs' right to their respective rights to receive an award as a Class Member and is not subject to the "*pro rata*" limitation in Section 4.7.  This amount is to be awarded to each of the Plaintiffs only upon the filing of a valid and timely Proof of Claim and is in addition to the amount each Plaintiff is entitled to receive with respect to their membership in their respective Subclass pursuant to Section 4.1.

Section 4.3    <u>Payments To Deposed Class Members</u>.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator an amount equal to One Thousand Dollars ($1,000.00) for each Deposed Class Member who files a valid and timely Proof of Claim.  This amount is to be awarded to each of the Deposed Class Members upon the filing of a valid and timely Proof of Claim and is in addition to the amount each Deposed Class Member is entitled to receive with respect to their membership in their respective subclass pursuant to Section 4.1.  Should the number of Deposed Class Members submitting valid and timely Proofs of Claim forms exceed thirty-seven (37), then the payment to each Deposed Class Member will be decreased proportionally.

Section 4.4    <u>Expert Witness Payment</u>.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator an amount equal to Fourteen Thousand Dollars ($14,000.00) for Class Counsel's expert witness expenses.

16

Section 4.5    <u>Timing of Payments to Class Members</u>.  Payments to Class Members shall occur no later than thirty (30) days after the transfer of funds to the Claims Administrator as provided for in Section 4.1.

Section 4.6    <u>Excess Claims</u>.  If the number of valid and accepted Claimants exceeds the number of Anticipated Claimants in a Subclass, each Claimant who submitted a valid and timely Proof of Claim will receive a prorated share of the available allocation to the Subclass of the Aggregate Settlement Fund, as provided for in Section 4.7.

Section 4.7    <u>*Pro Rata* Allocation Within Sub-Classes</u>.  The Aggregate Settlement Fund shall be allocated as follows:  The maximum amount of allocation of the Aggregate Settlement Fund for Subclass A-1 is One Hundred Thousand Dollars ($100,000.00) based on the estimate that there are 200 eligible claimants in this subclass; the maximum amount of allocation of the Aggregate Settlement Fund for Subclass A-2 is One Million Eight Hundred Ninety Eight Thousand Seven Hundred and Fifty Dollars ($1,898,750.00) based on the estimate that there are 217 eligible claimants in this subclass; and the maximum amount of allocation of the Aggregate Settlement Fund for Subclass A-3 is Four Million Sixty Five Thousand Dollars ($4,065,000.00) based on the estimate that there are 271 eligible claimants in this subclass.  Should the number of valid Claimants in a Subclass exceed the estimated number of eligible claimants in that Subclass, then the payment to each Claimant in that Subclass will be decreased proportionally.

Section 4.8    <u>Excess Balance Of Aggregate Settlement Fund</u>.  If ninety (90) days after the payments provided for in Article IV are made by the Claims Administrator, any portion of the Aggregate Settlement Fund remains by virtue of uncashed checks or unclaimed monies or otherwise, that portion of the Aggregate Settlement Fund shall revert to the City.

**ARTICLE V**

**SETTLEMENT ADMINISTRATION**

Section 5.1    Proof Of Claim.  Subject to the approval and further Orders of the Court, a Class Member who submits a Proof of Claim in accordance with the terms of this Stipulation shall receive the payment in accordance with Article III.

(a)    Submissions Required:

1.    Anticipated Claimants.    Each Anticipated Claimant shall be required to submit a separate Proof of Claim which shall include a general release of the Released Parties in a form to be agreed to by counsel for the Parties consistent with the provisions hereof, signed under penalty of perjury.

2.    Other Claimants.  Each Other Claimant shall be required to submit: (i) a Proof of Claim which shall include a general release of the Released Parties in a form to be agreed to by counsel for the Parties consistent with the provisions hereof, signed under penalty of perjury; and (ii) a separate sworn declaration attesting to facts that would support the claim that the Person is a member of a Subclass.

(b)    Receipt of Proof of Claim.  All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless such period is extended by the Court.  The Parties agree to recommend to the Court that the deadline for Class Members to submit Proofs of Claim shall be ninety (90) days after issuance of the Notice.

Section 5.2    Proof of Claim Review Process.  The Claims Administrator shall review the Proofs of Claim and any supporting documentation, including sworn declarations, timely received, and determine, after consultation with Class Counsel and Defendants' Counsel,

whether a Person submitting a Proof of Claim is entitled to share in the distribution from the Aggregate Settlement Fund.

(a)  Anticipated Claimants.  Proofs of Claim submitted by Anticipated Claimants shall be presumptively valid.

(b)  Other Claimants.  If the Claims Administrator determines a Person submitting a Proof of Claim is not an Anticipated Claimant, the Claims Administrator may request that the Person provide supporting documentation establishing that the Person is a Class Member belonging to a particular Subclass.  If a Person fails to provide adequate supporting documentation within fourteen (14) days of such a request, then the Class Administrator shall deny the Claim via a written letter of determination.

(c)  Challenge to the Determination of the Claims Administrator.  Any Person wishing to contest the determination as to membership in the Class or categorization as to one Subclass or another shall, within fourteen (14) days of notice from the Claims Administrator as provided in Section 5.2(b), file with the Court a written request for hearing (the "Request for Hearing").  A copy of the Request for Hearing shall be mailed to Class Counsel or the Claims Administrator on or before the date it is filed with the Court.  If the Court does not receive a Request for Hearing within fourteen (14) days (which may be waived the Court for good cause shown), the Person shall be deemed to have consented to the determination of the Claims Administrator.  Notice of all filings and hearings upon any claim to participate in the Settlement shall be provided to Defendants' Counsel, Class Counsel and the affected Person.

Section 5.3  Cooperation and Review of Claims.  Defendants, their Counsel and Class Counsel shall cooperate and participate in the Claims Administration Process as necessary. When requested by either the Claims Administrator or Class Counsel, Defendants, their Counsel

and Class Counsel, shall provide such information which may be in their possession to determine the validity of any Proof of Claim. The Claims Administrator or Class Counsel shall provide to the Parties, through their counsel, a list of the Class Members determined to have filed valid Proofs of Claim no later than fourteen (14) days before the Final Approval Hearing. The Parties, through their counsel, shall, upon a showing of good cause, have the right to object to or challenge the payment of any Proof of Claim as determined by the Claims Administrator.

Section 5.4    <u>Effect of Failure to File Proof of Claim</u>. Any Class Member who does not file a valid Proof of Claim with the Claims Administrator will not be entitled to receive any portion of the Aggregate Settlement Fund, but will otherwise be bound by all terms of the Stipulation and the Settlement, including the terms of the Final Judgment and Order to be entered and the releases provided for herein, and will be barred from bringing any action against any Released Parties concerning the Settled Claims.

Section 5.5    <u>No Further Opt-Outs</u>. Because notice to the Class and an opportunity to opt out of the Litigation was given pursuant to this Court's November 21, 2008 Order (Docket No. 478), no further opt outs shall be allowed.

Section 5.6    <u>Appeal of Final Judgment and Order.</u> Notwithstanding the provisions of Article IV, except as otherwise provided in this Stipulation, in the event that an appeal from or relating to the Final Judgment and Order is filed, other than an appeal relating solely to Attorneys' Fees, the City shall not make any payments pursuant to Article IV, until thirty (30) days after the Effective Date.

Section 5.7    <u>Limitation of Liability</u>. No Person will have any claim against Class Counsel, Plaintiffs, the Claims Administrator, Defendants or Defendants' Counsel, for actions

taken in good faith or distributions made substantially in accordance with the Stipulation and the Settlement or further orders of the Court.

## ARTICLE VI

## ATTORNEYS' FEES

Section 6.1 <u>Attorneys' Fees and Litigation Costs</u>.  The Parties agree that Class Counsel will be entitled to an award of Attorneys' Fees in the amount of FOUR MILLION, EIGHT HUNDRED THOUSAND DOLLARS ($4,800,000.00), subject to Court approval of this Stipulation, the Court approval of Attorneys' Fees, and entry of the Final Judgment and Order. Class Counsel has agreed they will not seek or receive any award of Attorneys' Fees against Defendants except as permitted herein.

Section 6.2 <u>Timing of Payment of Attorneys' Fees</u>.  Payments of Attorneys' Fees to Class Counsel shall be made by the City in two payments of TWO MILLION, FOUR HUNDRED THOUSAND DOLLARS ($2,400,000.00) each, which payments shall be made (a) on January 7, 2013; and (b) on January 7, 2014.

Section 6.3 <u>Effect on Settlement</u>.  Class Counsel shall file and serve a motion seeking final approval of Settlement and the Stipulation, which shall include an express request for Court approval of the payment of Attorneys' Fees, prior to the Final Approval Hearing.  The Court's review and approval of the payment of Attorneys' Fees shall be considered separate from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any judicial decision regarding the amount or reasonableness of Attorneys' Fees shall not in any way affect, terminate or cancel the terms of this Stipulation, or have any effect on the finality of the Final Judgment and Order.

21

Section 6.4 <u>Limitation on Defendants' Obligations for Attorneys' Fees</u>. Other than as set forth in this Stipulation, Defendants shall not have any obligation with respect to Class Counsel's Attorneys' Fees or expenses.

## ARTICLE VII

## EXPUNGEMENT AND SEALING

Section 7.1 <u>Expungement and Sealing</u>. The City agrees that it shall provide Criminal History Record Information to any Member of Subclass A-2 and Subclass A-3 at no cost, upon written request of that Person through the Claims Administration Process, to assist that Person in the process of seeking or obtaining expungement or sealing of their arrest or court records relating to the 2003 Anti-War Protest. The Parties agree that the written request for a Criminal History Record Information shall be made through the Claims Administration process, and that the Criminal History Record Information shall be provided through Class Counsel simultaneously with the payments to Class Members set forth herein.

## ARTICLE VIII

## DISCHARGE OF CLAIMS

Section 8.1 <u>Release by Plaintiffs and Class</u>. Upon entry of the Final Judgment and Order, the Releasing Parties, whether or not each submits a Proof of Claim or otherwise participates in the Settlement, will be deemed by this Settlement to have, and by operation of the Final Judgment and Order shall have, released and forever discharged the Released Parties from any and all claims, whether such claims are direct or derivative, arising under federal or state law, known or unknown, accrued or unaccrued, relating to or concerning the Settled Claims.

Section 8.2 <u>Release of Settlement Class Members and Settlement Class Counsel by Released Parties</u>. Upon entry of the Final Judgment and Order, each Released Party

22

individually, completely, voluntarily, knowingly, unconditionally and forever releases and discharges Class Members and Class Counsel from any and all claims, whether such claims are direct or derivative, arising under federal or state law, known or unknown, accrued or unaccrued, relating to or concerning the Settled Claims.

Section 8.3     Assertion of Claims Barred.   The Releases outlined in Section 8.1 and Section 8.2 above shall bar the assertion of any and all claims related to the Settled Claims by the Releasing Parties, the Class Members, and Class Counsel against the Released Parties, and by the Released Parties against the Releasing Parties, the Class Members, and Class Counsel.

## ARTICLE IX

## OBJECTIONS TO SETTLEMENT

Section 9.1     Objection to Settlement.   A Class Member may object to the proposed Settlement if that Person complies with the requirements and procedures set forth in the Preliminary Approval Order and the Notice, with respect to the time within which objections must be served and filed, and with respect to the requirements for written notices of objection. Unless otherwise permitted by the Court, any Class Member who fails to comply with the requirements of the Preliminary Approval Order for asserting objections shall be foreclosed from making any objection to this Settlement.

## ARTICLE X

## IMPLEMENTATION OF STIPULATION

Section 10.1    Reasonable Efforts.   The Parties and their respective Counsel agree to cooperate, assist, and undertake all reasonable actions to effectuate the terms and conditions of this Stipulation and the Settlement.

Section 10.2  <u>Preliminary Approval of Settlement</u>.  After execution of this Stipulation, Class Counsel shall submit this Stipulation to the Court for its consideration and shall request entry of a Preliminary Approval Order in a form to be agreed to by Class Counsel and Defendants' Counsel consistent with the provisions hereof, or for the entry of multiple orders that together provide the same relief.

Section 10.3  <u>Preliminary Approval Order</u>.  The Parties shall request that the Preliminary Approval Order, or multiple orders which together seek the same relief, include provisions which:

(a)  Approve the Settlement as within the range of fairness, reasonableness and adequacy;

(b)  Approve Notice and Summary Notice consistent with the provisions hereof, respectively, for mailing and publication to notify Persons in the Class of the hearings (i) on final approval of the Settlement; and (ii) Class Counsel's application for an award of Attorneys' Fees;

(c)  Direct the Claims Administrator to mail or cause to be mailed the Notice to all Class Members within thirty (30) days of approval by the City Council;

(d)  Direct the Claims Administrator to seek to obtain alternate addresses for any Notices sent out that are returned to sender as "undeliverable," to send to Class Counsel the list of names of the people who did not receive the first set of notices, and to resend the Notice to the Class Members at the alternate addresses within thirty (30) days of the mailing of the Notice;

(e)  Approve the form of the Proof of Claim consistent with the provisions hereof;

24

(f)     Direct the Claims Administrator to cause the Summary Notice to be published;

(g)     Direct the responsible party to file with the Court proof, by affidavits or declarations, of the mailing of the Notice and publication of the Summary Notice;

(h)     Find that the mailing of the Notice and Publication of the Summary Notice pursuant to Section 11.1 and Section 11.2 constitute the best and most practicable notice to Persons in the Class under the circumstances, and are due and sufficient notice of the Final Approval Hearing, proposed Settlement, application for an award of Attorneys' Fees and other matters set forth in the Notice and Summary Notice to all Persons in the Class and that the Notice and Summary Notice fully satisfy the requirements of due process, the Federal Rules of Civil Procedure and any other applicable law;

(i)     Provide that, pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member either directly, in a representative capacity, a derivative capacity or in any other capacity, shall commence, maintain, or prosecute any other action or proceeding in any court or tribunal against any of the Released Parties asserting any of the Settled Claims;

(j)     Provide that all written objections to the Settlement shall be filed no later than the deadline for filing Proofs of Claim and, if applicable, must clearly identify any and all witnesses, documents, and other evidence of any kind that is to be presented at the Final Approval Hearing in connection with such objections and must also set forth the substance of any testimony to be given by such witnesses;

(k)     Schedule the Final Approval Hearing to be held by the Court to consider and determine (i) whether the proposed Settlement should be approved as fair, reasonable and

25

adequate; (ii) whether an order approving the Settlement and an entry of Final Judgment should be entered dismissing the Litigation as provided in this Stipulation; and (iii) the amount Class Counsel shall be awarded in Attorneys' Fees;

(l)     Provide that, pending a final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation are stayed, except for the proceedings regarding Settlement;

(m)     Provide that the Final Approval Hearing may, from time to time, and without further notice to Persons in the Class, be continued or adjourned by order of the Court.

## ARTICLE XI

## NOTICE OF SETTLEMENT

Section 11.1     Notice to Class.  On or before July 23, 2012, the Claims Administrator shall send copies of the Notice and Proof of Claim by United States Mail, postage prepaid, to Class Members at their last known addresses as appearing in the records maintained by Class Counsel and CPD.  The Notice shall be in a form to be agreed to by counsel for the Parties consistent with the provisions hereof.  The Claims Administrator shall seek to obtain alternate addresses for any Notices returned as "undeliverable" and to resend the Notice to the Class Members at the alternate addresses within thirty (30) days of the mailing of the Notice.

Section 11.2     Summary Notice.  The Claims Administrator shall publish the Summary Notice, in a form to be agreed to by counsel for the Parties consistent with the provisions hereof, on three (3) occasions in the *Chicago Reader* and *The Onion* in three (3) consecutive weeks, beginning no later than fourteen (14) days following retention of the Claims Administrator.

Section 11.3     Costs of Notice.  Costs of printing and mailing the Notice, the Summary Notice, and publication of the Summary Notice constitute an Administrative Expense as defined

in Section 1.1, and thus payable by the City. Further, all reasonable costs incurred by the Claims Administrator shall be considered Administrative Expenses to be paid by the City.

Section 11.4   Toll-Free Telephone Number.  The Claims Administrator shall maintain a toll-free VRU telephone line and answering service containing recorded answers to frequently asked questions, along with an option permitting potential Class Members to speak to a live operator to leave messages in a voicemail box.

Section 11.5   Website.   The Claims Administrator shall maintain a website for this Settlement for at least 180 days after the expiration of the period for the submission of Proofs of Claim.  The website shall include, at a minimum, copies of the Settlement Agreement, the Notice, the Proof of Claim and the Preliminary Approval Order, and may be amended from time to time as agreed to by Class Counsel and Defendants' Counsel or as otherwise ordered by the Court.

Section 11.6   Affidavit of Compliance.  The Claims Administrator shall file an affidavit of mailing and publications with the Court stating that the Notice was duly provided to the Class Members and Summary Notice published in accordance with the Preliminary Approval Order and covering such other Claims Administration matters as necessary and appropriate or as requested by Class Counsel or Defendants' Counsel or ordered by the Court.

Section 11.7   Adequacy of Notice.   The Parties believe that compliance with the procedures described in this Article constitutes due and sufficient notice to Class Members of this Settlement and the Final Approval Hearing and satisfies the requirements of due process. Nothing else shall be required of the Parties, Class Counsel or Defendants' Counsel to provide notice of the Settlement and the Final Approval Hearing.

# ARTICLE XII

# FINAL APPROVAL HEARING AND FINAL ORDER OF JUDGMENT

Section 12.1 <u>Final Approval Hearing</u>. In connection with the Final Approval Hearing, the Parties shall file with the Court any such papers as their respective counsel believe necessary and appropriate. At the Final Approval Hearing, the Court will be asked to consider the fairness of the Settlement. The Court will also be asked to consider the reasonableness of Class Counsel's application for the payment of Attorneys' Fees.

Section 12.2 <u>Entry of Final Judgment and Order</u>. At or prior to the Final Approval Hearing, counsel for the Parties shall jointly submit to the Court a proposed Final Judgment and Order, in a form to be agreed to by counsel for the Parties consistent with the provisions hereof which shall:

(a) Approve the Stipulation and Settlement as fair, reasonable and adequate to the Class and approve the Settlement as being in the best interests of the Class, and directing consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b) Approve the payment of Attorneys' Fees as set forth in this agreement as fair and reasonable;

(c) Dismiss the Third Amended Complaint on the merits and with prejudice, except as provided in (d), below, as to Class Members, extinguishing all claims, rights, demands and causes of action which might have been asserted therein by (1) Plaintiffs on behalf of themselves or the Class, and (2) all Class Members, and discharging Defendants therefrom;

(d) Provide that the Court terminates its jurisdiction over Settled Claims, except to the extent necessary to administer the Settlement, distribute the Aggregate Settlement Fund, and enforce the Final Judgment and Order.

28

(e)  Bar and permanently enjoin Class Members, either directly, representatively, or in any other capacity, from instituting or prosecuting the Settled Claims against any of the Released Parties;

(f)  Determine there is no just reason for delay and directing that the Final Judgment and Order be final and appealable; and

(g)  Award all unallocated portions of the Aggregate Settlement Fund to the City, as provided for in Section 4.8.

## ARTICLE XIII

## CONDITIONS TO SETTLEMENT

Section 13.1  <u>Conditions to Settlement</u>.  This Settlement shall be of no force or effect and shall be void *ab initio* without prejudice to the rights of any Party unless each of the following conditions is fully satisfied:

(a)  Preliminary approval by the Court of the Settlement pursuant to the terms outlined herein and the Court's entry of a Preliminary Approval Order; and

(b)  Entry of the Final Judgment and Order by the Court.

## ARTICLE XIV

## TERMINATION OF SETTLEMENT

Section 14.1  <u>Right to Withdraw</u>.  In the event the Court (a) declines to enter the Preliminary Approval Order, Final Approval Order or multiple orders, which together provide the same relief, or (b) enters the Preliminary Approval Order, Final Approval Order or multiple orders that together provide relief which is substantially different than provided herein, the Parties shall have the right, within fourteen (14) days thereafter, to withdraw from this Stipulation by written notice to the other Parties.  In the event that any Person appeals the entry

29

of the Final Approval Order, and on appeal any appellate court reverses or substantially modifies the Final Approval Order, or orders relief which is substantially different than provided therein (except as provided in Section 4.2 herein), the Parties shall have the right, within fourteen (14) days thereafter, to withdraw from this Stipulation by written notice to the other Parties. The determination of whether any difference between the forms of Preliminary Approval and Final Approval Order, or any modification on appeal, is substantial, shall be made by each of the Parties in their sole discretion.

Section 14.2    Effect of Attorneys' Fees.  Neither a modification nor reversal on appeal of any amount of Attorneys' Fees awarded by the Court shall be deemed a substantive modification or reversal of a part of the substantive terms of the Final Judgment and Order, Settlement or of this Stipulation.

Section 14.3    Administrative Expenses.  In the event that any of the Parties elects to withdraw from this Stipulation in accordance with Section 14.1 above, then the cost of any Administrative Expenses incurred prior to the date of termination shall be borne by the City.

Section 14.4    Payment of Attorneys' Fees.  In the event that either of the Parties elects to withdraw from this Stipulation in accordance with Section 14.1 above, then each Party shall pay their own attorneys' fees, and Defendants shall have no obligation whatsoever for the payment of Class Counsel's Attorneys' Fees.

Section 14.5    Reversion to Status Prior to Settlement.  If this Stipulation is not approved, or is otherwise terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as it existed prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and

the related orders and judgments had not been entered, preserving all of their respective claims and defenses in the Litigation.

## ARTICLE XV

## STIPULATION NOT ADMISSION OF WRONGDOING

Regardless of whether consummated, the fact of entering into or carrying out this Settlement, any exhibits attached to this Stipulation, and any negotiations, proceedings, communications or agreements related hereto, shall not be construed as, offered into evidence as, or deemed to be evidence of, an admission or concession of liability by or an estoppel against any of the Parties, a waiver of any applicable statute of limitations or repose, and shall not be offered or received into evidence or considered, in any action or proceeding against any Party in any judicial, quasi-judicial, administrative agency, regulatory or self-regulatory organization, or other tribunal, other than to enforce the provisions of this Stipulation or the provisions of any related agreement, release, or exhibit thereto, or in the case of any subsequent action against any of the Released Parties, Plaintiffs or Class Counsel on any or all of the Settled Claims in order to support a claim or defense of *res judicata*, collateral estoppel, accord and satisfaction, release or other theory of claim or issue preclusion or similar defense. Notwithstanding the foregoing, the Parties expressly agree that this Stipulation and the related documents may be used by Class Members seeking to expunge or seal any arrest or other records relating to the 2003 Anti-War Protest.

## ARTICLE XVI

## MISCELLANEOUS TERMINOLOGY AND CONSTRUCTION

Section 16.1    Captions.  The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, limit, extend, or describe the scope of this Stipulation or the intent of any of its provisions.

Section 16.2    Definitions and Recitals.  The definitions and recitals set forth above are essential elements of this Stipulation.

Section 16.3    Entire Agreement.  This Stipulation and any exhibits attached hereto set forth the entire agreement of the Parties with respect to the Settlement and supersede all prior oral or written agreements, arrangements, understandings, inducements, promises, and warranties, not embodied or incorporated herein, relating to the subject matter of the Stipulation.

Section 16.4    No Representations.  Plaintiffs acknowledge, for themselves and for the Class, that they have not relied upon any representations, warranties, guarantees, promises, statements or estimates, whether written or oral, express or implied, by any of the Released Parties, or anyone representing or purporting to represent the Released Parties.  Plaintiffs acknowledge that they or Class Counsel have undertaken such investigation as they have deemed necessary in connection with entering into the Stipulation and Settlement.

Section 16.5    No Tax Advice.  Plaintiffs acknowledge, for themselves and for the Class, that they have not relied upon any advice, representations, warranties, guaranties, promises, statements or estimates, by Class Counsel, Defendants' Counsel, or any of the Released Parties, or anyone representing or purporting to represent the Released Parties, regarding the tax treatment or effect of any payments made under this Settlement.  Plaintiffs agree, for themselves and for the Class, that in the event it should be subsequently determined that payment of taxes on

32

any amounts received under this Stipulation, or any part thereof, should have been made, that each Class Member shall be personally and solely responsible for all such taxes, as well as for any related penalties or interest which may be due and, in addition, do hereby agree to indemnify and hold harmless Class Counsel, Defendants' Counsel and the Released Parties from any payment, interest, penalty and reasonable attorney's fees and costs incurred by in connection with any claim, including any claim made under the federal or state tax laws.

Section 16.6   _Modifications_.  The terms and provisions of this Stipulation may not be changed, waived, modified, or varied in any manner unless in writing signed by Defendants' Counsel and Class Counsel, and with consent of the Court, and without further notice to the Class.

Section 16.7   _Waiver_.  The failure of any Party to enforce at any time any provision of this Stipulation shall not be construed as a waiver of such provisions, nor be construed in any way to effect the validity of this Stipulation or any part hereof or the right of any Party thereafter to insist upon strict performance of each and every provisions of this Stipulation.  No waiver of any breach of this Stipulation shall be held to constitute a waiver of any other breach.

Section 16.8   _Successors and Assigns_.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their successors and assigns.  No Party may assign its rights or obligations under the Stipulation without the prior written consent of all of the other Parties.

Section 16.9   _Third Parties_.  Nothing in this Stipulation, whether express or implied, is intended to confer any rights or remedies under or by reason of this Stipulation on any Person other than the Parties and their respective successors and assigns, nor is anything in this Stipulation intended to release or discharge the obligations or liabilities or any third parties to

any Party, nor shall any provision give any third parties any right of subrogation or action over or against any Party.

Section 16.10 <u>Notices</u>.    Any and all notices, requests, consents, directives, or communications by any Party intended for any other Party shall be in writing, shall be given personally or by postage-prepaid first-class mail and by postage-prepaid certified or registered mail, return receipt requested, and shall be deemed delivered when received, and shall be addressed as follows:

    (a)    If to the Plaintiffs:

        Joey L. Mogul
        People's Law Office
        1180 North Milwaukee
        3rd Floor
        Chicago, Illinois 60642

    (b)    If to Defendants:

        Steven Patton
        Corporation Counsel
        c/o Thomas Platt
        30 North LaSalle Street
        Suite 900
        Chicago, Illinois 60602

        and

        Allan T. Slagel
        Shefsky & Froelich Ltd.
        111 East Wacker Drive
        Suite 2800
        Chicago, Illinois 60601

Any Party may, from time to time, change the address to which such written notice, requests, consents, directives or communications are to be mailed, by giving the other Parties ten (10) days prior written notice of the changed address in the manner prescribed above.

Section 16.11 <u>Governing Law</u>.  This Stipulation shall be governed by and construed and enforced in accordance with the laws of the State of Illinois without regard to its choice of law provisions.

Section 16.12 <u>Collaborative Effort</u>.  This Stipulation, and any exhibits, were executed after arm's length negotiations among the Parties and reflects the conclusions of counsel for the Parties that the contemplated Settlement is fair, equitable and in the best interests of their respective clients.  This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's length negotiations described above, Parties and their Counsel have contributed substantially and materially to the preparation of this Stipulation.

Section 16.13 <u>No Assignment</u>.  Plaintiffs and Class Counsel represent and warrant that none of the Plaintiffs' alleged claims or causes of action against Defendants have been assigned, encumbered or in any manner transferred in whole or in part.

Section 16.14 <u>Terminology and Construction</u>.  All personal pronouns used in this Stipulation, whether used in the masculine, feminine or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.  All dates referenced herein shall be calendar days unless otherwise indicated.  Should any of the provisions of this Stipulation conflict with the terms of any exhibits hereto, the terms of the Stipulation shall control unless otherwise ordered by the Court.

Section 16.15 <u>Authority</u>.  Class Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and are also expressly authorized to enter into any

modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate. Defendants' Counsel represent that they are authorized to sign this Stipulation on behalf of Defendants, having obtained the necessary approvals from Defendants.

Section 16.16 <u>No Severability</u>. Invalidation of any material portion of this Stipulation or any exhibit hereto shall invalidate the Stipulation in its entirety unless the Parties shall subsequently agree in writing that the remaining provisions shall remain in full force and effect.

Section 16.17 <u>Counterparts</u>. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: June 25, 2012

By: /s/ Joey L. Mogul

One of the Attorneys for Plaintiffs
KEVIN VODAK, SARAH BERGSTRAND, PRUDENCE BROWNE, ROBERT CASTILLO, JOHN PATRICK DONNELL, MATT GAINES, ANGELA GARCIA, KATHLEEN GRUBER, STEVEN HUDOSH, ELIZABETH JOHNSON and SOPHIA SIECZKOWSKI AND THE CLASS AND SUB-CLASSES THAT THEY REPRESENT

Joey L. Mogul
John L. Stainthorp
Janine L. Hoft
Sarah Gelsomino
People's Law Office
1180 North Milwaukee Avenue, 3rd Floor
Chicago, Illinois 60642
Telephone:     (773) 235-0070
Facsimile:     (773) 235-6699

James R. Fennerty
James R. Fennerty & Associates
36 S Wabash Avenue, Suite 1310
Chicago, Illinois 60603

Melinda Power
West Town Community Law Office
2502 W. Division
Chicago, Illinois 60622

By: /s/ Allan T. Slagel

One of the Attorneys for Defendants
CITY OF CHICAGO, TERRY HILLARD, PHILIP CLINE, JAMES MAURER, THOMAS BYRNE, FRANK RADKE, JOSEPH GRIFFIN, THE ESTATE OF JOHN RISLEY, THOMAS EPACH and KAREN ROWAN

Stephen R. Patton
Thomas J. Platt
Alec M. McAusland
City of Chicago – Law Department
121 North LaSalle Street, Suite 600
Chicago, Illinois 60602
Telephone:     (312) 774-0220
Facsimile:     (312) 744-5185

Allan T. Slagel
Brett Nolan
Heather A. Jackson
Shefsky & Froelich Ltd.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011

Vodak - Amended Stipulation and Agreement of Settlement (2)

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEVIN VODAK, et al.,

*Plaintiff,*

*vs.*

CITY OF CHICAGO, et al.,

*Defendants.*

No. 03 C 2463

Judge Virginia M. Kendall

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

# TABLE OF CONTENTS

Page

RECITALS ................................................................................................................1

Article I DEFINITIONS ..........................................................................................6

Article II CLASS DEFINITION.............................................................................12

Article III SETTLEMENT FUND ..........................................................................13

Article IV DISTRIBUTION OF AGGREGATE SETTLEMENT FUND ....................15

Article V SETTLEMENT ADMINISTRATION ......................................................17

Article VI ATTORNEYS' FEES ............................................................................20

Article VII EXPUNGEMENT AND SEALING .......................................................21

Article VIII DISCHARGE OF CLAIMS .................................................................22

Article IX OBJECTIONS TO SETTLEMENT ........................................................2322

Article X IMPLEMENTATION OF STIPULATION ...............................................23

Article XI NOTICE OF SETTLEMENT..................................................................2625

Article XII FINAL APPROVAL HEARING AND FINAL ORDER OF JUDGMENT .............27

Article XIII CONDITIONS TO SETTLEMENT ......................................................2928

Article XIV TERMINATION OF SETTLEMENT ....................................................29

Article XV STIPULATION NOT ADMISSION OF WRONGDOING .......................30

Article XVI MISCELLANEOUS TERMINOLOGY AND CONSTRUCTION ...........31

i

This Amended Stipulation and Agreement of Settlement ("Stipulation") is entered into as of this 925th day of MayJune, 2012, by and between Kevin Vodak, Sarah Bergstrand, Prudence Browne, Robert Castillo, John Patrick Donnell, Matthew Gaines, Angela Garcia, Kathleen Gruber, Steven Hudosh, Elizabeth Johnson, Sophia Sieczkowski, individually and on behalf of the classes and subclasses they represent (collectively, "Plaintiffs"), and Defendants the City of Chicago (the "City"), Terry Hillard, Philip Cline, James Maurer, Thomas Byrne, Frank Radke, Joseph Griffin, the Estate of John Risley, Thomas Epach and Karen Rowan (collectively, the "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), through their respective undersigned attorneys, providing for a full and final settlement, subject to Court approval, of the above-captioned class action case on the following terms and conditions:

## RECITALS

Capitalized terms not otherwise defined shall have the meaning set forth in Article I of this Stipulation.

WHEREAS, on March 20, 2003, a group of people took part in a demonstration and march in downtown Chicago to protest the commencement of war between the United States and Iraq;

WHEREAS, Plaintiffs allege that on March 20, 2003, a group of people were detained in an area on Chicago Avenue, bounded on the west by Michigan Avenue and on the east by Mies Van Der Rohe Way;

WHEREAS, Plaintiffs allege that this group of people were physically detained and restrained and were not allowed to leave the bounded area;

WHEREAS, Plaintiffs allege that some number of this group of people were arrested and transported to Chicago area police stations;

WHEREAS, Plaintiffs allege that of the persons arrested and transported to Chicago-area police stations, some were released and some were charged with misdemeanor crimes and offenses;

WHEREAS, on April 10, 2003, Plaintiffs filed individual and class claims against the City and individual members of the CPD for, *inter alia*, false detention, arrest and imprisonment, excessive force, denial of their First Amendment rights to free speech and association and various state law claims;

WHEREAS, on December 30, 2004, Plaintiffs filed a 13-count Third Amended Complaint against the City and individual current and former members of the CPD, alleging thirteen counts, including claims for, *inter alia*, false detention, arrest and imprisonment, excessive force, denial of their First Amendment rights to freedom of speech and association and various state law claims;

WHEREAS, on April 17, 2006, Judge Virginia M. Kendall of the United States District Court for the Northern District of Illinois entered a Memorandum Opinion and Order certifying a class consisting of "all persons who were surrounded by Defendants on March 20, 2003, on Chicago Avenue, just east of Michigan Avenue and west of Mies Van Der Rohe Way (the "Bounded Area"), between approximately 8:30 p.m. and 11:30 p.m.";

WHEREAS, the Court also certified the following three subclasses: Subclass A-1: "all class members who were surrounded by Defendants in the bounded area for one and a half to three hours before they were allowed to leave the area." Subclass A-2: "all class members who were surrounded by Defendants in the bounded area, arrested and detained at a police station. These individuals were released without being charged with any crime or ordinance violation." Subclass A-3: "all class members who were surrounded by Defendants in the bounded area, arrested and

2

detained at a police station. These individuals were charged with criminal offenses, released only upon conditions of bond, required to appear in court on criminal charges and later the charges against them were dismissed in their favor";

WHEREAS, on May 16, 2006, the City filed an Amended Counterclaim against Plaintiffs seeking to impose liability against them for the costs of providing police and emergency services during the 2003 Anti-War Protest;

WHEREAS, pursuant to a November 21, 2008 Order of the District Court, a judicially approved class notice was published providing notice of the pendency of the class action to the Class Members and the opportunity to opt out;

WHEREAS, on February 27, 2009, the District Court granted summary judgment to Defendants on the Third Amended Complaint, holding that the individual police officers were immune from suit and that the City was not liable because no official authorized to make policy for the City had been responsible for any of the alleged wrongful conduct;

WHEREAS, on February 27, 2009, the District Court granted summary judgment to Plaintiffs on the City's Counterclaim finding it was unable to set forth any evidence of illegal conduct specific to the Plaintiffs that could subject them to liability;

WHEREAS, Plaintiffs filed an appeal of the District Court's grant of summary judgment to Defendants on the Third Amended Complaint, and Defendants filed an appeal of the District Court's grant of summary judgment to Plaintiffs on the Amended Counterclaim;

WHEREAS, Defendants abandoned their appeal of the dismissal of the Amended Counterclaim;

3

WHEREAS, on March 17, 2011, the United States Court of Appeals for the Seventh Circuit entered an Order reversing the District Court's grant of summary judgment for Defendants finding that the individual Defendants were not entitled to benefit from qualified immunity if a jury were to find that the CPD failed to give effective orders to disperse prior to the arrests and that Superintendent Terry Hillard was the final policy maker for the City on matters relating to the subject of the claims asserted in the Litigation concerning the 2003 Anti-War Protest so that the City, therefore, could be held liable if a jury were to determine that Superintendent Hillard participated in the decision to arrest the class, and remanding the case to the District Court "for further proceedings consistent with [the Seventh Circuit's] opinion";

WHEREAS, Class Counsel and Defendants' Counsel conducted extensive discovery and investigation into the claims alleged, including the issuance of and responses to written interrogatories and requests to admit, and oral discovery consisting of 153 depositions of Class Members and City and CPD personnel and witnesses;

WHEREAS, the Parties, through their counsel, have engaged in significant factual and legal analysis of the issues implicated by the Litigation through extensive motion practice, discovery and trial preparation;

WHEREAS, the Parties participated in a mediation conducted by the Honorable Wayne Andersen ("Judge Andersen"), formerly of the United States District Court for the Northern District of Illinois, and with his assistance, negotiated a settlement of this matter, which settlement included both the resolution of claims and the resolution of the payment of Attorneys' Fees to Class Counsel;

WHEREAS, the City Council approved the terms of the Settlement on June 6, 2012;

4

WHEREAS, Plaintiffs have claimed, and continue to claim, that each and all of the claims asserted by them have merit;

WHEREAS, after considering the risks and difficulties involved in class litigation, including the expense necessary to continue the Litigation through trial and the appeals which might follow, the uncertainty inherent in any complex litigation, and the substantial benefits of the Settlement for the Class Members and each of the Subclasses, including the fact that even if the Plaintiffs and the Class they represent ultimately prevailed on their claims, there is no assurance that the Class Members would receive any greater recovery than they will receive from the Settlement, Plaintiffs and Class Counsel have concluded that the proposed Settlement on the terms and conditions of this Stipulation is fair, reasonable, and adequate and is in the best interests of the Settlement Class and each of the Subclasses;

WHEREAS, Defendants deny the allegations in the Litigation, deny any fault, wrongdoing, or liability related in any way to any actions taken by any of the Defendants in connection with the 2003 Anti-War Protest;

WHEREAS, Defendants are electing to enter into this Stipulation because the proposed Settlement would eliminate the burden, inconvenience and expense of further litigation and disputes concerning the alleged conduct;

WHEREAS, the Settlement contemplated by this Stipulation is the product of extensive, good faith, and arm's-length negotiation between Class Counsel and Defendants' Counsel, with the assistance of Judge Andersen;

WHEREAS, the subclass awards paid pursuant to this Settlement are to compensate the Plaintiffs and Class Members for personal, physical injuries they sustained when arrested or detained in connection with the 2003 Anti-War Protest;

NOW, THEREFORE, in consideration of the foregoing Recitals and the agreements, covenants, representatives and warranties set forth herein, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Released Claims shall be finally and fully compromised, settled, released and forever discharged as to the Released Parties, and this action shall be dismissed with prejudice, except as required to administer the Settlement, upon and subject to the following terms and conditions:

## ARTICLE I

## DEFINITIONS

Section 1.1 "2003 Anti-War Protest" shall mean that portion of the protest that took place in Chicago, Illinois, on March 20, 2003, between approximately the hours of 8:30 p.m. and 11:30 p.m., that culminated in the alleged detention and arrests of Persons in the Bounded Area.

Section 1.2 "Administrative Expenses" shall mean all expenses, including the cost of all notices, claims processing costs or other costs reasonably incurred by the Claims Administrator or Defendants in the implementation of this Settlement. The Parties have agreed that the City is solely responsible for payment of Administrative Expenses.

Section 1.3 "Aggregate Settlement Fund" shall mean the fund created by the City as described in Section 3.1.

6

Section 1.4    "Anticipated Claimants" shall mean those Persons who have been identified by Class Counsel and Defendants' Counsel as being members of one of the Subclasses.    The determination by Class Counsel and Defendants' Counsel of whether a Person is an Anticipated Claimant was based upon the totality of evidence supporting that Person's claim of membership in one of the Subclasses, including but not limited to arrest reports, witness statements, affidavits and video evidence.

Section 1.5    "Attorneys' Fees" shall mean the attorneys' fees, costs and expenses sought by or awarded to Class Counsel in connection with the Litigation.

Section 1.6    "Bounded Area" shall mean the area consisting of that portion of Chicago Avenue, east of Michigan Avenue and west of Mies Van Der Rohe Way, Chicago, Illinois.

Section 1.7    "City" shall mean the City of Chicago, an Illinois municipal corporation.

Section 1.8    "Claim" shall mean the right to the amount of consideration to which each Claimant is entitled to receive pursuant to this Settlement.

Section 1.9    "Claimant" shall mean any Class Member who files a Proof of Claim in such form and manner and within such time as provided for in Section 5.1, or as the Court may otherwise prescribe, which establishes that the Person is a Class Member entitled to participate in the Settlement.

Section 1.10    "Claims Administration Process" shall mean the process detailed in Article V.

Section 1.11    "Claims Administrator" shall mean Class Action Administration, Inc. ("CAA"), which, subject to Court approval, will be retained by Class Counsel and Defendants' Counsel to issue the Notice to Class Members as provided for in Section 11.1, collect and process

7

Proofs of Claim as provided for in Section 5.2, and issue payments to Claimants from the Aggregate Settlement Fund as provided for in Article IV, and such other and further services as may be requested by Class Counsel and Defendants' Counsel or as ordered by the Court.

Section 1.12   "Class" shall mean the class as described in Section 2.1.

Section 1.13   "Class Counsel" shall mean the People's Law Office; James R. Fennerty & Associates; and the West Town Community Law Office.

Section 1.14   "Class Members" shall have the meaning set forth in Section 2.2.

Section 1.15   "Court" shall mean the United States District Court for the Northern District of Illinois, Eastern Division.

Section 1.16   "CPD" shall mean the Chicago Police Department, including all of its officers, employees, agents, attorneys, representatives, assigns, successors or predecessors.

Section 1.17   "Defendants" shall mean the City, Terry Hillard, Philip Cline, James Maurer, Thomas Byrne, Frank Radke, Joseph Griffin, the Estate of John Risley, Thomas Epach and Karen Rowan.

Section 1.18   "Defendants' Counsel" shall mean the Corporation Counsel of the City of Chicago and Shefsky & Froelich Ltd.

Section 1.19   "Deposed Class Members" shall mean those Class Members, excluding Plaintiffs, who were deposed by Defendants in the course of this Litigation or *Beal of City of Chicago, et al.*, 04 C 2039, and who if they submit a valid and timely Proof of Claim shall receive a monetary incentive award in the amount of One Thousand Dollars ($1,000.00) in addition to other consideration that they be entitled to pursuant to Section 4.1 below.

8

Section 1.20   "Effective Date" shall mean the date when each and all of the following conditions have occurred:  (1)  the Stipulation has been fully executed; (2)  ~~the Chicago City Council has approved the Settlement; (3)~~  Orders have been entered by the Court granting preliminary approval of the Settlement, and approving a form of Notice, Summary Notice and Proof of Claim, as provided for herein; (4~~3~~)   the Court-approved Notice has been duly promulgated as ordered by the Court; (~~5~~4)  the Court has entered a Final Order and Judgment finally approving this Stipulation, as provided for herein; and (6~~5~~) such judgment has become Final as defined in Section 1.21.

Section 1.21   "Final," referring to the Final Judgment and Order, shall mean that (a)  the judgment is a final, appealable judgment; (b)  either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for review *en banc*, petitions for *writ of certiorari*, or otherwise, and such appeal or other review has been fully resolved in such manner that affirms the Final Order and Judgment in all materials respects.

Section 1.22   "Final Approval Hearing" shall mean the hearing(s) held by the Court to consider final approval of the Settlement, as provided in Article XII.

Section 1.23   "Final Judgment and Order" shall mean the judgment entered by the Court as provided in Section 12.2 and Section 13.1(c) in a form to be agreed to by Class Counsel and Defendants' Counsel consistent with the provisions hereof, providing final approval of the

9

Settlement contemplated by this Stipulation, dismissing this action with prejudice, and continuing jurisdiction to administer the Settlement and distribute the Aggregate Settlement Fund.

Section 1.24    "Litigation" shall mean the class action lawsuit filed by Plaintiffs, Case No. 03-C-2463, pending in the Federal District Court for the Northern District of Illinois, Eastern Division.

Section 1.25    "Notice" or "Class Notice" shall mean the Notice of Proposed Class Action Settlement and Final Fairness Hearing to be approved by the Court as set forth in Section 11.1 hereof, in a form to be agreed to by counsel for the Parties consistent with the provisions of this Stipulation.

Section 1.26    "Other Claimants" shall mean all Persons who submit a Proof of Claim but who were not previously identified by Class Counsel and Defendants' Counsel as Anticipated Claimants.

Section 1.27    "Parties" shall mean, collectively, Plaintiffs, the Class and Defendants.

Section 1.28    "Person" shall mean an individual, corporation, partnership, limited partnership, limited liability company, association, estate, legal representative, trust, unincorporated organization and any other type of legal entity, and their heirs, predecessors, successors, representatives, and assigns.

Section 1.29    "Plaintiff" or "Plaintiffs" shall mean one, two, or all of Kevin Vodak, Sarah Bergstrand, Prudence Browne, Robert Castillo, John Patrick Donnell, Matthew Gaines, Angela Garcia, Kathleen Gruber, Steven Hudosh, Elizabeth Johnson and Sophia Sieczkowski.

10

Section 1.30    "Plaintiff Incentive Award" shall mean a monetary incentive in the amount of Seven Thousand Seven Hundred and Fifty Dollars ($7,750.00) that each Plaintiff who submits a timely and valid Proof of Claim is eligible to receive pursuant to Section 4.2.

Section 1.31    "Preliminary Approval Order" shall mean the order(s) of the Court as provided for in Section 10.3 and Section 13.1(a), in a form to be agreed to by Class Counsel and Defendants' Counsel.

Section 1.32    "Proof of Claim" shall mean the Proof of Claim and Release and any necessary supporting information sufficient to allow the Claims Administrator and counsel for the Parties to determine that a Person is a Class Member and a member of a Subclass entitled to participate in this Settlement as provided for in Article V and in a form to be agreed to by counsel for the Parties consistent with this Stipulation.

Section 1.33    "Releasing Parties" shall mean the Plaintiffs and all Class Members on behalf of themselves and each of their predecessors, successors, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators, and any other Person having any legal or beneficial interest in the Aggregate Settlement Fund.

Section 1.34    "Released Party" or "Released Parties" shall mean Defendants, and all of their employees, agents, attorneys, insurers, representatives, administrators, predecessors, successors and assigns.

Section 1.35    "Settled Claims" shall mean, collectively, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, in law or equity, known or unknown, asserted or that might have been asserted, either directly or indirectly, in a representative or in any other capacity, by any Releasing Party against any of the Released Parties

11

for any matter, arising out of, relating to, or in connection with the 2003 Anti-War Protest, any allegations in the Third Amended Complaint or any of the claims arising out of the events alleged by the Plaintiffs to have taken place on March 20, 2003.

Section 1.36   "Settlement" shall mean the full and final compromise, settlement and dismissal of all claims, Settled Claims that are alleged or could have been alleged, in the Complaint (Docket No. 1), the First Amended Complaint (Docket No. 25), the Counterclaim (Docket No. 80); the Second Amended Complaint (Docket No. 83); the Third Amended Complaint (Docket No. 140); and the Amended Counterclaim (Docket No. 238).

Section 1.37   "Stipulation" shall mean this Stipulation and Agreement of Settlement, together with any exhibits hereto.

Section 1.38   "Subclasses" shall mean the subclasses described in Section 2.5.

Section 1.39   "Summary Notice" shall mean the notice approved by the Court for publication disclosing the Settlement and Final Approval Hearing as provided for in Section 11.2 in a form to be agreed to by counsel for the Parties consistent with the provisions hereof.

## ARTICLE II

## CLASS DEFINITION

Section 2.1   Class Definition.  The Class approved by the Court in its Order dated April 17, 2006 (Docket No. 219), is defined as:

> Any persons who were surrounded by Defendants on March 20, 2003, on Chicago Avenue, just east of Michigan Avenue and west of Mies Van Der Rohe Way (the "Bounded Area") between 8:30 p.m. and 11:30 p.m., and who were either detained in that area for at least 90 minutes or who were arrested and taken to a police station.

Section 2.2   Class Members.  Class Members shall include all Persons who meet the definition set forth in Section 2.1, and who are not excluded from the Class under Section 2.3.

12

Section 2.3    <u>Exclusions from Class</u>.    Expressly excluded from the Class are the following persons:

    (a)    All Persons who previously filed a Request for Exclusion in accordance with the Court's Order of November 21, 2008 (Docket No. 478), a list of whom is attached hereto as Schedule A;

    (b)    All Plaintiffs in the lawsuit captioned *Beal, et al. v. City of Chicago, et al.*, Case No. 04 CV 02039;

    (c)    All Persons who settled their claims with Defendants as reflected in this Court's Order of June 23, 2009 (Docket No. 577); and

    (d)    All Persons who were arrested in the Bounded Area between 8:30 p.m. and 11:30 p.m., on March 20, 2003, who stipulated to the facts in the underlying criminal court proceeding or otherwise pled guilty to any offense or violation of the law, arising out of such arrest.

Section 2.4    <u>Participation Limited to Single Subclass</u>.    Each Class Member shall be limited to participate in a single Subclass.  No Class Member shall be allowed to be a member of multiple Subclasses, or to recover multiple payments from the Settlement Fund based on alleged membership in multiple Subclasses.

Section 2.5    <u>Subclasses</u>.  The Subclasses approved by the Court in its Order dated April 17, 2006 (Docket No. 219), are defined as:

    (a)    Subclass A-1 is defined as:

All persons who were surrounded by Defendants in the Bounded Area for 90 minutes to three hours before they were allowed to leave the Bounded Area.

    (b)    Subclass A-2 is defined as:

13

All persons who were surrounded by Defendants in the Bounded Area and who were arrested and detained at a police station, but who were released without being charged with any crime or ordinance violation.

(c)     Subclass A-3 is defined as:

All persons who were surrounded by Defendants in the Bounded Area and who were arrested and detained at a police station and who were charged with a criminal offense, released only upon conditions of bond, required to appear in court on criminal charges and later the charges against them were dismissed in their favor.

## ARTICLE III

## SETTLEMENT FUND

Subject to Court approval and pursuant to the terms and conditions of this Stipulation, in full and final disposition, settlement, discharge and release and satisfaction of the Settled Claims, the following fund shall be created by the City:

Section 3.1     Aggregate Settlement Fund.  The Aggregate Settlement Fund shall consist of an amount not to exceed Six Million, Two Hundred Thousand Dollars ($6,200,000.00).  The Aggregate Settlement Fund shall be held by the City subject to the transfers as provided in Article IV.  The Aggregate Settlement Fund does not include any monies relating to the City's obligation to pay Attorneys' Fees.

Section 3.2     Allocation of Aggregate Settlement Fund.  The Aggregate Settlement Fund shall be divided into six (6) sub-funds, with three (3) of the sub-funds corresponding to a particular Subclass, and the remaining three (3) sub-funds corresponding to Plaintiff Incentive Awards, payments to Deposed Class Members, and Class Counsel's expert witness costs, respectively.  The six (6) separate and distinct sub-funds are:  (a) One Hundred Thousand Dollars ($100,000.00) to pay the Claims of the members of the A-1 Subclass; (b) One Million Eight Hundred Ninety Eight

14

Thousand Seven Hundred and Fifty Dollars ($1,898,750.00) to pay the Claims of the members of the A-2 Subclass; (c) Four Million Sixty Five Thousand Dollars ($4,065,000.00) to pay the Claims for the members of the A-3 Subclass; (d) Eighty Five Thousand Two Hundred Fifty Dollars ($85,250.00) to pay Plaintiff Incentive Awards; (e) Thirty Seven Thousand Dollars ($37,000.00) to pay awards to Deposed Class Members; and (f) Fourteen Thousand Dollars ($14,000.00) to pay Class Counsel's expert witness costs.

Section 3.3 <u>No Reallocation Allowed</u>. Any unclaimed money in each of the sub-funds cannot be reallocated to pay claims of another sub-fund or to increase a Claimant's *pro rata* share.

Section 3.4 <u>Extent of Defendants' Obligations</u>. Defendants' monetary obligations under this Settlement are limited to the Aggregate Settlement Fund and payment of Administrative Expenses and Attorneys' Fees as provided herein. Defendants shall not be called upon or required to contribute additional monies under any circumstances.

**ARTICLE IV**

**DISTRIBUTION OF AGGREGATE SETTLEMENT FUND**

The Aggregate Settlement Fund shall be distributed as follows:

Section 4.1 <u>Payment to Class Members</u>. Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator amounts sufficient to pay the claims of the members of each of the Subclasses, as follows:

(a) Each member of Subclass A-1 who submits a valid and timely Proof of Claim shall be entitled to Five Hundred Dollars ($500.00), subject to the "*pro rata*" limitation in Section 4.7;

15

(b)     Each Member of Subclass A-2 who submits a valid and timely Proof of Claim shall be entitled to Eight Thousand Seven Hundred and Fifty Dollars ($8,750.00), subject to the "*pro rata*" limitation in Section 4.7; and

(c)     Each Member of Subclass A-3 who submits a valid and timely Proof of Claim shall be entitled to Fifteen Thousand Dollars ($15,000.00), subject to the "*pro rata*" limitation in Section 4.7.

Section 4.2     <u>Payment to Plaintiffs</u>.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator an amount equal to Seven Thousand Seven Hundred and Fifty Dollars ($7,750.00) for each named Plaintiff who files a valid and timely Proof of Claim, as a Plaintiff Incentive Award.  This Plaintiff Incentive Award is separate and distinct from the Plaintiffs' right to their respective rights to receive an award as a Class Member and is not subject to the "*pro rata*" limitation in Section 4.7. This amount is to be awarded to each of the Plaintiffs only upon the filing of a valid and timely Proof of Claim and is in addition to the amount each Plaintiff is entitled to receive with respect to their membership in their respective Subclass pursuant to Section 4.1.

Section 4.3     <u>Payments To Deposed Class Members</u>.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator an amount equal to One Thousand Dollars ($1,000.00) for each Deposed Class Member who files a valid and timely Proof of Claim.  This amount is to be awarded to each of the Deposed Class Members upon the filing of a valid and timely Proof of Claim and is in addition to the amount each Deposed Class Member is entitled to receive with respect to their membership in their respective subclass pursuant to Section 4.1.  Should the number of Deposed Class Members

16

submitting valid and timely Proofs of Claim forms exceed thirty-seven (37), then the payment to each Deposed Class Member will be decreased proportionally.

Section 4.4    Expert Witness Payment.  Upon the later of the Effective Date or January 7, 2013, the City shall transfer from the Aggregate Settlement Fund to the Claims Administrator an amount equal to Fourteen Thousand Dollars ($14,000.00) for Class Counsel's expert witness expenses.

Section 4.5    Timing of Payments to Class Members.  Payments to Class Members shall occur no later than thirty (30) days after the transfer of funds to the Claims Administrator as provided for in Section 4.1.

Section 4.6    Excess Claims.  If the number of valid and accepted Claimants exceeds the number of Anticipated Claimants in a Subclass, each Claimant who submitted a valid and timely Proof of Claim will receive a prorated share of the available allocation to the Subclass of the Aggregate Settlement Fund, as provided for in Section 4.7.

Section 4.7    Pro Rata Allocation Within Sub-Classes.  The Aggregate Settlement Fund shall be allocated as follows:  The maximum amount of allocation of the Aggregate Settlement Fund for Subclass A-1 is One Hundred Thousand Dollars ($100,000.00) based on the estimate that there are 200 eligible claimants in this subclass; the maximum amount of allocation of the Aggregate Settlement Fund for Subclass A-2 is One Million Eight Hundred Ninety Eight Thousand Seven Hundred and Fifty Dollars ($1,898,750.00) based on the estimate that there are 217 eligible claimants in this subclass; and the maximum amount of allocation of the Aggregate Settlement Fund for Subclass A-3 is Four Million Sixty Five Thousand Dollars ($4,065,000.00) based on the estimate that there are 271 eligible claimants in this subclass.  Should the number of

17

valid Claimants in a Subclass exceed the estimated number of eligible claimants in that Subclass, then the payment to each Claimant in that Subclass will be decreased proportionally.

Section 4.8     Excess Balance Of Aggregate Settlement Fund.  If ninety (90) days after the payments provided for in Article IV are made by the Claims Administrator, any portion of the Aggregate Settlement Fund remains by virtue of uncashed checks or unclaimed monies or otherwise, that portion of the Aggregate Settlement Fund shall revert to the City.

## ARTICLE V

## SETTLEMENT ADMINISTRATION

Section 5.1     Proof Of Claim.  Subject to the approval and further Orders of the Court, a Class Member who submits a Proof of Claim in accordance with the terms of this Stipulation shall receive the payment in accordance with Article III.

(a)     Submissions Required:

1.     Anticipated Claimants.  Each Anticipated Claimant shall be required to submit a separate Proof of Claim which shall include a general release of the Released Parties in a form to be agreed to by counsel for the Parties consistent with the provisions hereof, signed under penalty of perjury.

2.     Other Claimants.  Each Other Claimant shall be required to submit: (i) a Proof of Claim which shall include a general release of the Released Parties in a form to be agreed to by counsel for the Parties consistent with the provisions hereof, signed under penalty of perjury; and (ii) a separate sworn declaration attesting to facts that would support the claim that the Person is a member of a Subclass.

18

      (b)   <u>Receipt of Proof of Claim</u>.  All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless such period is extended by the Court. The Parties agree to recommend to the Court that the deadline for Class Members to submit Proofs of Claim shall be ninety (90) days after issuance of the Notice.

      Section 5.2   <u>Proof of Claim Review Process</u>.  The Claims Administrator shall review the Proofs of Claim and any supporting documentation, including sworn declarations, timely received, and determine, after consultation with Class Counsel and Defendants' Counsel, whether a Person submitting a Proof of Claim is entitled to share in the distribution from the Aggregate Settlement Fund.

      (a)   <u>Anticipated Claimants</u>.  Proofs of Claim submitted by Anticipated Claimants shall be presumptively valid.

      (b)   <u>Other Claimants</u>.  If the Claims Administrator determines a Person submitting a Proof of Claim is not an Anticipated Claimant, the Claims Administrator may request that the Person provide supporting documentation establishing that the Person is a Class Member belonging to a particular Subclass.  If a Person fails to provide adequate supporting documentation within fourteen (14) days of such a request, then the Class Administrator shall deny the Claim via a written letter of determination.

      (c)   <u>Challenge to the Determination of the Claims Administrator</u>.  Any Person wishing to contest the determination as to membership in the Class or categorization as to one Subclass or another shall, within fourteen (14) days of notice from the Claims Administrator as provided in Section 5.2(b), file with the Court a written request for hearing (the "Request for Hearing").  A copy of the Request for Hearing shall be mailed to Class Counsel or the Claims

19

Administrator on or before the date it is filed with the Court. If the Court does not receive a Request for Hearing within fourteen (14) days (which may be waived the Court for good cause shown), the Person shall be deemed to have consented to the determination of the Claims Administrator. Notice of all filings and hearings upon any claim to participate in the Settlement shall be provided to Defendants' Counsel, Class Counsel and the affected Person.

Section 5.3    Cooperation and Review of Claims. Defendants, their Counsel and Class Counsel shall cooperate and participate in the Claims Administration Process as necessary. When requested by either the Claims Administrator or Class Counsel, Defendants, their Counsel and Class Counsel, shall provide such information which may be in their possession to determine the validity of any Proof of Claim. The Claims Administrator or Class Counsel shall provide to the Parties, through their counsel, a list of the Class Members determined to have filed valid Proofs of Claim no later than fourteen (14) days before the Final Approval Hearing. The Parties, through their counsel, shall, upon a showing of good cause, have the right to object to or challenge the payment of any Proof of Claim as determined by the Claims Administrator.

Section 5.4    Effect of Failure to File Proof of Claim. Any Class Member who does not file a valid Proof of Claim with the Claims Administrator will not be entitled to receive any portion of the Aggregate Settlement Fund, but will otherwise be bound by all terms of the Stipulation and the Settlement, including the terms of the Final Judgment and Order to be entered and the releases provided for herein, and will be barred from bringing any action against any Released Parties concerning the Settled Claims.

20

Section 5.5     No Further Opt-Outs.  Because notice to the Class and an opportunity to opt out of the Litigation was given pursuant to this Court's November 21, 2008 Order (Docket No. 478), no further opt outs shall be allowed.

Section 5.6     Appeal of Final Judgment and Order.  Notwithstanding the provisions of Article IV, except as otherwise provided in this Stipulation, in the event that an appeal from or relating to the Final Judgment and Order is filed, other than an appeal relating solely to Attorneys' Fees, the City shall not make any payments pursuant to Article IV, until thirty (30) days after the Effective Date.

Section 5.7     Limitation of Liability.  No Person will have any claim against Class Counsel, Plaintiffs, the Claims Administrator, Defendants or Defendants' Counsel, for actions taken in good faith or distributions made substantially in accordance with the Stipulation and the Settlement or further orders of the Court.

## ARTICLE VI

## ATTORNEYS' FEES

Section 6.1     Attorneys' Fees and Litigation Costs.  The Parties ~~have agreed~~agree that Class Counsel will ~~petition the Court for an Order awarding Attorneys' Fees to be paid by the City separate and apart from the Aggregate Settlement Fund if the Parties cannot come to an agreement as to the amount of Attorneys' Fees through negotiation or mediation conducted by Judge Andersen.  Class Counsel has agreed~~ to ~~seek~~be entitled to an award of Attorneys' Fees ~~up to Five Million Nine Hundred Eleven Thousand Four Hundred and Ninety Seven Dollars and Sixty Six Cents ($5,911,497.66) to be paid by the City to compensate Class Counsel for work expended and costs incurred up through the execution of this Stipulation.  If the Parties are unable to come to an~~

21

~~agreement on the payment of Attorneys' Fees prior to Class Counsel filing a fee petition with the Court, Class Counsel reserves the right to seek an additional~~<u>in the amount of FOUR MILLION, EIGHT HUNDRED THOUSAND DOLLARS ($4,800,000.00), subject to Court approval of this Stipulation, the Court approval of Attorneys' Fees, and entry of the Final Judgment and Order</u> ~~Class Counsel has agreed~~ <u>they will not seek or receive any</u> award of Attorneys' Fees ~~for their time and expenses incurred in connection with such petition and subsequent proceedings in connection therewith~~<u>against Defendants except as permitted herein.</u>

       **Section 6.2** <u>**Timing of Payment of Attorneys' Fees**</u>. Payments of Attorneys' Fees to Class Counsel shall ~~occur pursuant to an agreement by the Parties, or by Order of Court upon the final resolution of the issue, but such payment shall, in no event~~<u>be made by the City in two payments of TWO MILLION, FOUR HUNDRED THOUSAND DOLLARS ($2,400,000.00) each, which payments shall</u> be ~~before~~<u>made (a) on</u> January 7, ~~2013.~~<u>2013; and (b) on January 7, 2014.</u>

       **Section 6.3** <u>**Effect on Settlement**</u>. ~~The resolution of Attorneys' Fees to be paid by the City to Class Counsel is separate and apart from the terms of this~~<u>Class Counsel shall file and serve a motion seeking final approval of</u> Settlement~~, and shall not be considered by the Court in its~~ <u>and the Stipulation, which shall include an express request for Court approval of the payment of Attorneys' Fees, prior to the Final Approval Hearing. The Court's review and approval of the payment of Attorneys' Fees shall be considered separate from the Court's</u> consideration of the fairness, reasonableness and adequacy of the Settlement. ~~Neither the Parties' resolution of the issue of Attorneys' Fees, nor any~~<u>Any</u> judicial decision regarding the amount or reasonableness of

Attorneys'' Fees, shall ~~not~~ in any way affect, terminate or cancel the terms of this Stipulation, or have any effect on the finality of the Final Judgment and Order.

Section 6.4    Limitation on Defendants' Obligations for Attorneys' Fees.  Other than as set forth in this Stipulation, Defendants shall not have any obligation with respect to Class Counsel's Attorneys' Fees or expenses.

## ARTICLE VII

## EXPUNGEMENT AND SEALING

Section 7.1    Expungement and Sealing.  The ~~Parties have agreed to work cooperatively in good faith to attempt to offer Class Members the opportunity to expunge or seal records relating specifically to arrests (and concomitant arrest records)~~City agrees that it shall provide Criminal History Record Information to any Member of Subclass A-2 and Subclass A-3 at no cost, upon written request of that Person through the Claims Administration Process, to assist that Person in the process of seeking or obtaining expungement or sealing of their arrest or court records relating to the 2003 Anti-War Protest.  The Parties~~, solely or with the assistance of Judge Andersen, will submit to the Court either an Amended Stipulation or supplemental agreement(s) relating to expungement and sealing as soon as such agreement(s) is (or are) reached.~~ agree that the written request for a Criminal History Record Information shall be made through the Claims Administration process, and that the Criminal History Record Information shall be provided through Class Counsel simultaneously with the payments to Class Members set forth herein.

## ARTICLE VIII

## DISCHARGE OF CLAIMS

Section 8.1    <u>Release by Plaintiffs and Class</u>.   Upon entry of the Final Judgment and Order, the Releasing Parties, whether or not each submits a Proof of Claim or otherwise participates in the Settlement, will be deemed by this Settlement to have, and by operation of the Final Judgment and Order shall have, released and forever discharged the Released Parties from any and all claims, whether such claims are direct or derivative, arising under federal or state law, known or unknown, accrued or unaccrued, relating to or concerning the Settled Claims.

Section 8.2    <u>Release of Settlement Class Members and Settlement Class Counsel by Released Parties</u>.  Upon entry of the Final Judgment and Order, each Released Party individually, completely, voluntarily, knowingly, unconditionally and forever releases and discharges Class Members and Class Counsel from any and all claims, whether such claims are direct or derivative, arising under federal or state law, known or unknown, accrued or unaccrued, relating to or concerning the Settled Claims.

Section 8.3    <u>Assertion of Claims Barred</u>.   The Releases outlined in Section 8.1 and Section 8.2 above shall bar the assertion of any and all claims related to the Settled Claims by the Releasing Parties, the Class Members, and Class Counsel against the Released Parties, and by the Released Parties against the Releasing Parties, the Class Members, and Class Counsel.

## ARTICLE IX

## OBJECTIONS TO SETTLEMENT

Section 9.1    <u>Objection to Settlement</u>.   A Class Member may object to the proposed Settlement if that Person complies with the requirements and procedures set forth in the

24

Preliminary Approval Order and the Notice, with respect to the time within which objections must be served and filed, and with respect to the requirements for written notices of objection. Unless otherwise permitted by the Court, any Class Member who fails to comply with the requirements of the Preliminary Approval Order for asserting objections shall be foreclosed from making any objection to this Settlement.

## ARTICLE X

## IMPLEMENTATION OF STIPULATION

**Section 10.1** <u>Reasonable Efforts</u>. The Parties and their respective Counsel agree to cooperate, assist, and undertake all reasonable actions to effectuate the terms and conditions of this Stipulation and the Settlement.

**Section 10.2** <u>Preliminary Approval of Settlement</u>. After execution of this Stipulation, Class Counsel shall submit this Stipulation to the Court for its consideration and shall request entry of a Preliminary Approval Order in a form to be agreed to by Class Counsel and Defendants' Counsel consistent with the provisions hereof, or for the entry of multiple orders that together provide the same relief.

**Section 10.3** <u>Preliminary Approval Order</u>. The Parties shall request that the Preliminary Approval Order, or multiple orders which together seek the same relief, include provisions which:

(a) Approve the Settlement as within the range of fairness, reasonableness and adequacy;

(b) Approve Notice and Summary Notice consistent with the provisions hereof, respectively, for mailing and publication to notify Persons in the Class of the hearings (i) on final approval of the Settlement; and (ii) Class Counsel's application for an award of Attorneys' Fees;

25

(c)     Direct the Claims Administrator to mail or cause to be mailed the Notice to all Class Members within thirty (30) days of approval by the City Council;

(d)     Direct the Claims Administrator to seek to obtain alternate addresses for any Notices sent out that are returned to sender as "undeliverable," to send to Class Counsel the list of names of the people who did not receive the first set of notices, and to resend the Notice to the Class Members at the alternate addresses within thirty (30) days of the mailing of the Notice;

(e)     Approve the form of the Proof of Claim consistent with the provisions hereof;

(f)     Direct the Claims Administrator to cause the Summary Notice to be published;

(g)     Direct the responsible party to file with the Court proof, by affidavits or declarations, of the mailing of the Notice and publication of the Summary Notice;

(h)     Find that the mailing of the Notice and Publication of the Summary Notice pursuant to Section 11.1 and Section 11.2 constitute the best and most practicable notice to Persons in the Class under the circumstances, and are due and sufficient notice of the Final Approval Hearing, proposed Settlement, application for an award of Attorneys' Fees and other matters set forth in the Notice and Summary Notice to all Persons in the Class and that the Notice and Summary Notice fully satisfy the requirements of due process, the Federal Rules of Civil Procedure and any other applicable law;

(i)     Provide that, pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member either directly, in a representative capacity, a derivative capacity or in any other capacity, shall commence, maintain, or prosecute any other

26

action or proceeding in any court or tribunal against any of the Released Parties asserting any of the Settled Claims;

       (j)    Provide that all written objections to the Settlement shall be filed no later than the deadline for filing Proofs of Claim and, if applicable, must clearly identify any and all witnesses, documents, and other evidence of any kind that is to be presented at the Final Approval Hearing in connection with such objections and must also set forth the substance of any testimony to be given by such witnesses;

       (k)    Schedule the Final Approval Hearing to be held by the Court to consider and determine (i) whether the proposed Settlement should be approved as fair, reasonable and adequate; (ii) whether an order approving the Settlement and an entry of Final Judgment should be entered dismissing the Litigation as provided in this Stipulation; and (iii) the amount Class Counsel shall be awarded in Attorneys' Fees;

       (l)    Provide that, pending a final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation are stayed, except for the proceedings regarding Settlement;

       (m)   Provide that the Final Approval Hearing may, from time to time, and without further notice to Persons in the Class, be continued or adjourned by order of the Court.

## ARTICLE XI

## NOTICE OF SETTLEMENT

     Section 11.1   <u>Notice to Class.</u> ~~Within thirty (30) days after approval of the Settlement by the City of Chicago City Council,~~<u>On or before July 23, 2012,</u> the Claims Administrator shall send copies of the Notice and Proof of Claim by United States Mail, postage prepaid, to Class Members

27

at their last known addresses as appearing in the records maintained by Class Counsel and CPD. The Notice shall be in a form to be agreed to by counsel for the Parties consistent with the provisions hereof. The Claims Administrator shall seek to obtain alternate addresses for any Notices returned as "undeliverable" and to resend the Notice to the Class Members at the alternate addresses within thirty (30) days of the mailing of the Notice.

Section 11.2   Summary Notice.  The Claims Administrator shall publish the Summary Notice, in a form to be agreed to by counsel for the Parties consistent with the provisions hereof, on three (3) occasions in the *Chicago Reader* and *The Onion* in three (3) consecutive weeks, beginning no later than ~~thirty~~fourteen ~~(30) days after approval of the Settlement by the City of Chicago City Council~~14) days following retention of the Claims Administrator.

Section 11.3   Costs of Notice.  Costs of printing and mailing the Notice, the Summary Notice, and publication of the Summary Notice constitute an Administrative Expense as defined in Section 1.1, and thus payable by the City.  Further, all reasonable costs incurred by the Claims Administrator shall be considered Administrative Expenses to be paid by the City.

Section 11.4   Toll-Free Telephone Number.  The Claims Administrator shall maintain a toll-free VRU telephone line and answering service containing recorded answers to frequently asked questions, along with an option permitting potential Class Members to speak to a live operator to leave messages in a voicemail box.

Section 11.5   Website.  The Claims Administrator shall maintain a website for this Settlement for at least 180 days after the expiration of the period for the submission of Proofs of Claim.  The website shall include, at a minimum, copies of the Settlement Agreement, the Notice,

the Proof of Claim and the Preliminary Approval Order, and may be amended from time to time as agreed to by Class Counsel and Defendants' Counsel or as otherwise ordered by the Court.

Section 11.6   <u>Affidavit of Compliance</u>. The Claims Administrator shall file an affidavit of mailing and publications with the Court stating that the Notice was duly provided to the Class Members and Summary Notice published in accordance with the Preliminary Approval Order and covering such other Claims Administration matters as necessary and appropriate or as requested by Class Counsel or Defendants' Counsel or ordered by the Court.

Section 11.7   <u>Adequacy of Notice</u>. The Parties believe that compliance with the procedures described in this Article constitutes due and sufficient notice to Class Members of this Settlement and the Final Approval Hearing and satisfies the requirements of due process. Nothing else shall be required of the Parties, Class Counsel or Defendants' Counsel to provide notice of the Settlement and the Final Approval Hearing.

**ARTICLE XII**

**FINAL APPROVAL HEARING AND FINAL ORDER OF JUDGMENT**

Section 12.1   <u>Final Approval Hearing</u>. In connection with the Final Approval Hearing, the Parties shall file with the Court any such papers as their respective counsel believe necessary and appropriate. At the Final Approval Hearing, the Court will be asked to consider the fairness of the Settlement. The Court will also be asked to consider the reasonableness of Class Counsel's application for the payment of Attorneys' Fees.

Section 12.2   <u>Entry of Final Judgment and Order</u>. At or prior to the Final Approval Hearing, counsel for the Parties shall jointly submit to the Court a proposed Final Judgment and

29

Order, in a form to be agreed to by counsel for the Parties consistent with the provisions hereof which shall:

(a) Approve the Stipulation and Settlement as fair, reasonable and adequate to the Class and approve the Settlement as being in the best interests of the Class, and directing consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b) Approve the payment of Attorneys' Fees as set forth in this agreement as fair and reasonable;

(c) (b) Dismiss the Third Amended Complaint on the merits and with prejudice, except as provided in (ed), below, as to Class Members, extinguishing all claims, rights, demands and causes of action which might have been asserted therein by (1) Plaintiffs on behalf of themselves or the Class, and (2) all Class Members, and discharging Defendants therefrom;

(d) (e) Provide that the Court terminates its jurisdiction over Settled Claims, except to the extent necessary to administer the Settlement, distribute the Aggregate Settlement Fund, and enforce the Final Judgment and Order.

(e) (d) Bar and permanently enjoin Class Members, either directly, representatively, or in any other capacity, from instituting or prosecuting the Settled Claims against any of the Released Parties;

(f) (e) Determine there is no just reason for delay and directing that the Final Judgment and Order be final and appealable; and

(g) (f) Award all unallocated portions of the Aggregate Settlement Fund to the City, as provided for in Section 4.8.

## ARTICLE XIII

## CONDITIONS TO SETTLEMENT

Section 13.1   Conditions to Settlement.  This Settlement shall be of no force or effect and

shall be void *ab initio* without prejudice to the rights of any Party unless each of the following

conditions is fully satisfied:

        (a) ~~Approval by the City Council of the City of Chicago of the Settlement;~~

        <u>(a)</u>  ~~(b)~~ Preliminary approval by the Court of the Settlement pursuant to the

terms outlined herein and the Court's entry of a Preliminary Approval Order; and

        <u>(b)</u>  ~~(c)~~ Entry of the Final Judgment and Order by the Court.

## ARTICLE XIV

## TERMINATION OF SETTLEMENT

Section 14.1   Right to Withdraw.   In the event the Court (a) declines to enter the

Preliminary Approval Order, Final Approval Order or multiple orders, which together provide the

same relief, or (b) enters the Preliminary Approval Order, Final Approval Order or multiple orders

that together provide relief which is substantially different than provided herein, the Parties shall

have the right, within fourteen (14) days thereafter, to withdraw from this Stipulation by written

notice to the other Parties.  In the event that any Person appeals the entry of the Final Approval

Order, and on appeal any appellate court reverses or substantially modifies the Final Approval

Order, or orders relief which is substantially different than provided therein (except as provided in

Section 4.2 herein), the Parties shall have the right, within fourteen (14) days thereafter, to

withdraw from this Stipulation by written notice to the other Parties.  The determination of

whether any difference between the forms of Preliminary Approval and Final Approval Order, or

31

any modification on appeal, is substantial, shall be made by each of the Parties in their sole discretion.

Section 14.2    Effect of Attorneys' Fees.  Neither a modification nor reversal on appeal of any amount of Attorneys' Fees awarded by the Court shall be deemed a substantive modification or reversal of a part of the substantive terms of the Final Judgment and Order, Settlement or of this Stipulation.

Section 14.3    Administrative Expenses.  In the event that any of the Parties elects to withdraw from this Stipulation in accordance with Section 14.1 above, then the cost of any Administrative Expenses incurred prior to the date of termination shall be borne by the City.

Section 14.4    Payment of Attorneys' Fees.  In the event that either of the Parties elects to withdraw from this Stipulation in accordance with Section 14.1 above, then each Party shall pay their own attorneys' fees, and Defendants shall have no obligation whatsoever for the payment of Class Counsel's Attorneys' Fees.

Section 14.5    Reversion to Status Prior to Settlement.  If this Stipulation is not approved, or is otherwise terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as it existed prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders and judgments had not been entered, preserving all of their respective claims and defenses in the Litigation.

## ARTICLE XV

### STIPULATION NOT ADMISSION OF WRONGDOING

Regardless of whether consummated, the fact of entering into or carrying out this Settlement, any exhibits attached to this Stipulation, and any negotiations, proceedings, communications or agreements related hereto, shall not be construed as, offered into evidence as, or deemed to be evidence of, an admission or concession of liability by or an estoppel against any of the Parties, a waiver of any applicable statute of limitations or repose, and shall not be offered or received into evidence or considered, in any action or proceeding against any Party in any judicial, quasi-judicial, administrative agency, regulatory or self-regulatory organization, or other tribunal, other than to enforce the provisions of this Stipulation or the provisions of any related agreement, release, or exhibit thereto, or in the case of any subsequent action against any of the Released Parties, Plaintiffs or Class Counsel on any or all of the Settled Claims in order to support a claim or defense of *res judicata*, collateral estoppel, accord and satisfaction, release or other theory of claim or issue preclusion or similar defense. Notwithstanding the foregoing, the Parties expressly agree that this Stipulation and the related documents may be used by Class Members seeking to expunge or seal any arrest or other records relating to the 2003 Anti-War Protest.

## ARTICLE XVI

### MISCELLANEOUS TERMINOLOGY AND CONSTRUCTION

Section 16.1   Captions.  The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, limit, extend, or describe the scope of this Stipulation or the intent of any of its provisions.

33

Section 16.2   Definitions and Recitals.   The definitions and recitals set forth above are essential elements of this Stipulation.

Section 16.3   Entire Agreement.   This Stipulation and any exhibits attached hereto set forth the entire agreement of the Parties with respect to the Settlement and supersede all prior oral or written agreements, arrangements, understandings, inducements, promises, and warranties, not embodied or incorporated herein, relating to the subject matter of the Stipulation.

Section 16.4   No Representations.   Plaintiffs acknowledge, for themselves and for the Class, that they have not relied upon any representations, warranties, guarantees, promises, statements or estimates, whether written or oral, express or implied, by any of the Released Parties, or anyone representing or purporting to represent the Released Parties.   Plaintiffs acknowledge that they or Class Counsel have undertaken such investigation as they have deemed necessary in connection with entering into the Stipulation and Settlement.

Section 16.5   No Tax Advice.   Plaintiffs acknowledge, for themselves and for the Class, that they have not relied upon any advice, representations, warranties, guaranties, promises, statements or estimates, by Class Counsel, Defendants' Counsel, or any of the Released Parties, or anyone representing or purporting to represent the Released Parties, regarding the tax treatment or effect of any payments made under this Settlement.   Plaintiffs agree, for themselves and for the Class, that in the event it should be subsequently determined that payment of taxes on any amounts received under this Stipulation, or any part thereof, should have been made, that each Class Member shall be personally and solely responsible for all such taxes, as well as for any related penalties or interest which may be due and, in addition, do hereby agree to indemnify and hold harmless Class Counsel, Defendants' Counsel and the Released Parties from any payment,

34

interest, penalty and reasonable attorney's fees and costs incurred by in connection with any claim, including any claim made under the federal or state tax laws.

Section 16.6  Modifications.  The terms and provisions of this Stipulation may not be changed, waived, modified, or varied in any manner unless in writing signed by Defendants' Counsel and Class Counsel, and with consent of the Court, and without further notice to the Class.

Section 16.7  Waiver.  The failure of any Party to enforce at any time any provision of this Stipulation shall not be construed as a waiver of such provisions, nor be construed in any way to effect the validity of this Stipulation or any part hereof or the right of any Party thereafter to insist upon strict performance of each and every provisions of this Stipulation.  No waiver of any breach of this Stipulation shall be held to constitute a waiver of any other breach.

Section 16.8  Successors and Assigns.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their successors and assigns.  No Party may assign its rights or obligations under the Stipulation without the prior written consent of all of the other Parties.

Section 16.9  Third Parties.  Nothing in this Stipulation, whether express or implied, is intended to confer any rights or remedies under or by reason of this Stipulation on any Person other than the Parties and their respective successors and assigns, nor is anything in this Stipulation intended to release or discharge the obligations or liabilities or any third parties to any Party, nor shall any provision give any third parties any right of subrogation or action over or against any Party.

Section 16.10 Notices.   Any and all notices, requests, consents, directives, or communications by any Party intended for any other Party shall be in writing, shall be given personally or by postage-prepaid first-class mail and by postage-prepaid certified or registered

mail, return receipt requested, and shall be deemed delivered when received, and shall be addressed as follows:

(a)     If to the Plaintiffs:

Joey L. Mogul
People's Law Office
1180 North Milwaukee
3rd Floor
Chicago, Illinois 60642

(b)     If to Defendants:

Steven Patton
Corporation Counsel
c/o Thomas Platt
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602

and

Allan T. Slagel
Shefsky & Froelich Ltd.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601

Any Party may, from time to time, change the address to which such written notice, requests, consents, directives or communications are to be mailed, by giving the other Parties ten (10) days prior written notice of the changed address in the manner prescribed above.

Section 16.11 <u>Governing Law</u>.  This Stipulation shall be governed by and construed and enforced in accordance with the laws of the State of Illinois without regard to its choice of law provisions.

Section 16.12 <u>Collaborative Effort</u>.  This Stipulation, and any exhibits, were executed after arm's length negotiations among the Parties and reflects the conclusions of counsel for the

Parties that the contemplated Settlement is fair, equitable and in the best interests of their respective clients. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's length negotiations described above, Parties and their Counsel have contributed substantially and materially to the preparation of this Stipulation.

Section 16.13 <u>No Assignment</u>. Plaintiffs and Class Counsel represent and warrant that none of the Plaintiffs' alleged claims or causes of action against Defendants have been assigned, encumbered or in any manner transferred in whole or in part.

Section 16.14 <u>Terminology and Construction</u>. All personal pronouns used in this Stipulation, whether used in the masculine, feminine or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa. All dates referenced herein shall be calendar days unless otherwise indicated. Should any of the provisions of this Stipulation conflict with the terms of any exhibits hereto, the terms of the Stipulation shall control unless otherwise ordered by the Court.

Section 16.15 <u>Authority</u>. Class Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate. Defendants' Counsel represent that they are authorized to sign this Stipulation on behalf of Defendants, having obtained the necessary approvals from Defendants.

Section 16.16  <u>No Severability</u>.  Invalidation of any material portion of this Stipulation or any exhibit hereto shall invalidate the Stipulation in its entirety unless the Parties shall subsequently agree in writing that the remaining provisions shall remain in full force and effect.

Section 16.17  <u>Counterparts</u>.   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: ~~May 9,~~ June 25, 2012

By: /s/ Joey L. Mogul

One of the Attorneys for Plaintiffs **KEVIN VODAK, SARAH BERGSTRAND, PRUDENCE BROWNE, ROBERT CASTILLO, JOHN PATRICK DONNELL, MATT GAINES, ANGELA GARCIA, KATHLEEN GRUBER, STEVEN HUDOSH, ELIZABETH JOHNSON** and **SOPHIA SIECZKOWSKI AND THE CLASS AND SUB-CLASSES THAT THEY REPRESENT**

Joey L. Mogul
John L.Stainthorp
Janine L. Hoft
Sarah Gelsomino
People's Law Office
1180 North Milwaukee Avenue, 3rd Floor
Chicago, Illinois 60642
Telephone:     (773) 235-0070
Facsimile:     (773) 235-6699

James R. Fennerty
James R. Fennerty & Associates
36 S Wabash Avenue, Suite 1310
Chicago, Illinois 60603

Melinda Power
West Town Community Law Office
2502 W. Division
Chicago, Illinois  60622

By: /s/ Allan T. Slagel

One of the Attorneys for Defendants **CITY OF CHICAGO, TERRY HILLARD, PHILIP CLINE, JAMES MAURER, THOMAS BYRNE, FRANK RADKE, JOSEPH GRIFFIN, THE ESTATE OF JOHN RISLEY, THOMAS EPACH** and **KAREN ROWAN**

Stephen R. Patton
Thomas J. Platt
Alec M. McAusland
City of Chicago – Law Department
121 North LaSalle Street, Suite 600
Chicago, Illinois 60602
Telephone:     (312) 774-0220
Facsimile:     (312) 744-5185

Allan T. Slagel
Brett Nolan
Heather A. Jackson
Shefsky & Froelich Ltd.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011
~~1204842_14~~1212755_2

39

Document comparison by Workshare Compare on Friday, June 22, 2012 10:34:17
AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://SFDMS/SFDB/1204842/14 |
| Description | #1204842v14<SFDB> - Vodak - VERSION 14 Stipulation and Agreement of Settlement (approved by client/filed |
| Document 2 ID | interwovenSite://SFDMS/SFDB/1212755/2 |
| Description | #1212755v2<SFDB> - Vodak - Amended Stipulation and Agreement of Settlement |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | Count |
|---|---|
| Insertions | 37 |
| Deletions | 39 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 78 |

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KEVIN VODAK, et al.,

                    *Plaintiff,*

    *vs.*

CITY OF CHICAGO, et al.,

                    *Defendants.*

No. 03 C 2463

Judge Virginia M. Kendall

## ORDER ON JOINT MOTION TO APPROVE AMENDED
## CLASS ACTION SETTLEMENT

    This matter coming to be heard on the Joint Motion to Approve Amended Class Action Settlement (the "Motion," Docket No. ___), counsel to the Parties being present and the Court being advised, it is hereby ordered that the Motion is granted in its entirety and the Amended Stipulation and Agreement of Settlement is approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. All prior findings regarding the adequacy of the Stipulation and Agreement of Settlement in the Preliminary Approval Order entered by the Court on May 14, 2012 (Docket No. 692) shall apply equally to the Amended Stipulation and Agreement of Settlement.

    It is so ordered.

_____
            Judge Virginia M. Kendall

Dated: June 28, 2012

Vodak_ Order re Joint Motion to Approve Amended Class Action Settlement

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**DONTEL THOMAS and
DALTON JACKSON, on
behalf of Themselves and all Others
Similarly Situated**                                     **PLAINTIFFS**

v.                          **No. 2:15-cv-95-DPM**

**NEAL BYRD, in his Official Capacity;
JOHN THOMAS, individually and in his
official capacity as an employee of City of
Helena-West Helena; and SENTENCING
OPTIONS SPECIALISTS, INC.**                              **DEFENDANTS**

## ORDER

1. The Court held a fairness hearing on the proposed class settlement agreement in Helena on 6 March 2017. The Court confirmed its earlier tentative conclusion that the proposal is within the range of fair, reasonable, and adequate ways to resolve this case. There are some loose ends to tie up, in the next month or so, before the Court can consider giving final approval.

2. All required notices were given. Potential class members received adequate and proper notice of the proposed deal. They had a fair opportunity to make a claim for a share of the settlement fund. The claims process is proceeding well, with thoroughness and the right spirit: the point is to identify all those who were wronged and should get some money. No

potential class member objected in writing to the terms of the proposed settlement by the 31 January 2017 deadline. No potential class member objected at the fairness hearing, or has otherwise contacted the parties or the Court with an objection. The claims period has closed, subject to resolution of disputed and timely claims already made. The time for objections to the proposed settlement has passed.

**3.** The parties must file a joint final claims report by 31 March 2017. This report must be comprehensive. It must include an exemplar of each of the various letters that went out to claimants. It must include a final spreadsheet listing all claims made, approved, and rejected. It must also note whether any rejected claimant has appealed or sought reconsideration. The spreadsheet should list claimants anonymously, by number. A key document, listing claimants by number and name, must be filed under seal by 31 March 2017 too.

**4.** At the fairness hearing, class counsel requested named-plaintiff incentive awards of $25,000 for Dalton Jackson and $10,000 for Dontel Thomas. Jackson attended the hearing and testified. Thomas couldn't attend. Thomas must therefore file a sworn statement in support of his requested

-2-

award by 31 March 2017. The Court will consider and decide about these proposed awards as part of the final-approval process.

5. Two potential side agreements were discussed at the fairness hearing. The first would allow the three class members who opted out of the class to opt in, without waiving non-Rule 8 claims against the defendants in other law suits. Second, class counsel has agreed to drop a pending Circuit Court suit against the Municipal League and the Arkansas Public Entities Risk Management Association, if the Court gives final approval to the settlement. File a joint report attaching the side agreements by 31 March 2017. FED. R. CIV. P. 23(e)(3).

6. How is the money going to be divided? The parties' proposed settlement agreement provides that the $210,000 will cover some incentive award to Jackson and to Thomas (for taking the public lead in filing this case), a reasonable attorney's fee to class counsel (to be set later by the Court), and the balance will be divided among the class members who made timely and valid claims. № 52-1, § IV, D, ¶ 3. At the fairness hearing, class counsel said his requested fee would not be more than $75,000. The Court and the lawyers also discussed how the class members' share should be split — what would be

-3-

the fairest, the most reasonable, and the most efficient method? Two options were discussed: an equal division among all those people with a valid approved claim (*pro rata*); or an unequal division based on the number of days each approved claimant spent in jail without having had a first-appearance hearing before a judge (*per diem*).

For four reasons, the Court has concluded that an equal division is the best method. *First*, sharing the settlement money equally is what the proposed settlement agreement implies would be done. There's a reasonable expectation of a *pro rata* division. *Second*, figuring out a *per diem* award for each person would be complicated and expensive—it would reduce the pot of money available for payment to the approved claimants. The jail and court records are incomplete and cloudy. Lawyers, legal assistants, claimants, and the Court would have to go claim by claim to decide on each person's share. We did this in the *Covington v. Byrd* case; and it was a long, winding road. Greater precision could be achieved in this case, but it would end up taking money out of people's pockets. *Third*, the Court is concerned about fair notice to everyone. The original notices were silent about a *per diem* distribution, so that would be adding something new at the last minute. *Fourth*, the maxim

-4-

is "equity loves equality." There's a basic fairness in dividing the pot equally among all those who asked for a share and showed that they deserved one. No doubt the folks who stayed in jail longer without a bond hearing did suffer more. An equal distribution also recognizes, though, that the constitutional injury occurs when a person has to stay in jail even one day too long. All things considered, a *pro rata* division isn't perfect, but it's good and fair.

**7.** The Court is concerned about the potential *cy pres* distribution of any unclaimed money to a charitable entity. As long as it's cost effective to do so, any unclaimed settlement funds should eventually be distributed equally among all those who made approved claims. *In re Bankamerica Corporation Securities Litigation*, 775 F.3d 1060, 1064 (8th Cir. 2015); PRINCIPLES OF AGGREGATE LITIGATION § 3.07 (2010). If this is impracticable, then the Court must address the fit between the nominated charity (the International Trust for the Humanities, № 52-1, § X, ¶ 1) and this case. Any recipient charity must be one whose "interests reasonably approximate those being pursued by the class." 775 F.3d at 1064.