**Exhibit A Pt.4(c)**

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, AR
E-mail: smonaghan@ar

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Willie Henry
421 Poplar St.
Helena, AR 72342

RE:   Thomas Class Action Lawsuit
      U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Henry:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
      Lucien Gillham
      Tona DeMers
      Kamala Williams
      Ralph Ohm
      Alec Gaines
      Joe D. Byars, Jr.
      Sara Monaghan
      Christian C. Michaels

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, AR
E-mail: smonaghan@arr

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**

Jarmarcus Jackson
332 Hernando St.
West Helena, AR 72390

RE:   Thomas Class Action Lawsuit
      U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Jackson:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
      Lucien Gillham
      Tona DeMers
      Kamala Williams
      Ralph Ohm
      Alec Gaines
      Joe D. Byars, Jr.
      Sara Monaghan
      Christian C. Michael

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A[...]
E-mail: smonaghan@ar[...]

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**

Melvin Jefferson
317 Garland Ave.
West Helena, AR 72390

    RE:    Thomas Class Action Lawsuit
            U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Jefferson:

    Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

                       Sincerely,

                       /s/ Traci L. Squires
                       Paralegal

TLS:
Enclosure
Cc:    Luther Sutter
        Lucien Gillham
        Tona DeMers
        Kamala Williams
        Ralph Ohm
        Alec Gaines
        Joe D. Byars, Jr.
        Sara Monaghan
        Christian C. Michaels



U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
Total Postage and Fees

Postmark
Here

SETT
CHECK

Sent To MELVIN JEFFERSON
Street and Apt. No., or PO Box No. 317 GARLAND AVE.
City, State, ZIP+4® WEST HELENA, AR 72390

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 1370 0000 0868 9425



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MELVIN JEFFERSON
317 GARLAND AVE.
WEST HELENA, AR 72390

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 2198 6193 9444 17

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7016 1370 0000 0868 9425

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@ar

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**

Lakevis King
633 Forest Hill
West Helena, AR 72390

RE:    Thomas Class Action Lawsuit
       U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. King:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:    Luther Sutter
       Lucien Gillham
       Tona DeMers
       Kamala Williams
       Ralph Ohm
       Alec Gaines
       Joe D. Byars, Jr.
       Sara Monaghan
       Christian C. Michaels

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@arn

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Marcus Lockhart
1312 Pecan St.
Helena, AR 72342

RE:   Thomas Class Action Lawsuit
      U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Lockhart:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
      Lucien Gillham
      Tona DeMers
      Kamala Williams
      Ralph Ohm
      Alec Gaines
      Joe D. Byars, Jr.
      Sara Monaghan
      Christian C. Michaels



**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@ar

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Jeremey Lucas
306 Cottonwood Lane
Gosnell, AR 72315

RE:     Thomas Class Action Lawsuit
        U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Lucas:

    Enclosed please find a check in the amount of $4,040.24 in full settlement of this case.
Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within
60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

            Sincerely,

            /s/ Traci L. Squires
            Paralegal

TLS:
Enclosure
Cc:     Luther Sutter
        Lucien Gillham
        Tona DeMers
        Kamala Williams
        Ralph Ohm
        Alec Gaines
        Joe D. Byars, Jr.
        Sara Monaghan
        Christian C. Michael



**SARA MONAG**
ATTORNEY AT L
P.O. BOX 38
NORTH LITTLE ROCK,
E-mail: smonaghan@a

CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $_____
☐ Return Receipt (electronic)        $_____
☐ Certified Mail Restricted Delivery $_____
☐ Adult Signature Required           $_____
☐ Adult Signature Restricted Delivery $_____
Postage
$
Total Postage and Fees
$
Sent To  TASHEBA MASON
Street and Apt. No., or PO Box No. 401 BEECH ST.
City, State, ZIP+4® HELENA, AR 72342

Postmark
Here

SETT
CHECK

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Tasheba Mason
401 Beech St.
Helena, AR 72342

RE:  Thomas Class Action Lawsuit
      U.S.D.C. Case No. 2:15CV95DPM

Dear Ms. Mason:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:    Luther Sutter
       Lucien Gillham
       Tona DeMers
       Kamala Williams
       Ralph Ohm
       Alec Gaines
       Joe D. Byars, Jr.
       Sara Monaghan
       Christian C. Michaels

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece.

1. Article Addressed to:
   TASHEBA MASON
   401 BEECH ST.
   HELENA, AR 72342

9590 9402 2834 7069 6275 45

2. Article Number *(Transfer from service label)*
   7016 1370 0000 6982 2301

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _Tasheba Mase_          ☐ Agent
                          ☐ Addressee
B. Received by *(Printed Name)*    C. Date of Delivery
   Tasheba Mason          08-02
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                     ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☒ Return Receipt for
☐ Collect on Delivery                   Merchandise
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation™
☐ Insured Mail                        ☐ Signature Confirmation
☐ Insured Mail Restricted Delivery      Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SARA MONAGH[AN]**
ATTORNEY AT LA[W]
P.O. BOX 38
NORTH LITTLE ROCK, A[R]
E-mail: smonaghan@arm[...]

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Demetrius Morant
1102 E. Baldwin
West Helena, AR 72390

    RE:   Thomas Class Action Lawsuit
             U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Morant:

       Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

                    Sincerely,

                    /s/ Traci L. Squires
                    Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
      Lucien Gillham
      Tona DeMers
      Kamala Williams
      Ralph Ohm
      Alec Gaines
      Joe D. Byars, Jr.
      Sara Monaghan
      Christian C. Michaels



**SARA MONAGH**
ATTORNEY AT LA
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@arn

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Curtis Spates
P.O. Box 97
Helena, AR 72342

    RE:   Thomas Class Action Lawsuit
           U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Spates:

    Enclosed please find a check in the amount of $4,040.24 in full settlement of this case.
Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within
60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

           Sincerely,

           /s/ Traci L. Squires
           Paralegal

TLS:
Enclosure
Cc:    Luther Sutter
        Lucien Gillham
        Tona DeMers
        Kamala Williams
        Ralph Ohm
        Alec Gaines
        Joe D. Byars, Jr.
        Sara Monaghan
        Christian C. Michaels

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@ar

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**

Kennell Staten
802 Walker St.
Helena, AR 72342

    RE:   Thomas Class Action Lawsuit
          U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Staten:

    Enclosed please find a check in the amount of $4,040.24 in full settlement of this case.
Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within
60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

               Sincerely,

               /s/ Traci L. Squires
               Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
       Lucien Gillham
       Tona DeMers
       Kamala Williams
       Ralph Ohm
       Alec Gaines
       Joe D. Byars, Jr.
       Sara Monaghan
       Christian C. Michaels

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery $

Postmark
Here

SETT
CHECK

Postage
$

Total Postage and Fees
$

Sent To KENNELL STATON
Street and Apt. No., or PO Box No. 802 WALKER ST.
City, State, ZIP+4® HELENA, AR 72342

7016 1370 0000 6982 2233

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:
KENNELL STATON
802 WALKER ST.
HELENA, AR 72342

9590 9402 2834 7069 6276 13

2. Article Number (Transfer from service label)
7016 1370 0000 6982 2233

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Reay Stevenson   ☐ Agent
             ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   300)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, AR
E-mail: smonaghan@ar...

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Willie Strickland
144 S. 9th St.
West Helena, AR 72390

  RE: Thomas Class Action Lawsuit
    U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Strickland:

  Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

       Sincerely,

       /s/ Traci L. Squires
       Paralegal

TLS:
Enclosure
Cc: Luther Sutter
  Lucien Gillham
  Tona DeMers
  Kamala Williams
  Ralph Ohm
  Alec Gaines
  Joe D. Byars, Jr.
  Sara Monaghan
  Christian C. Micha...



Certified Mail Receipt — CERTIFIED MAIL RECEIPT, Domestic Mail Only, OFFICIAL USE. Handwritten: SETT CHECK. Sent To: WILLIE STRICKLAND, 144 S. 9th ST., WEST HELENA, AR 72390. PS Form 3800, April 2015. Article Number: 7016 1370 0000 9864 2093.



PS Form 3811 Domestic Return Receipt. Article Addressed to: WILLIE STRICKLAND, 144 S. 9th STREET, WEST HELENA, AR 72390. 9590 9402 2866 7069 4517 74. Article Number: 7016 1370 0000 9864 2093.

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@arr

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Kevin Terry
321 Russ St.
West Helena, AR 72390

RE: Thomas Class Action Lawsuit
U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Terry:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Traci L. Squires
Paralegal

TLS:
Enclosure
Cc: Luther Sutter
Lucien Gillham
Tona DeMers
Kamala Williams
Ralph Ohm
Alec Gaines
Joe D. Byars, Jr.
Sara Monaghan
Christian C. Michaels



U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Postmark Here: SETT CHECK

Sent To: KEVIN TERRY
Street and Apt. No., or PO Box No: 321 RUSS ST.
City, State, ZIP+4®: WEST HELENA, AR 72390

PS Form 3800, April 2015 PSN 7530-02-000-9047

7016 1370 0000 6982 2257



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
KEVIN TERRY
321 RUSS ST.
WEST HELENA, AR 72390

9590 9402 2834 7069 6275 90

2. Article Number (Transfer from service label)
7016 1370 0000 6982 2257

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, AR
E-mail: smonaghan@ar

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Rickey Walker
401 Beech St.
Helena, AR 72342

    RE:   Thomas Class Action Lawsuit
           U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Walker:

    Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

                     Sincerely,

                     /s/ Traci L. Squires
                     Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
       Lucien Gillham
       Tona DeMers
       Kamala Williams
       Ralph Ohm
       Alec Gaines
       Joe D. Byars, Jr.
       Sara Monaghan
       Christian C. Michae



**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, A
E-mail: smonaghan@ar

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Thomas Webster
618 Elm Street
Helena, AR 72342

RE:     Thomas Class Action Lawsuit
        U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Webster:

Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:     Luther Sutter
        Lucien Gillham
        Tona DeMers
        Kamala Williams
        Ralph Ohm
        Alec Gaines
        Joe D. Byars, Jr.
        Sara Monaghan
        Christian C. Michaels

**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, AR
E-mail: smonaghan@arr

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Calvin Winfield
533 Walker St.
Helena, AR 72342

    RE:   Thomas Class Action Lawsuit
          U.S.D.C. Case No. 2:15CV95DPM

Dear Mr. Winfield:

    Enclosed please find a check in the amount of $4,040.24 in full settlement of this case. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

    Sincerely,

    /s/ Traci L. Squires
    Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
       Lucien Gillham
       Tona DeMers
       Kamala Williams
       Ralph Ohm
       Alec Gaines
       Joe D. Byars, Jr.
       Sara Monaghan
       Christian C. Michaels



**SARA MONAGHAN**
ATTORNEY AT LAW
P.O. BOX 38
NORTH LITTLE ROCK, AR
E-mail: smonaghan@arml

301 West Second Street
North Little Rock, AR 72114
Telephone (501)978-6122

July 31, 2017

**VIA CERTIFIED MAIL**
Donna Borum
117 Frank Frost
Helena, AR 72342

RE:    Thomas Class Action Lawsuit
       U.S.D.C. Case No. 2:15CV95DPM

Dear Ms. Borum:

You indicated on your Claim Form that you wished to pick up your settlement check instead of receiving it by mail. I have the check ready for you to pick up here at our office located at 201 W. 2nd Street, North Little Rock, AR 72114. You may do so Monday through Friday between the hours of 8:00a.m. and 4:30p.m. Please bring a valid photo ID with you when you come. Pursuant to the terms of the Settlement Agreement, this check has to be cashed or deposited within 60 days of receipt. A copy of the Order and Judgment are enclosed for your records.

Sincerely,

/s/ Traci L. Squires
Paralegal

TLS:
Enclosure
Cc:   Luther Sutter
      Lucien Gillham
      Tona DeMers
      Kamala Williams
      Ralph Ohm
      Alec Gaines
      Joe D. Byars, Jr.
      Sara Monaghan
      Christian C. Michaels



EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DONTEL THOMAS, on behalf of Himself
And all Other Similarly Situated                                    PLAINTIFF

V.                                    CASE NO. 2:15CV95BSM

NEAL BYRD, in his Official Capacity; and
The CITY OF HELENA-WEST HELENA                                    DEFENDANTS

## ACKNOWLEDGMENT

I, Donna Borum, being a Claimant in the Thomas v. Helena-West Helena class action lawsuit, hereby acknowledge that I appeared and personally received a settlement check in the amount of $4,040.24 from Traci Squires at the Arkansas Municipal League located at 301 W. 2nd Street, North Little Rock, AR 72114.

_Donna Borum_
Donna Borum

_8 - 7 - 017_
Date

SUBSCRIBED and SWORN to before me on this 7th day of AUGUST, 2017.

_8-16-2022_
My Commission Expires

_Traci S___
Notary Public

TRACI LYNN SQUIRES
Arkansas - Lonoke County
Notary Public - Comm# 12369265
My Commission Expires Aug 16, 2022

**Traci Squires**

| | |
|---|---|
| **From:** | Traci Squires |
| **Sent:** | Tuesday, August 1, 2017 10:43 AM |
| **To:** | Luther Sutter (luther.sutterlaw@gmail.com); 'Lucien Gillham'; 'Tona M. DeMers'; 'Ralph Ohm'; Alec Gaines; 'Joe D Byars' |
| **Cc:** | Sara Monaghan; 'Kamala Williams' (kamala.sglaw@gmail.com); 'Chris Michaels' |
| **Subject:** | Thomas v. HWH |
| **Attachments:** | Letters to Class Members encl check and Order.pdf |

The settlement checks were sent out by certified mail yesterday afternoon, with the exception of Donna Borum who indicated on her claim form that she wanted to pick hers up in lieu of mailing. Dontel Thomas and Dalton Jackson's checks were delivered to Sutter & Gillham along with the attorney's fee check. Pursuant to the Order, a copy of the Order and Judgment were also enclosed. I've attached copies of the enclosure letters with the certified mail receipts for your records.

*Traci L. Squires*
*Certified Paralegal*
*Arkansas Municipal League*



1

**Avery, Michael 10/8/2018
For Educational Use Only**

Dontel THOMAS and Dalton Jackson, on behalf of..., 2017 WL 2900973...

---

2017 WL 2900973 (E.D.Ark.) (Verdict, Agreement and Settlement)
United States District Court, E.D. Arkansas,
Eastern Division.

Dontel THOMAS and Dalton Jackson, on behalf of Themselves and all Others Similarly Situated, Plaintiffs,
v.
Neal BYRD, in his Official Capacity; John Thomas, individually and in his official capacity as an employee of
City of Helena-West Helena; and Sentencing Options Specialists, Inc., Defendants.

No. 2:15-cv-95-DPM.
June 29, 2017.

**Order**

1. The Court adopts Magistrate Judge Volpe's recommendation. The Court resolves the claims objections and late claim as follows:
• Darren Buckner's claim is excluded as untimely. It was received several months late, and it involved events in 2005, which are outside the scope of this lawsuit.

• Staten and Winfield are added to the class. They both filed timely written objections saying that they were denied a first appearance during the class period. The existing records, which are incomplete and imperfect, don't disprove their claims.

• Brown, Jackson, and Webster are added to the class. The Court equitably tolls the objection deadline for them, because they showed up at the claims-exclusion hearing and objected in person. Webster and Jackson said they were denied first appearances. Here again, the patchy records don't disprove these claims. And in Brown's case, the documents prove he qualifies for the class.

• Harvey is added to the class based on extraordinary circumstances. He qualifies as a class member, but missed notice because he had moved; he contacted class counsel on the last day of the claim period, but had no way to file a claim by fax or email that day. He took all the right steps as soon as he reasonably could. And he appeared at the claims exclusion hearing. In these extraordinary circumstances, the Court modifies its prior Order, *No 61 at 2 & 6,* reopens the claims period for Harvey, and includes him in the settlement class. This step will slightly reduce other class members' *pro rata* share, but it's fair in the compelling circumstances presented.

2. The Court grants, as modified, the joint motion to approve the settlement agreement, *No 79.* With an exception previously noted, the proposed settlement agreement, *No 52-1,* is approved as fair, reasonable, and adequate. *In re Flight Transportation Corp. Securities Litigation,* 730 F.2d 1128, 1135 (8th Cir. 1984). The settlement fund pays several thousand dollars in compensatory damages to each approved class member, class counsel's litigation fees and expenses, and the class representative's service awards. Only one class member opted out, and he did so to pursue a similar claim and an unrelated claim in a lawsuit on his own. All material circumstances considered, the settlement fund appropriately covers these amounts. The side agreement, *No 79-2,* is likewise approved. (There is one agreement, not two. *Compare* No 61 at 3.) The side agreement is not self dealing, it's a fair resolution of the related-litigation issues unique to Dontel Thomas, Dalton Jackson, Alexander J. (A.J.) Culler and Lakevis King. (The final claims chart, *No 79-1,* needs to be updated to show that Culler and King are in the class.)

The exception. The Court remains concerned about the proposed *cy pres* distribution of any unclaimed funds. *No 52-1 at 14; 61 at ¶ 7.* Any remaining funds must be distributed equally among all class members - as long as it's cost effective to do so.

**Avery, Michael 10/8/2018
For Educational Use Only**

Dontel THOMAS and Dalton Jackson, on behalf of..., 2017 WL 2900973...

---

*In re Bankamerica Corp. Securities Litigation,* 775 F.3d 1060,1064 (8th Cir. 2015). If distribution to class members is impractical, then the Court must address the fit between the International Trust for the Humanities and this case. No *cy pres* distribution may be made until this is done. *Ibid.*

3. The Court grants the requested injunctive relief against the City of Helena-West Helena and Phillips County. *No 52-1 at 11.* The Court enjoins the City, the County, and all their officials, agents, officers, employees, as follows:
The City and County shall comply with the law in providing timely Arkansas Rule of Criminal Procedure 8 hearings. The City and the County must comply with the law in conducting the proper inquiry into individuals' ability to pay and in appointing adequate representation where appropriate before jailing individuals for failure to pay monies owed to the city or the county. The City and County shall not continue to incarcerate any individual who has not received a timely post-arrest hearing.

The City and County shall not take by action to collect any unpaid fines or costs due from *Thomas v. Byrd* settlement class members as a result of the underlying arrest.

4. In addition to getting a member's share of the settlement fund, Jackson and Thomas are entitled to a reasonable service fee for acting as class representatives. Being the public face for the case cost them time and was a burden in other ways, as documented in Jackson's hearing testimony and Thomas's post-hearing affidavit. All material things considered, though, the amounts requested for their services are too much. The Court awards Jackson $15,000 and Thomas $6,000.

5. Class counsel deserves to be paid for much good work. The billing records are somewhat jumbled, but they're good enough in the circumstances. Class counsel seeks a $75,000 fee, which is more than one-third of the total common fund. It's also the maximum that counsel said, at the fairness hearing, he would seek. Considering the size of the fund, the class, and the work counsel already did (and was paid for) in the *Covington* case on this same issue, $75,000 is a little too much. The sometimes-favored "percentage of the fund" method doesn't fit this case well. *Compare Petrovic v. Amoco Oil Company,* 200 F.3d 1140, 1157 (8th Cir. 1999), *with Johnston v. Comerica Mortgage Corporation,* 83 F.3d 241,244-47 (8th Cir. 1996). The lodestar method best captures the reasonable compensation, in light of all the circumstances, for class counsel's time and effort. 42 U.S.C. § 1988(b); *Blanchard v. Bergeron,* 489 U.S. 87, 93 (1989).

Class counsel's requested hourly rates are too high. The Court recently approved certain rates for the same kind of work in *Covington,* and will use them here: Luther Sutter-$300; Lucien Gillham-$250; and Tona Demers- $225. Using these rates, the time actually spent would produce an even higher fee than counsel has requested. But the Court reduces the amount of time awarded-without addressing specific problems in the billing-because of the groundwork laid in *Covington. Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983); *United Healthcare Corporation v. American Trade Insurance Company LTD,* 88 F.3d 563,574 n.9 (8th Cir. 1996). It was reasonable for Luther Sutter to spend 150 hours working on the case, for Tona Demers to spend 25 hours, and for Lucien Gillham to spend 25 hours. The Court has reduced the time total by 82 hours. The Court doesn't doubt these hours were spent, but they aren't reasonably billed against the common fund in the circumstances. The total fee award is $56,875.

The Court approves the unopposed request for expenses of $6,877.60. These were paid out of pocket, and were reasonable expenses for this case. Most of the expenses were for an experienced paralegal. The tank of airplane fuel is out of the ordinary, but it's a wash with the saved travel time. All said, the award to class counsel for fees and expenses is $63,752.60. Subtracting this and the class representative fees, the settlement fund has $125,247.40 remaining to divide between the 31 approved class members.

Magistrate Judge Volpe's recommendation, *No 73,* is adopted, with thanks. The joint motion to approve the settlement agreement, *No 79,* is granted as modified. Any *cy pres* distribution will abide further Order. The motion for attorney's fees and costs, *No 74,* is mostly granted and partly denied: attorney's fees and expenses of $63,752.60 are awarded out of the common fund to class counsel. Dalton Jackson is awarded $15,000 as a service fee; Dontel Thomas is awarded $6,000 as a service fee; each award is in addition to a *pro rata* share of the common fund balance. If the Court has done the math

**Avery, Michael 10/8/2018**
**For Educational Use Only**

**Dontel THOMAS and Dalton Jackson, on behalf of..., 2017 WL 2900973...**

correctly, each class member will receive $4,040.24. If the Court has made a math error, the parties may adjust the distribution amount accordingly and explain this to class members in a cover letter. The parties must send a copy of this Order and the Judgment to each class member with the check. Judgment will be entered. Joint report on settlement administration due by 1 December 2017.

So Ordered.

<<signature>>

D.P. Marshall Jr.

United States District Judge

29 June 2017

**End of Document**                                                      © 2018 Thomson Reuters. No claim to original U.S. Government Works.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- x

DEIRDRE MACNAMARA, DEEPA MAJMUDAR,
ELIZABETH FLEISCHMAN, REBECCA STONEBACK, x
JASON BARRUS, RANDALL STEKETEE, WENDY
STEFANELLI, DANIELLE WALSH, WILLIAM          x
HOBBS, SIMON HARAK, SONIA CHANDRA,
CELINE MALANUM, ERIKA BIDDLE, DIANA          x
RAIMONDI, RACHEL HEINOLD, NOAH CHARNEY,
STACY COTLER, EMILY FRIEDMAN,                x
SHAHRZAD GHAHREMANI-GHADJAR,
WILLIAM STEYERT JR., CHRISTOPHER THOMAS,     x
KATE ESPOSITO, CAROLYNE ALI-KHAN,
and MICHAEL BINDER, individually, and on behalf of   x
all others similarly situated,

                                              x

                            Plaintiffs,

     -against-             x

THE CITY OF NEW YORK, a municipal entity;            x
MICHAEL BLOOMBERG, Mayor of the City of
New York; RAYMOND KELLY, New York City Police       x
Commissioner; GARY MCCARTHY, Deputy
Commissioner of the New York City Police Department  x
("NYPD"); DAVID COHEN, Deputy Commissioner of
Intelligence for the NYPD; STEPHEN                   x
HAMMERMAN, Deputy Commissioner for Legal
Matters for the NYPD; THOMAS DOEPFNER,               x
Assistant Deputy Commissioner for Legal Matters for
the NYPD; NYPD Special Counsel                       x
RUBY MARIN-JORDAN; JOSEPH ESPOSITO,
Chief of the New York City Police Department;        x
NICHOLAS ESTAVILLO, NYPD Chief of Patrol;
THOMAS GRAHAM, Commander, Disorders Control          x
Unit for the NYPD; BRUCE SMOLKA, former
Commander, Patrol Borough Manhattan South for the    x
NYPD; TERENCE MONAHAN, Assistant Chief of the
Bronx Borough Command; JOHN J. COLGAN,               x
Assistant Chief for the NYPD; JACK MCMANUS,
Assistant Chief; MICHAEL SCAGNELLI, Assistant        x
Chief for the NYPD; STEPHEN PARAGALLO,
Deputy Chief for the NYPD; JAMES O NEILL,            x
Deputy Chief for the NYPD; NYPD Inspector
JAMES ESSIG; NYPD Inspector THOMAS GALATI;           x

**ECF Case**

**No. 04 Civ. 9216 (RJS) (JCF)**

**JOINT MEMORANDUM OF
LAW IN SUPPORT OF
MOTION FOR FINAL
APPROVAL OF CLASS
ACTION SETTLEMENT**

NYPD Inspector GERALD DIECKMANN;
NYPD Inspector JAMES SHEA; NYPD Inspector          x
THOMAS DIRUSSO; NYPD Inspector ANTHONY
BOLOGNA; NYPD Inspector JAMES MCCARTHY;            x
NYPD Inspector KEVIN WARD; NYPD Deputy
Inspector KERRY SWEET; NYPD Inspector JOHN         x
HUGHES; NYPD Captain MATTHEW HYLAND;
NYPD Captain CHRIS MONAHAN; NYPD Captain           x
(First Name Unknown ("FNU")) JASKARAN; NYPD
Captain RONALD MERCANDETTI; NYPD Captain           x
JOSEPH DOWLING; NYPD Captain WILLIAM J.
TRACEY; NYPD Captain WILLIAM CROSSAN;              x
NYPD Captain DERMOT SHEA; NYPD Lieutenant
MARK KEEGAN; NYPD Lieutenant JOHN WOLF;            x
NYPD Sergeant MICHAEL INGRAM; New York City
Police Supervisor ("FNU") ROMAN; NYPD Sergeant     x
RONALD MYERS (Shield No. 5146); NYPD Sergeant
RAFFI OVANESSIAN; New York City Police Officers    x
JOHN WOODS (Shield No. 2878); BRIAN
MCSWEENEY (Shield No. 31411); MELVIN REYES;        x
MONA PHILLIPS; STEPHEN NELSON; NOEL
RODRIGUEZ (Shield 09319); NEIL RODRIGUEZ           x
(Shield No. 21015); DENISE ROSE-HINKSMAN
(Shield No. 19599); MICHAEL FILOSETA; KEVIN        x
SAM;TYRONE RIGGAN; MICHAEL BOYLE;
MICHAEL BALICKI; JOHANNA GREENBERG-                x
-MCMINN; JASON MARTINOFF (Shield No. 30808);
ANTHONY MASON; KEVIN SCOTT; ELVIS SUERO            x
(Shield No. 3836); DERRICK BAITY; JAMES CHUNG;
GEORGE SHANNON; COURTNEY HAMLIN and                x
MELISSA ROMAN-DE LACY; New York City Police
Supervisors and Commanders RICHARD ROEs 1-50;      x
New York City Police Officers JOHN DOEs 1-50,

                                                   x

                    Defendants.
------------------------------------------------------------------------- x


        Plaintiffs and Defendants, by and through their undersigned counsel, respectfully submit this

Joint Memorandum of Law In Support of their Motion for an Order Granting Final Approval of the

Proposed Class Action Settlement in this matter.

## I.    THE SETTLEMENT AGREEMENT SHOULD BE APPROVED
          AS FAIR, ADEQUATE AND REASONABLE, AND NOT
          THE PRODUCT OF COLLUSION.

Federal Rule of Civil Procedure 23(e) requires court approval of any agreement that results in

the settlement, voluntary dismissal or compromise of a class action. Before such an agreement may

be approved, the district court must determine that the settlement is fair, adequate, and reasonable,

and not a product of collusion. *Joel A. v. Giuliani,* 218 F.3d 132, 138 (2d Cir. 2000).

### A. Procedural Fairness

The Court's scrutiny of the fairness of a settlement agreement properly includes an

examination of the procedure the parties followed in reaching the settlement. *D'Amato v. Deutsche

Bank,* 236 F.3d 78, 85 (2d Cir. 2001). The Court must ensure that the settlement resulted from

"arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability, and

have engaged in the discovery, necessary to effective representation of the class's interests."

[Citation omitted]

The process followed in the negotiations in this case meets the Second Circuit's standards for

procedural fairness. Plaintiffs' counsel are experienced in civil rights and class action litigation.

The settlement negotiations occurred after extensive discovery in this and related cases. They also

followed this Court's Opinion and Order dated September 30, 2012, in which this Court decided the

parties motions for partial summary judgment, including, *inter alia*, denying Defendants motion for

summary judgment with respect to the false arrest claims at Fulton Street; granting Plaintiffs motions

for summary judgment with respect to the false arrest claims at Fulton Street; granting Defendants'

motion for summary judgment with respect to the constitutionality of the No-Summons Policy and

3

Fingerprinting Policies; denying Plaintiffs' cross motions for summary judgment with respect to the constitutionality of the No-Summons Policy and Fingerprinting Policies; granting Plaintiffs' motions for summary judgment with respect to their state law fingerprinting claims. Further, extensive settlement negotiations occurred over the course of many months under the guidance of an experienced federal magistrate, the Honorable James Francis. There was substantial give and take between the parties on each of the issues and there is no suggestion that the negotiations were not at arms-length or that there was any collusion.

## B. Substantive Fairness – The Grinnell Factors

The Second Circuit also requires a court to review the substance of the agreement to assure that it is fair, adequate, and reasonable. The Second Circuit applies the factors catalogued in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir.1974) with respect to a substantive review of the fairness of a settlement. As the Court noted in *D'Amato*, 236 F.3d at 86, these factors include:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]"

Consideration of these factors weighs in favor of approval of the settlement agreement.

1.    The complexity, expense and likely duration of the litigation. Had the case not settled, the parties would have engaged in a lengthy trial, most likely solely on the issue of liability in the first instance. Even before a trial, given the Court's decision on summary

4

judgment, issues relating to qualified immunity would have gone up on appeal to the Second Circuit. Had the plaintiffs prevailed on this first stage at trial, hearings would have occurred to identify claimants and to determine what damages, if any, individual class members were entitled to recover. Even if the plaintiffs did not prevail at the liability stage of the trial, there would have been trials on the claims of the twenty four individual class representatives. Such proceedings would likely have been time consuming, further delaying a final resolution.

2. The reaction of the class to the settlement. All twenty-four (24) of the individual class representatives have agreed to the settlement. This alone is some indicia of the appropriateness of settlement. Following preliminary approval of the class action settlement, notice was sent to all class members. 1165 individuals were notified by mail. *See,* Declaration of Jenny Cudworth, July 9, 2014, ¶6. In response, 619 unique Claims Acceptance Forms were received. Of that total, 579 were timely and fully completed, 12 were completed but were received after the June 23, 2014 deadline with missing or illegible postmarks and therefore are not known if they are in fact timely (received through the period of June 25, 2014 and July 8, 2014), 4 forms were timely but incomplete, 19 were completed but filed after the June 23, 2014 deadline, 2 were incomplete and filed after the June 23, 2014 deadline and 3 were filed by individuals who were not on the Class list (one filed timely but the other two wree filed after the June 23, 2014 deadline). *See*, Declaration of Jenny Cudworth, ¶17. It is believed that the three individuals who were not on the Class list were initially arrested as John or Jane Does. Only two individuals have set forth, as required by the notice, written objections to the settlement. Opposition to the settlement by class members does not, in and of itself, support a finding that the proposed settlement in this case is unfair. Moreover, the two individuals who have objected

5

have not objected to the amounts being paid to class members. Courts have recognized the appropriateness of approving a class settlement, even in the face of opposition from class members, including named plaintiffs. *Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004) (citing cases). Here, no named class representatives have objected to the proposed settlement. The only 2 who have filed written objections raised concern over their arrest location not having been certified by this Court and not with respect to any amounts offered under the proposed settlement. Clearly, none of the class representatives and class members have expressly objected to the approval of the proposed settlement, which therefore strongly counsels this Court to approve the settlement.

3.    The stage of the proceedings and the amount of discovery completed. Virtually all pretrial discovery was completed prior to the start of negotiations. The parties have exchanged thousands of documents and have taken hundreds of depositions in this and the related litigations. Plaintiffs' class counsel are experienced in cases involving the rights of demonstrators alleging violations of their rights for being arrested during demonstrations and are aware of the significant risks that the plaintiff class would face if this matter were to go to trial. Thus the parties were in a good position to evaluate the strengths and weaknesses of their cases and this knowledge assisted the parties in achieving a fair and adequate settlement.

4, 5 & 6.    Attendant risks of on-going litigation, rather than settlement. This case is not out of the ordinary as to the risks of establishing liability or damages, or the risks of maintaining class claims through the trial. As in all cases, risks existed, and as in all complex cases, those risks were probably greater for both sides than in a less complex case. Trial would have involved multi-stage presentation of evidence on issues of whether the conduct of the defendants violated

6

the First, Fourth and Fourteenth Amendments to the U.S. Constitution. It would also have

involved presentation of statistical analyses and scientific evidence for the jury by experts for

both the parties. The defendants, of course, would have vigorously contested plaintiffs' evidence

and arguments through the presentation of their own case and cross-examination of plaintiffs'

witnesses. Both sides would likely have appealed an adverse determination at any stage of these

proceedings. These factors weigh in favor of settlement.

7. The ability of the defendants to withstand a greater judgment. While the City

undoubtedly is in a position to withstand a greater monetary judgment, this is not grounds to

reject the settlement here, in light of all the other factors which favor approval of the settlement.

8 & 9. The range of reasonableness of the settlement fund in light of the best possible

recovery and in light of all the attendant risks of litigation. These factors, too, weigh in favor of

approving the settlement. The settlement amount to be awarded to each class member for their

class claims are within the range of reasonable recoveries in similar cases.

For all of the above reasons, this Court should give preliminary approval of the settlement

at this time, and final approval after the fairness hearing has occurred.

7

## CONCLUSION

On the basis of the foregoing, the parties request that the Court grant final approval of the

class action settlement.

Dated:      New York, New York
             July 9, 2014


                              Respectfully submitted,


                              JONATHAN C. MOORE (JM 6902)
                              BELDOCK LEVINE & HOFFMAN LLP
                              99 Park Avenue - 16th Floor
                              New York, New York 10016
                              (212) 353-9587

                              *Attorneys for the Named Plaintiffs*
                               *And the Plaintiff Class*


                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street
                              New York, New York     10007
                              (212) 356-3532


                              By:   /s/  Peter G. Farrell
                                    Peter G. Farrell, Esq.


8

U.S. FILED

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER WERT, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | **Case No.** |
| PATRICK SPELLMAN, | ) | |
| Defendant. | ) | 1:02-CV-1553 LJM |

=================================================

# COMPLAINT FOR DAMAGES

=================================================

Plaintiff Jennifer Wert, by counsel, hereby complains against Defendant Patrick Spellman as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

2.      This Court has jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper under 28 U.S.C. §§ 94(b) and 1391 in that the cause of action arises in the Southern District of Indiana, Indianapolis Division.

## PARTIES

4.      Plaintiff Jennifer Wert is an adult domiciled in Marion County, Indiana.

5.      Defendant Patrick Spellman is employed as an officer in the Indiana State Police, though this lawsuit is against him in his individual rather than official capacity.

## FACTUAL ALLEGATIONS

6.      On 19 September 2002 at about 9:30 a.m. Plaintiff was driving her car near the intersection of Interstate 70 and Emerson Avenue in Indianapolis, Indiana.

7.      Plaintiff had recently moved to Indianapolis from Ohio.

8.      Plaintiff was traveling to downtown Indianapolis for an appointment with a child support agency so that she could obtain overdue support for her daughter.

9.      Plaintiff attempted to drive her car onto the entrance ramp to Interstate 70 at the Emerson Avenue interchange; however, Defendant was blocking it with his police cruiser.

10.      On Plaintiff's information and belief, Defendant was doing so because road construction merited limiting access to the interstate.

11.      Plaintiff drove her car alongside Defendant's so that she could ask him directions.

12.      As she lowered her car window, Plaintiff saw Defendant saying something and gesturing through his closed window; he appeared to be shouting and Plaintiff felt sure that he did not want to talk to her.

13.      Plaintiff said, "I was just asking for directions," and put her car in reverse; she then said "Asshole," while she was backing her car up.

14.      Plaintiff did not shout either the phrase or the word, nor did she say either in a raised voice.

15.      While she was waiting for the opportunity to merge into the Emerson Avenue traffic, Plaintiff saw that Defendant had driven his car next to hers and was walking around to her driver's side door.

16.      Defendant ordered Plaintiff out of her car; she complied.

17.      Defendant ordered Plaintiff to place her hands on the roof of her car.

18.      She started to comply, but before she could get her hands there Defendant had handcuffed her.

19.      Defendant placed Plaintiff in the back of his squad car and put the seat belt on her.

20.      Defendant called a tow truck for Plaintiff's car.

2

21.    Defendant drove Plaintiff to the City-County Building in Indianapolis.

22.    Plaintiff was then processed by a member of the Marion County Sheriff's Department.

23.    Plaintiff had not been told what crime she had been charged with.

24.    According to an Officer Simmons, the charge was Intimidation of a police officer, a Class D felony.

25.    Plaintiff is divorced and has sole custody of her five-year-old daughter.

26.    Her daughter was at school when Plaintiff was arrested.

27.    Plaintiff had great difficulty in arranging for her daughter to be picked up after school.

28.    Plaintiff was never taken for a court hearing.

29.    Plaintiff was never charged with any crime.

30.    On 20 September 2002 in the afternoon an officer released Plaintiff from the cell she was in and handcuffed her.

31.    This officer took Plaintiff to where her belongings were, removed the handcuffs, and ordered Plaintiff to leave the building.

32.    At no time did Plaintiff communicate a threat to Defendant.

## DAMAGES

33.    As a result of her arrest, Plaintiff missed one day of work.

34.    As a result of her arrest, Plaintiff's car was impounded and she had to pay a $95.00 wrecker bill to reclaim it; a copy of said bill is attached to this complaint.

35.    As a result of her arrest, Plaintiff had to miss her child support appointment; the agency will not be able to reschedule it for a month.

36.    As a result of her arrest, Plaintiff suffered anxiety over her daughter's whereabouts and well-being.

37.    As a result of her arrest, Plaintiff is now under a psychologist's care.

38.     As a result of her arrest, Plaintiff suffered great humiliation and hedonic damages.

## LEGAL ALLEGATIONS

39.     Intimidation is a Class A misdemeanor pursuant to Indiana Code § 35-45-2-1.

40.     Intimidation is a Class D felony if the threat is communicated to a law enforcement officer, such as Defendant, pursuant to Indiana Code 35-45-2-1(b)(1)(i).

41.     Defendant's arrest and confinement of Plaintiff constituted a denial of due process in violation of the Fourth and Fourteenth Amendments, redressable pursuant to 42 U.S.C. §1983.

## CLAIM FOR RELIEF

42.     Plaintiff requests that this Court assume jurisdiction over this cause, grant her compensatory damages, costs, attorney fees, and punitive damages, along with all other just and proper relief in the premises.

## JURY TRIAL REQUEST

43.     Plaintiff requests that all legal claims be tried to a jury.

Respectfully submitted,

Chris K. Starkey
Attorney for Plaintiff Jennifer Wert
Suite 600
One Virginia Avenue
Indianapolis, Indiana 46204
(317) 951-2200

4



# MEACHAM WRECKER SERVICE, INC.

2802 W. McCarty Street
INDIANAPOLIS, INDIANA 46221
**(317) 636-0452**

W-1

3465

9-19-02      10:30      ＡＭ   State Police

Emerson Ave S.B. At I-70

| MILEAGE | SERVICE TIME | EXTRA PERSON |
|---|---|---|
| FINISH | FINISH | FINISH |
| START | START | START |
| TOTAL | TOTAL | TOTAL |

98 Volkswagon Jetta Red 4-Door      Jeff #50

Ohio AUS4513 3VWRF81H7WM156158

|  |  | SPECIAL EQUIPMENT |
|---|---|---|
| ☐ SLING HOIST TOW | ☐ FLAT TIRE | ☐ SINGLE LINE WINCHING |
| ☐ WHEEL LIFT | ☐ OUT OF GAS | ☐ DUAL LINE WINCHING |
| ☐ FLAT BED RAMP | ☐ WRECK | ☐ SNATCH BLOCKS |
| ☐ START | ☐ RECOVERY | ☐ SCOTCH BLOCKS |
| ☐ LOCK OUT |  | ☐ DOLLY |

Meacham's Lot.

REMARKS
$15.00 per day or Any Part of
The day for Storage.

| MILEAGE CHARGE |  |
|---|---|
| TOWING CHARGE | 65 00 |
| LABOR CHARGE |  |
| STORAGE CHARGE | 30 00 |

Jennifer West
OPERATOR'S SIGNATURE

AUTHORIZED SIGNATURE

TOTAL   95 00

**Road Service**

PRODUCT #XX

72959

**NEBS** To Reorder:
800-225-6380 or nebs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JENNIFER WERT,            )
        Plaintiff,     )
                               )
        vs.                 )       1:02-cv-1553-LJM-VSS
                               )
PATRICK SPELLMAN,    )
        Defendant.   )

## ENTRY OF JUDGMENT

Through a jury verdict in this cause in favor of plaintiff, Jennifer Wert, and against defendant,

Patrick Spellman, on the plaintiff's claim under 42 U.S.C. § 1983 for violation of her Fourth

Amendment right to be free from unreasonable seizure, the Court enters judgment in favor of

plaintiff, Jennifer Wert, and against defendant, Patrick Spellman, in the amount of $30,171.50 in

compensatory damages and $20,000.00 in punitive damages.

DATED this **12** day of April, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

_____
LAURA A. BRIGGS, CLERK
United States District Court
Southern District of Indiana

By: _____
Deputy Clerk

Distribution attached.

Electronically distributed to:

Shannon D. Bogard
INDIANA STATE ATTORNEY GENERAL
sbogard@atg.state.in.us

Chad M. Buell
INDIANA STATE ATTORNEY GENERAL
cbuell@atg.state.in.us

Lawrence M. Reuben
lmreubenlaw@yahoo.com

Christopher Kenneth Starkey
LAW OFFICE OF LAWRENCE M. REUBEN
starkeyck@msn.com

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JENNIFER WERT,                          )
        Plaintiff,                       )
                                         )
    vs.                                  )       1:02-cv-01553-LJM-VSS
                                         )
PATRICK SPELLMAN,                        )
        Defendant.                       )

## **VERDICT FORM**

Please complete all the questions that are applicable.

We, the Jury in the above entitled action, find the following:

1.  Did defendant, Patrick Spellman, violate plaintiff's, Jennifer Wert's, Fourth Amendment right to be free from unreasonable seizure?

    YES __✓__              NO _____

If you answered yes, proceed to the next question. If you answered no, sign and date this Verdict Form.

2.  Did plaintiff, Jennifer Wert, suffer damages as a proximate result of defendant's, Patrick Spellman's, violation of her Fourth Amendment right to be free from unreasonable seizure?

    YES __✓__              NO _____

If you answered no, sign and date this Verdict Form. If you answered yes, then you should now determine the amount of compensatory damages to which plaintiff, Jennifer Wert, is entitled from defendant, Patrick Spellman. Enter the amount here then proceed to the next question.

    Amount (if appropriate) $ __30,171.50__

3.  Is plaintiff, Jennifer Wert, entitled to a punitive damage award against

defendant, Patrick Spellman?

YES ✓    NO _____

If you answered no, sign and date this Verdict Form. If you answered yes, then you must now determine the amount of punitive damages to assess against defendant, Patrick Spellman. If appropriate, enter the amount here. Sign and date this Verdict Form.

Amount (if appropriate) $ _20,000_

_Robert M. Shofstar_

**FOREPERSON**

**DATE:** _4 - 12 - 05_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEVIN VODAK, et al.,

       *Plaintiff,*

  *vs.*

CITY OF CHICAGO, et al.,

       *Defendants.*

No. 03 C 2463

Judge Virginia M. Kendall

## JOINT MOTION TO APPROVE
## AMENDED CLASS ACTION SETTLEMENT

  Defendants City of Chicago (the "City"), Terry Hillard, Philip Cline, James Maurer, Thomas Byrne, Frank Radke, Joseph Griffin, the Estate of John Risley, Thomas Epach and Karen Rowan (collectively, "Defendants"), and Plaintiffs Kevin Vodak, Sarah Bergstrand, Prudence Browne, Robert Castillo, John Patrick Donnell, Matthew Gaines, Angela Garcia, Kathleen Gruber, Steven Hudosh, Elizabeth Johnson, Sophia Sieczkowski, individually and on behalf of the Class and Subclasses that they represent (collectively, "Plaintiffs") (Defendants and Plaintiffs are collective referred to as the "Parties" herein), move this Court to approve the Amended Stipulation and Agreement of Settlement[1] (the "Amended Stipulation," attached hereto as Exhibit A).  In support of this Motion, the Parties state as follows:

  1. The Parties previously entered into a Stipulation and Agreement of Settlement of Class (the "Stipulation," Docket No. 689-1), which set forth the terms and conditions of the Parties' Settlement, including payments to members of the Class and various Subclasses who filed timely and complete Proofs of Claim.  In addition, the named Plaintiffs and Class Members who had been deposed in this case will receive incentive payments.  The total amount of the

---

[1]  Unless specifically defined herein, all capitalized terms shall have the meanings provided in the Amended Stipulation and Agreement of Settlement between the Parties.

agreed upon Settlement Fund is $6.2 million. In exchange, the Defendants received a release from all members of the Class relating to any and all claims relating to or arising through the 2003 Anti-War Protest. The Stipulation received preliminary approval from this Court on May 14, 2012. (Docket No. 692.)

2.      Since the Court preliminarily approved the Stipulation, Parties have agreed upon additional terms, including the City's payment of attorneys' fees for Class Counsel in the amount of $4.8 million and the City's role in assisting the members of Sub-Class A-2 and A-3 in obtaining expungement of their arrest and/or court records. Specifically, the Parties agreed that the City will provide Criminal History Record Information ("CHRI") to those members who request such as a part of the Claims Administration process, at no charge (which is normally $16), for a total value of $6,400 for up to approximately 400 potential requests from Class Members. The CHRIs will be provided to Class Counsel contemporaneous with the settlement payments.

3.      Accordingly, the following specific changes to the Stipulation are deemed necessary and appropriate by the Parties to memorialize the Parties' agreement:

> (a)      Article VI of the Stipulation was amended to include the Parties' resolution of the issue of attorneys' fees, which as of the date of preliminary approval of the Settlement remained unresolved. Specifically, the Parties agreed that the City shall pay Class Counsel an amount of $4.8 million in two equal installments to be paid on January 7, 2013 and on January 7, 2014. The Amended Stipulation reflects this additional agreement. (*See, e.g.,* Amended Stipulation, §§ 6.1, 6.2.)

> (b)      The Stipulation was amended to include the Parties' agreement with respect to the issue of expungement of the arrest histories and/or court records by members of the A-2 and A-3 Subclasses, namely the provision of CHRIs to requesting Class Members who timely file Proofs of Claim. *Id.*, Article VII.

4.      In addition, the Parties agreed to modify the timing of the mailing of the Notice and the publication of the Summary Notice. The initial Stipulation provided that the mailing of

the Notice would be sent out thirty (30) days after City Council approval was provided.  The City Council approved the Settlement on June 6, 2012, which would require the Notice to be mailed out on July 6, 2012.  Because the Claims Administrator is only now being retained (by and through the Order on the Joint Motion to Approve Notices and Schedule Final Approval Hearing), this is an insufficient period of time in which to complete the mailing.  Therefore, the Parties agreed to amend the schedule for mailing the Notice (to July 23, 2012) and publishing the Summary Notice (with the initial publication within 14 days of retention of the Claims Administrator).  (*Id.,* Section 11.1.)  The Parties have consulted with the Claims Administrator, who has proposed that these are reasonable dates for mailing the Notice and publishing the Summary Notice.

5.     A copy of the Amended Stipulation is attached hereto as Exhibit A, and a redline marking the changes from the Stipulation is attached hereto as Exhibit B.  The Parties jointly respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit C, providing for approval of the Amended Stipulation.

WHEREFORE, the Parties request that this Honorable Court enter an order in substantially the form attached hereto as Exhibit C, approving the Amended Stipulation attached hereto as Exhibit A, and granting such other and further relief as this Court deems just and appropriate.

Dated:  June 26, 2012


|  | By:   s/  Heather A. Jackson |
|---|---|

Allan T. Slagel (ARDC No. 6198470)
aslagel@shefskylaw.com
Cary E. Donham (ARDC No. 6199385)
cdonham@shefskylaw.com
Heather A. Jackson (ARDC No. 6243164)
hjackson@shefskylaw.com
Shefsky & Froelich Ltd.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:      (312) 527-4000
Facsimile:      (312) 527-4011

One of the Attorneys for Defendants
**CITY OF CHICAGO** and **TERRY HILLARD, FORMER SUPERINTENDENT OF THE CHICAGO POLICE DEPARTMENT**


|  | By:   s/ Joey L. Mogul |
|---|---|

Joey L. Mogul
John L. Stainthorp
Janine L. Hoft
Sarah Gelsomino
People's Law Office
1180 North Milwaukee Avenue, 3rd Floor
Chicago, Illinois 60642
Telephone:      (773) 235-0070
Facsimile:      (773) 235-6699

One of the Attorneys for Plaintiffs

1213947_2

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF CALIFORNIA

3

4   DANIEL SPALDING, et al.,          No. C11-02867 TEH (LB)

5          Plaintiffs,

6       vs.

7   CITY OF OAKLAND, et al.

8       Defendants.

9

10  **SETTLEMENT AGREEMENT**

11      The Parties: Plaintiffs DANIEL SPALDING, KATHARINE LONCKE,

12  DANIELLE LOPEZ GREEN, ADRIAN DRUMMOND-COLE, on behalf of themselves

13  and each Class Member, as defined below; Defendants CITY OF OAKLAND,

14  ANTHONY BATTS, HOWARD JORDAN, JEFF ISRAEL, ERIC BRESHEARS,

15  EDWARD TRACEY, ANTHONY TORIBIO, DAVID DOWNING, ERSIE JOYNER,

16  MIKE POIRIER, and DARRIN ALLISON (hereafter, "OAKLAND DEFENDANTS");

17  and Defendants COUNTY OF ALAMEDA and GREGORY AHERN (hereafter,

18  "COUNTY DEFENDANTS"); by and through their respective counsel, agree and

19  stipulate as follows.

20  **I. *The Litigation***

21      On June 13, 2011, Plaintiffs filed a class action complaint asserting violations of

22  their First, Fourth, and Fourteenth Amendment rights, and their rights under California

23  state law, arising from a mass arrest which occurred on November 5, 2010.  The 150

24  Class Members were arrested during a march protesting police misconduct and the

25  sentencing of Johannes Meserhle, the BART officer convicted in the death of Oscar

26  Grant. It is undisputed that the Class Members were not given an order or opportunity to

27      *SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 1

28  **EXHIBIT 1**

1  disperse.

2      Following their arrest by the Oakland Police and a period of detention on the

3  street, the 150 Class Members were placed in the custody of the Alameda County Sheriff

4  and detained in buses and other vehicles, and in an Alameda County Jail holding area, for

5  a total of 14 - 24 hours before being released with citations for unlawful assembly.  No

6  charges were ever filed against any of the Class Members.

7      Plaintiffs alleged that the arrests and imprisonment violated the OPD Crowd

8  Management / Crowd Control Policy adopted in settlement of *Coles v. City of Oakland*

9  and *Local 10, ILWU, v. City of Oakland*, Nos. C03-2961 and 2962 TEH.

10     Plaintiffs requested monetary damages, attorney's fees and costs, and an injunction

11 to restrain defendants from continuing to violate plaintiffs' rights and the protections for

12 these rights in the Crowd Control Policy; and an order requiring defendants to seal and

13 destroy all records derived from this arrest, and declaring the arrests null and void.

14     On March 23, 2012, the Court granted Plaintiffs' motion for class certification.

15 (Docket No. 41.) In May, 2012, Plaintiffs' Counsel disseminated class notice in the

16 manner specified in this Court's May 8, 2012, Order (Docket No. 54.)  The class notice

17 specified a deadline to June 20, 2012, for exclusion from the class. No one requested to

18 be excluded from the class.

19     The Parties engaged in preliminary discovery including written discovery, and

20 depositions of two Oakland Police defendants and two Sheriff's personnel. The Parties

21 then agreed to stay discovery and litigation and engage in settlement discussions.

22                       **II. *The Settlement Process***

23     Between June 18, 2012 and the present, the Parties have participated in four all day

24 and two partial day settlement conferences with Magistrate Judge Laurel Beeler, as well

25 as several telephone conferences with Judge Beeler and a separate meeting between

26 plaintiffs' counsel and the Alameda County defendants.  As a result of these extensive

27

28            *SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 2

settlement negotiations, and with Judge Beeler's assistance, the Parties have now agreed on a complete settlement of this litigation, the terms of which are set forth below.

Plaintiffs and Defendants have taken into account the uncertainty, risks, time and expense inherent in litigation, and have concluded that it is reasonable, desirable and in the public interest that this litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Plaintiffs and their counsel believe that the settlement as set forth in this Stipulation confers substantial benefits on the Class, and the general public, and that it is fair and reasonable. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class.

### III. *The Settlement Agreement and Terms of Stipulation*

**A. Definitions**

"Effective Date" shall be when the Judgment has become Final as defined below.

"Final" means the date on which the Court has entered the Judgment, following submission of this Settlement Agreement and the Final Approval Motion to the Court.

"Preliminary Approval Motion" means a motion filed with the Court requesting that the Court consider and preliminarily approve the Settlement Agreement.

"Final Approval Motion" shall mean a motion filed with the Court requesting that the Court consider and, if it finds the settlement to be fair and reasonable, finally approve the Settlement Agreement.

"Final Approval Hearing" means the hearing to be held by the Court to consider and determine whether the proposed Settlement of the Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment should be entered.

"Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 3

1    rendered by the court.

2    "Approved Claim" means a claim submitted no later than the Bar Date by a Class

3    member other than a Representative Plaintiff which is approved by plaintiffs' counsel.

4    "Bar Date" means that date specified herein by which Claim Forms submitted by

5    Class Members must be delivered or post-marked in order to be considered for payment

6    pursuant to the terms of the Settlement described in this Stipulation.

7    "Class" means the class as defined in the Court's March 23, 2012, Order granting

8    class certification: "The approximately 150 people who were arrested in the mass arrest

9    on 6th Avenue between East 17th and 18th Streets in Oakland on November 5, 2010, and

10   who were never charged with any crime related to this arrest."

11   "Class Members" means all persons within or encompassed by the definition of the

12   Class.

13   "Class Representatives" or "Plaintiffs" means Daniel Spalding, Katharine Loncke,

14   Danielle Lopez Green, and Adrian Drummond-Cole.

15   "Claimants" means Class members who actually file claims pursuant to the

16   procedures set forth in the Court's Preliminary Approval Order.

17   "Class Notice of Settlement Agreement" means the written notice, together with

18   the Publication Notice, which shall include the general terms of the Settlement

19   Agreement, and the date of the Final Approval Hearing. The Class Notice of Settlement

20   shall conform to all applicable requirements of the Federal Rules of Civil Procedure, due

21   process, any other applicable law, and shall otherwise be in the manner and form

22   approved by the Court.

23   "Claim Form" means that form which Class Members must submit in order to

24   qualify to participate in the settlement described in this Stipulation.

25   "The Parties" means the parties to this settlement agreement,

26

27   *SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 4

28

who are the Plaintiffs and the Class, and the Oakland Defendants and County Defendants, defined above.

"Court" means the United States District Court for the Northern District of California.

"Class Counsel" or "Plaintiffs' Counsel" means the class counsel appointed in the Court's March 23, 2012, Order granting class certification: Rachel Lederman, Bobbie Stein, R. Michael Flynn, Carol Sobel, Mara Verheyden-Hilliard and Carl Messineo.

"Lead Counsel for Plaintiffs" means Rachel Lederman.

"Class Settlement Fund" means the sum to be paid by the Defendants, totaling $1,025,000, not subject to reversion, which will be funded and distributed as further described in this Agreement.

**B. Monetary Settlement**

In consideration of the Release set forth in section III.G. of this Stipulation and the entry of Judgment on the claims of all Class Members, the Defendants will jointly pay the sum of $1,025,000, within fifteen (15) days of the Effective Date of this settlement.  Said payment shall include all attorney's fees and costs and shall be made payable to Rachel Lederman, Attorney Client Trust Account, to be distributed to the Class Representatives, Claimants and Class Counsel by that office as follows:

The four Class Representatives shall each receive $9,000;

Those Claimants who have submitted Approved Claims shall each receive an equal part of $639,000;

Class Counsel shall receive $350,000 for attorneys' fees and costs, including all costs associated with the administration of the Class Settlement Fund, transmittal and publication of the Class Notice of Settlement Agreement and Claim Forms, review and approval of Claim Forms and payment of Approved Claims.

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 5

**C. Non-Monetary Settlement**

**1. Sealing and Destruction of Arrest Records**

The Parties stipulate to the following and seek the Court's order granting such relief as of the Effective Date:

a. All arrest records, police reports, investigative reports, booking information, on line data, or any other documentation or information pertaining to the arrests of the Plaintiffs and Claimants who have submitted Approved Claims in the possession of the Oakland Defendants and County Defendants shall be sealed and destroyed.

b.  The Parties stipulate that the relief shall be the equivalent of a determination of factual innocence pursuant to California Penal Code section 851.8, and that the procedural requirements of that statute shall be waived, including any time deadlines and notice to the District Attorney.

c.  The Court shall issue an Order in the names of all of the Plaintiffs and Claimants who have submitted Approved Claims, stating that it is the determination of the Court, pursuant to the stipulation of the Oakland defendants (the arresting agency), that the Plaintiffs and Claimants are factually innocent of the charges for which they were arrested and that they are thereby exonerated.  Thereafter, the arrest shall be deemed not to have occurred and the person may answer accordingly any question relating to its occurrence. (See, California Penal Code section 851.8, subd. (f).)

d.  Destruction of records of arrest pursuant to the Court's order shall be accomplished by permanent obliteration of all entries or notations upon the records pertaining to the arrest, and the record shall be prepared again so that it appears that the arrest never occurred. However, where the only entries on the record pertain to the arrest and the record can be destroyed without necessarily affecting the destruction of other records, the document constituting the record shall be physically destroyed. (See, Penal Code section 851.8, subd. (j).)

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 6

e.  Defendants will provide a copy of the Court order to the California Department of Justice, along with a list of all Class Members and advise said agency of the fact that the records of their November 5, 2010 arrests have been rendered obsolete on the basis of a finding of factual innocence pursuant to Penal Code 851.8.

**2. *Coles / Local 10* Settlement and Crowd Control Policy**

The Oakland Defendants will continue to abide by the terms of the *Coles / Local 10* (C03-2961 and 2962 TEH) settlement stipulation and order dated December 24, 2004, which is attached as Exhibit A and incorporated by reference herein.

The parties agree that the meet and confer requirement specified in the *Coles / Local 10* settlement stipulation and order at page 5, line 28, through page 6, line 9, will be satisfied if: Before making any material change to the Crowd Control Policy (as set forth in Exhibit A) or the associated Training Bulletin (OPD TB III-G, issued 28 Oct. 2005), or to associated training outlines, the Oakland Police Department and its counsel will meet and confer with representatives of the National Lawyers Guild - SF Bay Area Chapter, and the ACLU of Northern California, in a good faith effort to reach agreement on such changes.

All participants will bear their own attorney's fees and costs related to any such meet and confer process.

**3. Citation and Release Policy - OPD**

The Oakland Police Department will adopt the following policy regarding Citation and Release of misdemeanor arrestees in instances of multiple simultaneous arrest, and Paragraph VIII of OPD Training Bulletin III-G, Crowd Control, shall be amended accordingly, as follows:

A. The OPD will comply with Penal Code section 853.6, and with Department General Order M-7, "Citations for Adult Misdemeanors", III, A-N, by citing and releasing individuals who qualify for such under the Penal Code.

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*   p. 7

B. When it is impractical to cite arrestees at or near the site of the demonstration because of a substantial risk that this procedure would allow the unlawful activity to continue or because of specific geographic factors, OPD may cite and release arrestees from temporary processing stations or police facilities as near the site of the arrest as possible. While detained during the citation and release process, arrestees shall have reasonable access to toilet facilities and to appropriate medical attention.

C. No fingerprinting will be done as part of the citation and release process. Arrestees may be instructed to appear for booking prior to or after arraignment. Commanders shall exercise discretion as to whether property searches are necessary. Property of persons who qualify for citation and release will not be confiscated unless it is found to contain contraband. The intention of this policy is to release citation-eligible arrestees as promptly as possible, and to obviate the need to transfer such arrestees to the Sheriff's custody. Persons for whom a valid warrant is confirmed, or who do not produce valid identification or who are otherwise found ineligible for citation will be transferred to the Sheriff's custody.

D. An officer seeking to book a misdemeanor arrestee into jail must have an articulable basis to believe that one of the specified statutory exceptions to mandatory cite and release applies to that individual. This basis must be documented in the police report.

E. The mere fact that further demonstrations are likely to be held in the near future is not a proper basis to apply subdivision (7) of P.C. 853.6 ("reasonable likelihood that the offense may continue or resume") to individual demonstrators.

F. There must be an articulable objective basis to believe that, if cited out, those specific indi-viduals would continue the same illegal activity for which they were arrested.

G. Individuals may not be booked into jail on the sole basis of a felony charge consisting of conspiracy to commit a misdemeanor.

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*   p. 8

1        .       **4. Citation and Release Policy - Alameda County**

2              The Alameda County Sheriff's Office will adopt a new policy and procedure to

3    expedite the citation and release of citation-eligible persons who are transferred to the

4    Sheriff's custody as the result of mass arrest, as defined in the new policy, Detention and

5    Corrections Policy and Procedure No. 11.65, attached hereto as Exhibit B and

6    incorporated herein by this reference.  The new policy and procedure is specifically

7    intended to ensure the prompt release of those mass arrestees who are eligible for citation

8    and release under Penal Code section 853.6, and to protect their health and comfort

9    during the time they are temporarily detained.

10             As such, mass arrestees will have access to toilet facilities at all times, except

11   while actually in transit from the arrest site to the jail. Handcuffs will be checked before

12   arrestees are transported to the jail and arrestees will not be accepted for transport unless

13   a Deputy has verified that the handcuffs are properly applied and not likely to cause injury

14   or undue discomfort. Handcuffs will be removed at the jail facility as soon as it is safe to

15   do so without jeopardizing safety and security.  Each vehicle used to transport mass

16   arrestees to jail shall be equipped  with a flexcuff cutter to be used in the case of an

17   emergency.  Mass arrestees who are eligible for citation and release and who provide a

18   valid California driver's license or identification card will not be fingerprinted prior to

19   citation and release.

20             **D.  Preliminary Approval**

21             As soon as possible, and in no event more than five days, after execution of this

22   Stipulation, the Parties shall jointly submit the Stipulation together with its Exhibits to

23   the Court and shall jointly apply for entry of a Preliminary Approval Order substantially

24   in the form set forth in Exhibit C, requesting, inter alia, the preliminary approval of the

25   Settlement set forth in this Stipulation, and approval/ dissemination of Class Notice of the

26   Settlement and the proposed Claim Form.

27             *SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 9

28

**E. Class Notice of the Settlement and Claim Form**

After Notice of Settlement Agreement, the Class Members shall have 21 days to
file a Claim Form, or to object to the Settlement Agreement following the procedure set
forth in the Notice.

**F. Final Approval**

A Final Approval Hearing shall be set no less than 30 days after the Court
issues its Preliminary Approval Order. The parties jointly request that, at the Final
Approval Hearing, the Court approve the settlement of the Litigation and enter Judgment
in a form substantially similar to that attached hereto as Exhibit D.

**G. Releases and Bar Order**

1. Upon the Effective Date, as defined above, the Parties shall be
deemed to have, and shall have, fully, finally, and forever waived, released, relinquished,
discharged, and dismissed all claims arising from the events alleged in Plaintiffs'
Complaint.

2. Upon the Effective Date, the Plaintiffs and Class Members shall be forever
barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute
any action or other proceeding in any court of law or equity, arbitration tribunal, or
administrative forum, asserting any claims arising from the events alleged in Plaintiffs'
Complaint.

3. Upon the Effective Date, each of the Defendants shall be deemed to
have, and by operation of the Judgment shall have, fully, finally, and forever released,
relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including
Unknown Claims) arising out of, relating to, or in connection with the institution,
prosecution, assertion, settlement or resolution of the Litigation or the determination
regarding approval or disapproval of any claim submitted.

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*     p. 10

**H. Waiver and Covenant Not to Sue**

Upon the Effective Date, each of the Defendants shall be deemed to have, and shall have, fully, finally, and forever waived, released, and relinquished any claim for malicious prosecution in connection with the Litigation. Each such Defendant covenants that he or she will not institute any claim, lawsuit, arbitration, or proceeding of any nature against Plaintiffs, any Class Member, or Plaintiffs' Counsel for any act or omission in connection with this Litigation.

**I. Conditions of Settlement, Effect of Disapproval**

This Settlement is subject to the following conditions:

1. This Settlement is subject to the approval of the Court as provided in Federal Rule of Civil Procedure 23(e).

2. If the Stipulation is not approved by the Court, or otherwise fails to become effective in accordance with its terms and provisions, the terms and provisions of this Stipulation, with the exception of this section, shall have no further force and effect with respect to the Parties and neither this Stipulation nor any submission by any party in connection with the Motion(s) for Preliminary or Final Approval or Appeal therefrom, or any related motions or proceedings, may be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc.

**J. Miscellaneous Provisions**

1. The Parties (a) acknowledge that it is their intent to consummate the Settlement set forth in this Stipulation, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish and effectuate the terms and conditions of the Stipulation.

2. The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*     p. 11

which are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties agree that the terms of the settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of Judge Beeler.

3. All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

4. The Stipulation and the exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

5. This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties. Lead Counsel for Plaintiffs, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which she deems appropriate.

6. Each attorney or other person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

7. The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

8. The Court shall retain jurisdiction of this matter after these claims are dismissed to enforce the terms of this Settlement Agreement for four years from the Effective Date, with the proviso that within that four year time period if there is a material breach of the terms of this Settlement Agreement any Party may move the court to extend the time for up to an additional three years. The Parties further request that the Court appoint

*SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*   p. 12

1  Magistrate Judge Laurel Beeler for resolution of any disputes, to facilitate the meet and

2  confer process referenced in paragraph III.C.2, and to issue all appropriate orders

3  concerning this Settlement Agreement and the implementation and enforcement thereof.

4      9. This Settlement Agreement was drafted with substantial review and input by all

5  Parties and their counsel, and no reliance was placed on any representations other than

6  those contained herein. The Parties agree that this Settlement Agreement shall be

7  construed by its own terms, and not by referring to, or considering, the terms of any other

8  settlement, and not by any presumption against the drafter.

9      NOW, THEREFORE, the foregoing terms are hereby STIPULATED AND

10  AGREED, by and among the Parties, subject to approval of the Court pursuant to Rule

11  23(e) of the Federal Rules of Civil Procedure.

12

13  DATED: May 16, 2013          BOORNAZIAN, JENSEN & GARTHE
                                 A Professional Corporation
14

15
                                 By:  /S/_____
16                               GREGORY J. ROCKWELL, ESQ.
                                 Attorneys for Defendants
17                               COUNTY OF ALAMEDA and GREGORY AHERN

18
    DATED: May 16, 2013          BARBARA J. PARKER, CITY ATTORNEY, CITY
19                               OF OAKLAND

20

21
                                 By: /S/_____
22                               RANDOLPH W. HALL
                                 Attorneys for Defendants
23                               CITY OF OAKLAND, et al.

24
    DATED: May 16, 2013          RACHEL LEDERMAN
25                               CAROL SOBEL
                                 BOBBIE STEIN
26                               R. MICHAEL FLYNN

27
            *SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*    p. 13
28

1   MARA VERHEYDEN-HILLIARD
    CARL MESSINEO
2   PARTNERSHIP FOR CIVIL JUSTICE FUND

3

4
    By: /S/_____
5   RACHEL LEDERMAN
    Attorneys for Plaintiffs and the Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    *SETTLEMENT AGREEMENT, CASE NO. C11-02867 TEH*   p. 14
28

**Avery, Michael 10/8/2018**
**For Educational Use Only**

Thomas v. Byrd, 2017 WL 9400413 (2017)

2017 WL 9400413 (E.D.Ark.) (Verdict and Settlement Summary)

Copyright (c) 2018 Thomson Reuters/West

WEST'S JURY VERDICTS - ARKANSAS REPORTS

$210K Settlement in **Class Action** Civil Rights Suit

United States District Court, E.D. Arkansas.

Thomas v. Byrd

**Type of Case:**
Civil Rights & Constitutional Law • Other Civil Rights

**Class Action**

**Specific Liability: Individuals, jailed because they could not pay debt, were not provided a prompt first appearance, were held in jail indefinitely and were not provided with an attorney**

**General Injury:** Monetary damages; declaratory relief

**Jurisdiction:**
State: Arkansas
County: Not Applicable

**Related Court Documents:**
Plaintiffs' amended complaint: 2015 WL 13466093

Order: 2017 WL 2900973

Judgment: 2017 WL 2900975

Case Name: Dontel Thomas and Dalton Jackson, on behalf of himself and all others similarly situated v. Neal Byrd, in his official capacity, John Thomas, individually and in his official capacity as an employee of City of Helena-West Helena, and Sentencing Options Specialists Inc.

**Docket/File Number:** 2:15CV00095

**Trial Type: Settlement**
**Settlement: Plaintiff Class, $210,000**

**Range Amount:** $200,000 - 499,999

Date of Filing: June 19, 2015
**Settlement Date:** June 29, 2017

**Judge:** D.P. Marshall Jr.

Avery, Michael 10/8/2018
For Educational Use Only

Thomas v. Byrd, 2017 WL 9400413 (2017)

**Attorneys:**
Plaintiffs: Luther Oneal Sutter, Sutter & Gillham P.L.L.C., Benton, AR
Defendant (Byrd): Ralph C. Ohm, Hot Springs, AR
Defendant (Thomas): Alec Gaines, Williams & Anderson P.L.L.C., Little Rock, AR
Defendant (Sentencing Options): Joe D. Byars Jr., Byars & Hall, Fort Smith, AR

**Breakdown of Award:**
**$210,000.00 to plaintiff class for damages**

**Summary of Facts:**
Dontel Thomas said he was arrested by a city of Helena-West Helena police officer and was held in jail because he owed child support and was unable to pay. Dalton Jackson said he was jailed because he owed money for traffic tickets and was unable to pay. Dontel and Jackson reportedly were held indefinitely, were not provided with an attorney, and were subjected to dangerous and unsanitary conditions in overcrowded jail cells.

Dontel and Jackson said the city, John Thomas, the city's chief court security officer, Neal Byrd, the sheriff of Phillips County, and Sentencing Options Specialists Inc. (SOS) had a policy and practice of jailing people who could not afford to pay a debt owed to the city or SOS for traffic tickets, minor offenses or child support, failing to inform the jailed people of their right to counsel and to provide them with adequate counsel, holding the people in jail indefinitely, issuing and enforcing invalid arrest warrants, holding people in jail for three days or more without any judicial appearance, and confining people in dangerous conditions. The city, John and Byrd reportedly would release people without payment once it became clear that they could not obtain any payment from the people.

Dontel and Jackson said the city and county used a different set of procedures for people who retained private counsel.

Dontel and Jackson, on behalf of themselves and all others similarly situated, filed a class action lawsuit against John, individually and as an employee of the city, Byrd and SOS, asserting civil rights violations. The plaintiffs asserted violations of their Fourth, Sixth and Fourteenth Amendment rights, as well as their Due Process Clause and equal protection rights. Jackson asserted claims of extortion and false imprisonment against SOS.

The plaintiffs sought monetary damages and declaratory relief.

The parties agreed to a $210,000 class action settlement, and the court approved the settlement.

JVR 1805150015

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.