**Exhibit A**

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11
12

Charmaine Chua, Et Al.

13

Plaintiffs,

14

vs.

15
16

City of Los Angeles, et al.,

17

Defendants.

Case No: 2:16-cv-00237-JAK-GJS(x)
[Hon. John A. Kronstadt]

SETTLEMENT AGREEMENT

18
19
20
21
22
23
24
25
26
27
28

1
CLASS ACTION SETTLEMENT AGREEMENT

# TABLE OF CONTENTS

I.      **RECITALS**.................................................................................**3**

II.     **DEFINITIONS**............................................................................**4**

III.    **DISCLAIMER OF LIABILITY; NO ADMISSION OR WAIVER**........**7**

IV.     **TERMS OF SETTLEMENT AGREEMENT FOR DAMAGES**.............**7**

V.      **EFFECT OF SETTLEMENT AGREEMENT FOR DAMAGES**..........**10**

VI.     **CLASS COUNSEL FEES**............................................................**13**

VII.    **CLASS NOTIFICATION AND CLAIMS ADMINISTRATION**..........**14**

VIII.   **EXCLUSION FROM SETTLEMENT CLASS: OPT-OUTS**.............**15**

IX.     **INTEGRATION**.........................................................................**16**

X.      **FAIRNESS HEARING AND FINAL ORDER OF APPROVAL**..........**17**

XI.     **CAFA NOTICE OF SETTLEMENT**.............................................**17**

XIV.    **EXECUTION IN COUNTERPARTS; FACSIMILE SIGNATURES**....**17**

Plaintiffs Charmaine Chua, Torie Rivera and Lydia Hicks ("Class Representative Plaintiffs" or "Named Plaintiffs"), individually and on behalf of the Sixth and Hope class previously certified by the Court, and Kyle Todd (included in reference to "Named Plaintiffs" but acting only on his own behalf), on the one hand; and Defendants City of Los Angeles (the "City"), Los Angeles Police Chief Charlie Beck, Commander Andrew Smith, Capt. Jeff Bert, whether named in their individual or official capacities or both (all defendants collectively referred to as "Defendants"), on the other hand, by and through their respective counsel, hereby submit the following settlement agreement ("Settlement Agreement").

## I.   **RECITALS**

The Class Representative Plaintiffs filed the above-captioned action in the United States District Court for the Central District of California ("Court") on January 12, 2016.

The Class Representative Plaintiffs asserted they represented, and the Court ultimately certified, a class of persons who alleged violations of their First, Fourth and Fifth/Fourteenth Amendment due process rights, as well as other constitutional rights under California state law, as a result of actions by Defendants surrounding the arrest, detention and release of Plaintiffs on November 26, 2014, in or around the vicinity of Sixth and Hope Street in Los Angeles, declaring an unlawful assembly, making unlawful arrests and unlawfully denying Plaintiffs release from custody on their own recognizance ("OR").

Kyle Todd made claims regarding his unlawful detention and arrest at or near the intersection of Beverly and Alvarado Streets on November 28, 2014. (Mr. Todd sought to act as a class representative for others similarly situated during that detention, but the Court denied the motion.

Over the objections and opposition of the Defendants, the Court certified a Sixth and Hope damages class for liability and statutory damages, defined as approximately 130 persons who were detained and arrested at 6th and Hope Streets

on November 26, 2014, denied release on their own recognizance but never prosecuted.

Subsequently, the parties engaged in extensive settlement negotiations over several sessions with United States District Court Magistrate Judge Jay Gandhi, which negotiations were unsuccessful. (There were several sessions with Judge Gandhi while he was a magistrate judge and one session while he was a private mediator, for which the parties paid him). Subsequently, after expert reports were filed, the parties engaged in direct negotiations in one final attempt before preparing for trial to settle the case. This settlement, which the parties have reached through arms-length negotiations, is the result of those negotiations. The Plaintiffs and Defendants now agree that they wish to avoid the cost, time and risks involved in further litigation of these cases and to bring an end to the litigation.

Therefore, the parties agree as follows:

## II.   **DEFINITIONS**

1.   "Damages Class Member" means all members of the damages class as defined above.

2.   "Class Counsel" means the three firms certified as class counsel in the Court's August 26, 2013, class certification order (modified, where applicable, to reflect the current firm names): Kaye, McLane, Bednarski and Litt, LLP; Law Office of Carol A. Sobel; and Schonbrun Seplow Harris & Hoffman, LLP.

3.   "Matters Alleged in the Lawsuit" refers to the claims for relief and allegations in the Complaint.

4.   "Released Persons" means the Defendants and their affiliates, subsidiaries, predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys, and/or agents.

5.    "LAPD" refers to the Los Angeles Police Department.

6.   "Class Notice" means the notice in a form substantially similar to that attached hereto as Exhibit B.

7.   "Effective Date" means the date upon which the anticipated Order of

Final Approval of Settlement ("Consent Judgment") entered by the Court approving the Settlement Agreement becomes final. If a class member objects to the settlement, the Consent Judgment will be deemed final upon expiration of the time to appeal or, if one or more Notices of Appeal are filed in the Ninth Circuit Court of Appeals, upon exhaustion of all such appeals and any petitions for writs of certiorari. If no class member objects to the settlement, the Consent Judgment will be deemed final upon its entry.

8.   An "Opt-Out" is any Damages Class Member who files a timely request for exclusion, pursuant to the terms of this Settlement Agreement, to be excluded from the Settlement Class. (If used as a verb, it refers to the process of filing such exclusion.)

9.   "Proof of Claim Form" means the Proof of Claim and Release Form that Class Members must use to make a claim for payment from the Class Fund. A copy of the proposed Proof of Claim Form is attached as Exhibit C.

10.   "Incentive Awards" refers to proposed incentive awards to the three class representative plaintiffs of $5000.

11.   The "Class Fund" is the monetary fund set aside for Class Members who file timely class claims. This fund is separate from the amount of the settlement for attorney's fees and costs. The Class Fund includes the following costs: expert costs (totaling $20,210), mediation costs (totaling $5500) and costs of class administration (flat rate of $20,000); proposed incentive awards totaling $15,000 (totaling $60,710). (The remaining costs are included in the attorney's fee award. See ¶ 12.) After the foregoing costs and incentive awards totaling $60,710, the parties have agreed that $200,000 will be distributed to the approximately 130 members class (or whatever number file timely and approved claims) from the Class Fund.[1] The amount of the Class Fund inclusive of the foregoing expert, mediation, class administration costs and incentive awards is $260,710.

---

[1] Kyle Todd is an individual plaintiff only and is not part of the 6th and Hope class. He will receive $5000 as part of the overall settlement.

12.   "Attorney's Fees and Costs" are the attorney's fees and costs the Plaintiffs intend to request that the Court award Class Counsel pursuant to the statutory attorney's fee provisions of 42 U.S.C. § 1988 and Civil Code § 52.1(h). The parties have agreed to a figure of $484,290 (inclusive of litigation costs other than the expert, mediation and class administration costs referred to in the preceding paragraph). Defendants agree that Plaintiffs satisfy the prevailing party element for a motion pursuant to this settlement and further agree that the $484,290 figure is substantially discounted below the amounts that Plaintiffs would have sought in an attorney's fee motion as the prevailing parties in a contested motion.

13.   The "Claim Cut-off Date", which is _____, is the date by which any Class Member who wishes to receive payment from the Class Fund must file his/her Proof of Claim Form (attached as the last page of Exhibit B).

14.   The "Bar Date", which is _____, is the date by which any class member must file objections, if any, to this Settlement Agreement, or any class member must request exclusion from the settlement. A Class Member requests exclusion from the settlement by sending a request to the Administrator consistent with the terms of Section VII, *infra*.

15.   The "Named Plaintiffs" or "Class Representatives" refers to the persons listed in the introductory paragraph to this settlement agreement, as defined in that paragraph (i.e., Charmaine Chua, Torie Rivera and Lydia Hicks are "Class Representative Plaintiffs"; they and Kyle Todd are included in the term "Named Plaintiffs").

16.   "Preliminary Approval" is the Court's determination that the Settlement is within the range of possible approval and therefore that a notice should be sent to the Class and a hearing should be held with respect to fairness.

17.   The "Preliminary Approval Order" is an order entered by the court preliminarily approving the settlement, after which Class Notice, the opportunity to object and opt out, and a Final Approval hearing are to occur.

18.   A "Settlement Class Member" ("SCM") means any member of the

Damages Class as defined above (whether or not s/he files a Timely Claim form), including representatives, successors and assigns, who does not file a valid and timely Request for Exclusion as provided for in this Settlement Agreement.

19.   A "Timely Claim" is one filed a) within the claim cut-off date set by the court, and b) to the extent the Court approves, late claims (i.e., claims filed after the Class Notice period) that are filed prior to the Final Approval Hearing.

## III.   DISCLAIMER OF LIABILITY; NO ADMISSION OR WAIVER

20.   This Settlement Agreement is for settlement purposes only. Nothing in the Settlement Agreement, its exhibits or other documents incorporated herein shall be construed as, or deemed to be evidence or a waiver of any defense or legal position otherwise available to any of the Defendants or any other persons. Neither the fact of settlement nor any provision contained in this Settlement Agreement, its exhibits or other documents incorporated herein, nor any party's or other person's performance hereunder, shall constitute or be admissible anywhere as (a) evidence establishing or otherwise relating to any claim for relief or any fact alleged by any Named Plaintiff, class member or other person, whether in this action or in any other pending or future action or proceeding; or (b) evidence of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Defendant or other Released Person. The Defendants make no admission of any claim, allegation or fact in this case. Rather they deny all allegations of wrongdoing and deny any liability whatever to the Named Plaintiffs and any and all members of any of the classes certified by the Court, or to any other person. This Settlement Agreement does not create, and is not intended to create, any rights belonging to any non-parties, except as otherwise expressly provided herein.

## IV.   TERMS OF SETTLEMENT AGREEMENT FOR DAMAGES

21.   The parties enter into this Settlement Agreement solely for the purposes of this settlement and its implementation. If the Settlement Agreement does not receive final court approval as provided herein, then this Settlement Agreement shall have no effect whatever, and the parties shall in all respects return

to their positions *ex ante*; provided, however, that said return to the parties' positions *ex ante* shall not entitle any party to reimbursement of costs already incurred under this Settlement Agreement, except as otherwise expressly provided herein.

22. The total monetary settlement is divided as follows:

a. A class fund of $255,010 to be paid as follows:

   i. expert costs (totaling $20,210) to be paid to the Client Trust Account of the Law Office of Carol Sobel;

   ii. mediation costs (totaling $5500) to be paid to the Client Trust Account of the Law Office of Carol Sobel;

   iii. incentive awards to the three class representatives of $5000 each to be paid to the Client Trust Account of the Law Office of Carol Sobel (for a total of $15,000);

   iv. class administration costs of a flat fee of $20,000 to be paid to the Law Office of Carol Sobel, inclusive of all cost of mailing and reporting[2]; and

   v. $200,000 for distribution pro rata to claiming class members to be paid to the Client Trust Account of the Law Office of Carol Sobel.

b. $484,290 (inclusive of litigation costs other than the expert, mediation and class administration costs) as compensation for statutory attorney's fees and costs (subject to the approval of the court), to be paid to the Client Trust Account of the Law Office of Carol Sobel.

---

[2] Ms. Sobel has agreed to do this in order to minimize the cost of class administration, as her office has been in contact with many class members, and this amount is considerably less than what would be paid to a professional administrator. In Plaintiffs' counsel's experience, the cost of class administration of a class this size would likely be in the $30,000 range.  Ms. Sobel's office has performed this service in other cases before the District Court and has assisted in maximizing class participation in other cases where an outside firm was retained to

c.   $5000 to Todd Kyle as compensation for his individual claim paid to the Client Trust Account of the Law Office of Carol Sobel.

23.   Within thirty (30) calendar days of the Effective Date, the City shall deposit or cause to be deposited the foregoing sums into the Client Trust Account of the Law Office of Carol Sobel. The amounts indicated as compensation to class counsel as fees or costs may be immediately transferred to counsel, as agreed to among them. The amounts indicated as payment to class members shall be held in the Trust Account and paid to class members who file timely claims, as elaborated further on in this agreement.

24.   In the event that the settlement is approved by the District Court at the Fairness Hearing in a Final Order and Approval of Settlement, but the funds are not to be immediately paid due to objection or appeal (see definition of "Effective Date for Payment"), the City will place the funds in an interest bearing escrow account, and the interest accrued shall be added to the Settlement Fund for the benefit of the Class in the event that the settlement is finally approved. Should the settlement not be finally approved after exhaustion of all appellate avenues, all such funds, including interest earned on them, shall be returned to the Defendants in the respective amounts of their contributions.

25.   The City represents that, to the best of the knowledge of each, it has provided all data in its possession regarding class members necessary to both identify and contact class members. Within thirty (30) days of the Court's grant of the Preliminary Approval of this settlement, the City and County shall provide, to the extent that such information has not already been provided, any such additional information in its possession, including unredacted copies of all arrest reports. Such information shall be confidential, and may not be disclosed to anyone except counsel of record, retained consultants and designated representatives of the Parties.

26.   The Allocation and Distribution Plan formula for distribution of the

administer the class fund.

CLASS ACTION SETTLEMENT AGREEMENT

Class Fund after payment of the costs as described in ¶ 23 is:

    a.  Each class member who files a timely, valid claim shall be one point. (In some cases, allocation of points has varied among class members based on several factors; in this case, all plaintiffs are being treated equally as all were arrested (plaintiffs contend unlawfully) and released (plaintiffs contend later than should have occurred) within 24 hours.

    b.  The three Class Representative Plaintiffs shall each be allocated a $5000 Incentive Payment and will also receive his/her share of the Class Fund as a class member).

    c.  Once the allowed costs and incentive awards are paid, the remainder of the Class Fund ($200,000) shall be divided equally among class members who filed timely claims.

27.  The Law Office of Carol Sobel shall have sole responsibility for distribution of the Class Fund to class members, in a manner approved by the Court.

28.  If the settlement is not approved or otherwise does not occur, the case proceeds to trial and judgment, and the plaintiffs are successful, plaintiffs shall seek as awardable costs under any available legal theory class administration costs incurred in the course of this settlement process, and any future or additional class administration funds incurred in connection with the case (as well as any other costs the plaintiffs deem appropriate).

29.  To the extent that timely, valid claims are filed, but the checks issued pursuant to such claims are not cashed, the funds for that person shall be held by the Client Trust Account of the Law Office of Carol Sobel for one year, after which it will it will be donated to _____ (the designated *cy pres* organization).

## V.    <u>EFFECT OF SETTLEMENT AGREEMENT FOR DAMAGES</u>

30.  This Settlement Agreement is subject to and conditioned on a Fairness

Hearing conducted by the Court, the Court's final approval of this Settlement Agreement, and entry of the Consent Judgment. The Consent Judgment shall be deemed final only on the Effective Date of the settlement (as previously defined). Once final, the Consent Judgment shall be a judgment of this Court, binding and enforceable in accordance with the terms of this Settlement Agreement and applicable law. Subject to any continuing rights of Opt-Outs, the Consent Judgment shall:

A.     Dismiss with prejudice, in the above-captioned case, of all claims for damages (class and individual) or other relief against any and all Defendants or other Released Persons, each party therein to bear all its own costs and attorney's fees except as otherwise expressly provided for in this Settlement Agreement;

B.     Enjoin all Class Members and Unrepresented Class Members (other than opt-outs) from asserting against any Defendant or other Released Person any and all claims for damages or other relief which any such class member had, has, or may have in the future in any way arising out of the facts alleged, or in any way related to the claims for relief pleaded, in the Complaint, which are fully incorporated herein by reference;

C.     Release each Defendant and other Released Person from all claims for damages or other relief which any Named Plaintiff or Class Member (other than opt-outs) had, has, or may have in the future, against such Defendant or other Released Person in any way arising out of the facts alleged, or in any way related to the claims for relief pleaded in the Complaint;

D.     Determine that this Settlement Agreement is entered into in good faith, is reasonable, fair and adequate, and in the best interest of all the class members; and

E.     Reserve the Court's continuing jurisdiction over the parties to this Settlement Agreement, including Defendants, Named Plaintiffs and

Class Members, to administer, supervise, construe and enforce the Settlement Agreement and/or Consent Judgment in accordance with their terms for the benefit of all parties.

31.   The parties will take all necessary and appropriate steps to obtain preliminary and final approvals of the Settlement Agreement, and dismissal of the Case with prejudice at the time the Court enters its Consent Judgment, all parties bearing all their own attorney's fees and costs unless otherwise expressly provided in this Settlement Agreement. If the Consent Judgment is entered and there is an appeal therefrom by an objector, the City and Plaintiffs will jointly defend the appeal, each at their own expense.

32.   The Consent Judgment that this Settlement Agreement contemplates resolves in full as of the Effective Date all claims for relief, actions, causes of action, or allegations of any kind that in any way arise from or relate to the Matters Alleged in the Lawsuit, against any or all of the Defendants and other Released Persons by any and all of the Named Plaintiffs and Class Members, whether based upon any federal, state or local law, law of any foreign nation, regulation, duty, obligation, promise, ordinance or any other legal rule. As of the Effective Date, all the Named Plaintiffs and Class Members (other than opt-outs) waive all rights to any and all claims for relief, actions or causes of action in any way arising from or related to the Matters Alleged in the Lawsuit against any and all of the Defendants and other Released Parties, whether based upon any federal, state or local law, law of any foreign nation, regulation, duty, or obligation, promise, ordinance or any other legal rule.

33.   As of the Effective Date, the Named Plaintiffs and Class Members (other than opt-outs), and all their agents, attorneys and assigns, on the one hand, and the Defendants and all of their agents, attorneys and assigns, on the other, hereby waive and release one another from any and all claims or rights to pursue, initiate, prosecute, or commence any action or proceeding against one another before any court, administrative agency or other tribunal, or to file against one

another any complaint regarding acts or omissions with respect to any Matters Alleged in the Lawsuit, including but not limited to any claims of malicious prosecution or abuse of process; and further, as it relates to this mutual waiver and release, expressly waive the provisions of California Civil Code Section 1542, which provides that

> "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

34.     Upon Entry of the Consent Judgment, each Named Plaintiffs and Class Members (other than opt-outs) shall be deemed to have consented to the jurisdiction of the Court. Nothing in this paragraph is intended to negate any prior or other consent to this Court's jurisdiction by any Named Plaintiffs and Class Members or other person.

## VI.    CLASS COUNSEL FEES

35.     Plaintiffs' counsel has incurred significantly more attorney fees than the amount of fees agreed to be awarded ($484,290 inclusive of $7488.07 in litigation costs to date beyond the expert and mediation costs included in the Class Fund). The parties agree that $484,290 in fees and costs is the sole and total fees and costs to be awarded to Plaintiffs' counsel. This fee is subject to approval by the court as statutory fees and costs to be awarded under 42 U.S.C. § 1988 and Civil Code § 52.1(h). Defendants agree that Plaintiffs are the prevailing party under the foregoing statutes for a motion pursuant to this settlement and further agree that $476,801.93 (the portion of the fees and costs constituting fees) is substantially discounted below the amounts that Plaintiffs would have sought in an attorney's fee motion as the prevailing parties in a contested motion. Plaintiffs' motion for attorney's fees will include the full amount of fees and costs that would be available without the limitation of this agreement, but it is agreed that in no event will more than $484,290 in fees and costs be awarded.

## VII.   <u>CLASS NOTIFICATION AND CLAIMS ADMINISTRATION</u>

36.     Class notice will be based on the paper and electronic records of the City identifying those arrested on November 26, 2014, including information that would allow a determination of where they were arrested, how long they were in custody, their bail status, and other relevant information for determining class and sub-class members. In addition, information gathered by Class Counsel shall be used.

37.     All Class Notices shall include a Proof of Claim Form to be used in connection with any claims made against the Class Fund. (See Exhibit B.) The Proof of Claim Form shall be substantially in the form reflected in Exhibit B, and shall be made under penalty of perjury.

38.     The Law Office of Carol Sobel shall administer the settlement. In lieu of publishing a summary Class Notice in local newspapers as a form of reaching class members who do not receive mailed notice (experience has shown published notice does not effectively reach class members), email addresses will be searched and gathered to the extent reasonably possible and cost effective. It is class counsels' understanding that a significant number of the class members established a closed list serve, to which the Class Representatives have access for the purpose of distributing the Class Notice. Given the relatively small size of the class (130 people), other potential cost-effective means of outreach (e.g., through organizations involved in organizing the protest) will be explored. The parties recognize and agree that, in this case, the most effective communication is by mail and email to the best known addresses of Class Members.

39.     Except for publication of summary Class Notice, the sole class administration responsibilities shall be (a) to process and pay class claims, (b) to process Class Members' objections and requests for exclusion, (c) to file such attestations or reports provided by this settlement agreement or required by the Court, (d) to provide documents required by court orders to finalize the class settlement, (e) to provide the accountings, reports and notices to parties and/or

counsel, including the total number of Opt-Outs, pursuant to the terms of this Settlement Agreement, (f) to hold and distribute the funds as provided by this agreement, and (g) to perform any other tasks specified for it in this Settlement Agreement.

40.     A Proof of Claim Form shall be deemed timely submitted when received by the Administrator, including by electronic transmission, or postmarked for delivery to the Administrator, on or before the Claim Cut-Off Date, or such later date as the Court may order at the Final Approval Hearing.

41.     A Class Member's objection to or request for exclusion from the settlement shall be deemed timely submitted if received by the Administrator, including by electronic transmission, or postmarked for delivery to the Administrator, on or before the Bar Date.

42.     The Law Office of Carol Sobel will prepare a list of all rejected claims, with the reasons for rejection, and maintain the list in its case file.

## VIII.  EXCLUSION FROM SETTLEMENT CLASS: OPT-OUTS

43.     Any Class Member who wishes to be excluded from the terms of this Settlement Agreement must submit a request for exclusion by the Bar Date. The request for exclusion must be delivered to the Administrator, or postmarked for delivery to the Administrator, on or before the Bar Date.

44.     Each Class Member who requests exclusion from, or objects to, this settlement shall be deemed to have consented to the jurisdiction of the Court with respect to his/her claim, if any.

45.     Any Class Member who does not request exclusion from the settlement as set forth in this Settlement Agreement shall conclusively be deemed to be bound by the Settlement Agreement and Consent Judgment, including all release provisions, as well as by all subsequent proceedings, orders and judgments herein.

46.     Any Class Member who becomes an Opt-Out shall not share in any monetary benefits provided by this Settlement Agreement.

CLASS ACTION SETTLEMENT AGREEMENT

47.     The Law Office of Carol Sobel will report in writing, via electronic mail, to counsel for the Defendants the names of, and total number of, all Opt-Outs no later than 10 days after the Bar Date. If the total number of Opt-Outs exceeds three (3), or if any Named Plaintiff opts out, the City, in its sole discretion, may rescind this Settlement Agreement. In exercising this right of rescission, the City shall provide written notice of rescission within 20 days after receipt of the Administrator's report providing the total number of Opt-Outs.

48.     If there are opt-outs, and the City does not rescind, that Opt-Out shall be considered to have submitted a claim and counted for tallying the points, and the amount that would have been due that Opt-Out shall be held in the Client Trust Account of the Law Office of Carol Sobel. If the Opt-Out files his/her own lawsuit within one year, that Opt-Out money shall be paid to the City; if not, those funds will go to the *cy pres* organization designated in ¶ 30.

49.     The Law Office of Carol Sobel shall maintain copies of all Opt-Out forms and data. If the Defendants do not rescind pursuant to the preceding paragraphs, and one or more Opt-Outs sue upon Matters Alleged in the Lawsuit, any of the Defendants may inquire of the Law Office of Carol Sobel for identifying information, not previously provided, reasonably necessary to determine whether the individual suing opted out of the settlement.

50.     At the conclusion of the distribution of payments to all claimants, the Law Office of Carol Sobel shall file a report with the Court attesting to the distribution of funds as provided by this Agreement.

## IX.     <u>INTEGRATION</u>

51.     This Settlement Agreement, together with all exhibits and other documents expressly incorporated herein by reference, supersedes all prior and contemporaneous written or oral agreements and understandings between or among the signatories hereto or their representatives, agents or principals regarding the matters contained herein. As such, this Settlement Agreement is an integrated agreement and contains the entire agreement regarding the matters herein, and no

representations, warranties or promises have been made or relied on by any of the signatories hereto, or by their representatives, agents or principals, other than as set forth herein. This Settlement Agreement was drafted by counsel for the parties hereto, and there shall be no presumption or construction against any party.

52.     Should the Court change any material terms of this Settlement Agreement (which shall expressly include the total settlement amount and other payment terms, conditions and amounts; dismissals and releases; and rescissionary rights specified in different parts of this Settlement Agreement), or the proposed Consent Judgment attached as Exhibit C, any Defendant or Plaintiff shall each have the right of rescission, the case will return to active litigation status, and all releases shall be withdrawn.

## X.     FAIRNESS HEARING AND FINAL ORDER OF APPROVAL

53.     Before this Settlement Agreement becomes final and binding on the parties, the Court shall hold a Fairness Hearing to determine whether to enter the Consent Judgment.

54.     The Fairness Hearing will consider objections t the settlement, if any. In order for a party to be heard and argue at the Fairness hearing, the objector must have timely filed his/her objection and file a notice with the court (and copies to the lawyers) that s/he intends to appear to be heard on his/her objection within 28 days before the Final Approval hearing.

## XI.     CAFA NOTICE OF SETTLEMENT

55.     Defendants will provide notice to the appropriate state and federal officials within 10 days of the filing of the motion for preliminary approval of the settlement pursuant to the provisions of 28 U.S.C.A. § 1715.

## XIV. EXECUTION IN COUNTERPARTS; FACSIMILE SIGNATURES

56.     This Settlement Agreement may be signed in counterparts which, when taken together, shall constitute a single, executed agreement. Facsimile signatures shall have the same force and effect as originals.

DATED: July 12, 2019          By: _____

                                   Barrett S. Litt

                                   Class Counsel and Attorney for Plaintiffs


DATED: _____        By: _____

                                   Attorney for City Defendants

1

DATED: _____

By: _____
Barrett S. Litt
Class Counsel and Attorney for Plaintiffs

2

3

4

5

6

DATED: _12/30/18_

By: _____

7

8

Attorney for City Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIST OF EXHIBITS TO SETTLEMENT AGREEMENT

Exhibit B          Class Notice and

Exhibit C          Proof of Claim & Release Form (Draft)