**Exhibit 3**

Paul R. Kiesel, State Bar No. 119854
  *kiesel@Kiesel-Law.com*
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@Kiesel-Law.com*
Matthew A. Young, State Bar No. 266291
  *young@Kiesel-Law.com*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: (310) 854-4444
Fax: (310) 854-0812

Kenneth M. Lipton, State Bar No. 82342
  *kenlipton998431@aol.com*
LAW OFFICES OF KENNETH M. LIPTON
5900 Sepulveda Boulevard, Suite 400
Van Nuys, California 91411
Tel: (818) 780-3562
Fax: (818) 780-9038

Attorneys for Plaintiff LOREN STONE,
on behalf of himself and all others
similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 - 10,<br><br>    Defendants. | Case No. 12-CV-01684 PSG (MANx)<br><br>CLASS ACTION<br><br>**DECLARATION OF MATTHEW A. YOUNG IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENT**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: November 30, 2015<br>Time: 1:30 p.m.<br>Crtrm.: 880 - Roybal |

**DECLARATION OF MATTHEW A. YOUNG**

I, Matthew A. Young, declare:

1. I am an attorney at law licensed to practice before all Courts of the State of California and the United States District Court for the Central District of California. I am an associate at the law firm of Kiesel Law LLP, one of the counsel of record for Plaintiff Loren Stone herein. The following is based upon my personal knowledge, and if called upon as a witness to testify in this matter, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement and Release entered into by the parties (without exhibits).

3. Plaintiff and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated numerous other substantial settlements, and have the ability to litigate this case on a classwide basis if a fair settlement were not offered. Class Counsel include attorneys highly experienced in privacy rights litigation, and their expertise helped inform the settlement negotiations. Class Counsel were satisfied with the Settlement Agreement only after conducting an intensive settlement negotiation and thorough investigation into the factual and legal issues raised in this case. In negotiating and evaluating the Settlement Agreement, Class Counsel relied on their investigation and drew on their considerable experience, skill, and expertise in determining that the Settlement Agreement was fair, reasonable, and adequate.

4. That said, in my own personal opinion, the settlement presented in Plaintiff's Motion for Final Approval of Class Settlement, filed herewith, is fair, adequate and reasonable.

5. Significant discovery was undertaken in this action including, but not limited to, numerous sets of interrogatories and requests for production, as well as third-party subpoenas, resulting in the production of nearly 4,000 pages of documents. Additionally, Plaintiff's deposition was taken, and the depositions of three of Defendants' corporate designees were taken in Aberdeen, South Dakota.

1      **DECLARATION OF MATTHEW A. YOUNG**

This information provided the parties with sufficient evidence to evaluate the strengths and weaknesses of Plaintiff's claims and the benefits of the proposed Settlement.

6. It is also significant that this matter has undergone strenuous motion practice, including motions to dismiss and strike Plaintiff's Complaint. Additionally, Plaintiff's Class Certification motion has been fully briefed, but in light of this pending Settlement, the motion has not been heard.

7. Only after the above-described, hard-fought litigation, the parties retained the Honorable Leo Papas (Ret.) to serve as a third party neutral on November 4, 2014. The mediation on that date was unsuccessful, but the Parties continued settlement discussions through Judge Papas. On November 21, 2014, Judge Papas made a mediator's proposal, which all Parties accepted. At all times, the settlement negotiations, while professional, were adversarial, non-collusive, and conducted at arm's-length.

8. Attached hereto as **Exhibit 2** is a true and correct copy of the firm resume for Kiesel Law LLP, evidencing that Plaintiff is represented by qualified and competent counsel who have the experience and resources necessary to vigorously pursue this action and who have substantial class action experience, including particular experience in litigating Privacy Act claims.

9. My firm acted as co-counsel for the Class in this matter and was actively involved in all proceedings had herein. My firm's work included evaluating and filing this case. We researched and investigated the claims asserted both factually and legally before filing. We participated in an early meeting with Defense counsel pursuant to Rule 26. We drafted written discovery to serve on Defendants and third parties, reviewed the responses thereto, and met and conferred in order to obtain satisfactory responses. Along with our co-counsel, the Law Offices of Kenneth M. Lipton, my firm was actively engaged in document review assignments. We also met with Plaintiff Stone and worked with him on this project, and further

2     **DECLARATION OF MATTHEW A. YOUNG**

1 prepared him and represented him at his deposition. We took a major role in drafting
2 all documents ultimately filed on behalf of the Plaintiff. Moreover, my firm engaged
3 in substantial work researching, preparing and drafting oppositions to Defendant
4 HJI's motions to dismiss and strike. My firm took the lead in drafting the mediation
5 brief and the mediation, which ultimately resulted in the proposed settlement of this
6 matter, as well as in negotiating and finalizing the terms of the Settlement
7 Agreement, drafting the settlement documents and the motion for preliminary
8 approval. It is respectfully submitted that all this work contributed to the beneficial
9 result reached for the Class herein.

10     10. Further, even after the parties executed the Settlement Agreement, my
11 firm continued to work diligently on this case, monitoring the Claims Administrator
12 and identifying and dealing with a series of issues related to the notice and claims
13 process. My firm and Class Counsel ensured that the notice plan was properly
14 disseminated to the Class Members and that Class Members could exercise their
15 rights thereunder. Finally, Kiesel Law LLP took the laboring oar on the instant
16 Motions for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and
17 Service Payment.

18     11. After the filing of the instant Motions, Class Counsel will spend
19 additional time responding to Class Member communications and objections (if
20 any), continuing to supervise the claims process, and preparing for and attending the
21 Fairness Hearing on November 30, 2015.

22     12. Throughout the course of this litigation, Plaintiff Loren Stone has been
23 continuously involved and has remained in constant contact with Class Counsel with
24 respect to matters pertaining to this case. He took the time to learn the
25 responsibilities of a class representative, and he indicated his willingness to pursue
26 this case not only on his own behalf, but on behalf of the Class. Mr. Stone was
27 available throughout the litigation and met with Counsel, in-person, to prepare for
28 his deposition. His deposition required him to take time off of work. He also

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

3     **DECLARATION OF MATTHEW A. YOUNG**

    searched for relevant documents, and he telephonically participated in the all-day mediation of this lawsuit, as well as reviewed the class notice.

    13. Attached hereto as **Exhibit 3** is a detailed schedule indicating the amount of time spent by the attorneys of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing the instant motions has not been included. Work performed by the firm's support staff, amounting to over 100 hours, likewise has not been included.

    14. The hourly rates for the attorneys in my firm are the same as the regular current rates charged for their services in non-contingent matters and which have been accepted and approved in other class action litigation, including cases in the Central District of California. *See, e.g., Nader v. Capital One Bank (USA), N.A.*, Case No. 12-cv-01265-DSF-RZ (C.D. Cal.); *Mount v. Wells Fargo Bank, N.A.,* California Superior Court, Los Angeles County, Case No. BC395959 ("*Mount* action"); *Greenberg v. E-TRADE Fin. Corp.*, California Superior Court, Los Angeles County, Case No. BC360102; *Raymond v. CarsDirect.com Inc.*, California Superior Court, Los Angeles County, Case No. BC256282. Furthermore, my firm charges rates commensurate with the prevailing market rates for attorneys of comparable experience and skill handling complex litigation and, in this case, made all reasonable attempts to assign tasks to timekeepers at the appropriate billing rates.

    15. As of August 14, 2015, the total number of hours expended on this litigation by my firm's attorneys is 844.3 hours. The total lodestar for my firm is $419,640.00.

    16. My firm's lodestar figures are based upon the firm's billing rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

4      **DECLARATION OF MATTHEW A. YOUNG**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  17.  Attached hereto as **Exhibit 4** is a schedule of expenses incurred by my firm. As of August 14, 2015, my firm, individually, has incurred a total of $12,822.67 in unreimbursed out-of-pocket expenses in connection with the prosecution of this litigation, which were advanced with no promise of repayment.

18.  The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate recordation of the expenses incurred. These expenses were reasonable and necessary to achieve the successful result reached in this case.

19.  Class Counsel have carefully considered the proposed *cy pres* remedy and the goal in formulating this proposal was to make a grant to an organization that represents the privacy interests of consumers. The proposed *cy pres* recipient – namely, the Privacy Rights Clearinghouse – seeks funds to support and maintain long-term projects that will provide substantial benefits and a variety of services to consumers. Thus, the proposed *cy pres* remedy will provide indirect benefits to absent Class Members and those people who in the future are anticipated to have similar interests to the members of the present Class – to be free from invasion of their privacy. Neither my firm nor I have any interests or involvement in the governance or work of the proposed *cy pres* recipients. That said, I believe the Privacy Rights Clearinghouse is a reasonable *cy pres* recipient because of the work it performs in the privacy arena.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5  **DECLARATION OF MATTHEW A. YOUNG**

20. Attached hereto as **Exhibit 5** is a true and correct copy of a document titled "Declaration of Privacy Rights Clearinghouse" which was provided to my firm by Beth Givens, Executive Director of the Privacy Rights Clearinghouse.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed on September 11, 2015 at Beverly Hills, California.

_____
Matthew A. Young

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

6   **DECLARATION OF MATTHEW A. YOUNG**

# Kiesel Law LLP

# STONE v. HOWARD JOHNSON INTERNATIONAL, INC.

## FEE REPORT – Inception through August 14, 2015

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Paul R. Kiesel | 18.2 | $1,100.00 | $20,020.00 |
| Jeffrey A. Koncius | 360.3 | $625.00 | $225,187.50 |
| Thom Peters | 0.5 | $625.00 | $312.50 |
| | | | |
| **Associates** | | | |
| Matthew Young | 410.5 | $375.00 | $153,937.50 |
| Mariana Aroditis | 1.5 | $375.00 | $562.50 |
| Shehnaz Bhujwala | 36.3 | $375.00 | $13,612.50 |
| Glenn Anaiscourt | 2.6 | $375.00 | $975.00 |
| Tiffany Howard | 2.0 | $350.00 | $700.00 |
| Linna Chen | 12.1 | $350.00 | $4,235.00 |
| Lee Ackerman | 0.1 | $325.00 | $32.50 |
| Maria Weitz | 0.2 | $325.00 | $65.00 |
| | | | |
| **TOTAL** | **844.3** | | **$419,640.00** |

Exhibit 3
Page 40