**Exhibit 3.1**

DISABILITY RIGHTS LEGAL CENTER
    Anna Rivera (Bar No. 239601)
    anna.rivera@drlcenter.org
    Maronel Barajas (Bar No. 242044)
    Maronel.barajas@drlcenter.org
350 S. Grand Ave Suite 1520
Los Angeles, CA 90071
Telephone: (626) 389-8277
Facsimile: (213) 736-1428

MILBANK TWEED HADLEY & McCLOY LLP
    Linda Dakin-Grimm (Bar No. 119630)
    ldakin@milbank.com
    Daniel M. Perry (Bar No. 264146)
    dperry@milbank.com
    Samir L. Vora (Bar No. 253772)
    svora@milbank.com
2029 Century Park East,  33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-6063
*Attorneys for PLAINTIFF MICHAEL GARCIA and the Plaintiff Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity, et al.,<br><br>Defendants. | Case No. : CV 09-08943 DMG (SHx)<br><br>DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES RELATED TO CLASS ACTION SETTLEMENT WITH COUNTY OF LOS ANGELES |

### DECLARATION OF ANNA RIVERA

I, ANNA RIVERA, declare:

1.     I am a Senior Staff Attorney at the Disability Rights Legal Center ("DRLC"). The DRLC, along with co-counsel at Milbank Tweed, Hadley & McCloy ("Milbank"), represents Plaintiff Michael Garcia and has been appointed by the Court as Class Counsel. The facts set forth herein are based upon my personal knowledge, my review of documents prepared and/or maintained by DRLC in the ordinary course of business, and information provided to me by employees of DRLC's co-counsel, Milbank. If called as a witness, I could and would testify competently thereto.

2.     DRLC is a 501(c)(3) non-profit public interest organization dedicated to advancing the civil rights of people with disabilities through education, advocacy and litigation. Founded in 1975, DRLC is one of the oldest non-profit, public interest law centers to focus on representing individuals with diverse disabilities. DRLC's mission is to champion the rights of people with disabilities through education, advocacy and litigation.  DRLC accomplishes its work through several programs, including the Civil Rights Litigation Program, Education Advocacy Program, Cancer Legal Resource Center, the Inland Empire Program, and the Community Advocacy Program. DRLC, engages in, *inter alia*, class action, multi-plaintiff and other complex impact litigation on behalf of individuals with disabilities who face discrimination or other violations of civil rights or federal statutory protections. DRLC is generally acknowledged to be a leading public interest organization.  Attorneys in the firm have lectured at local, state, and national legal and professional organizations on the law applicable to individuals with disabilities.

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

3.     DRLC has litigated complex civil rights and public interest cases for over 40 years with a focus on impact complex litigation affecting the disability community.  Examples include: *Willits, et. al. v. City of Los Angeles*, Case No. CV 10-05782 CBM (RZx) (a successfully settled class action challenging the City of Los Angeles' failure to maintain pedestrian right of ways, including sidewalks and curb ramps for people with mobility disabilities); *Ms. Wheelchair California v. Starline Tours*, No. CV11-02620JFW (CWx) (C.D. Cal.) (a successfully settled class action resulting in company-wide change in policy governing accessible tours and seating); *Peter Johnson et al. v. Los Angeles County Sheriff's Department et al.*, USDC Case No. CV 08-03515 DDP (SHx) (a successfully settled class action currently in the monitoring stage on behalf of individuals with mobility impairments to obtain program and physical access while detained in the Los Angeles County Jail); *Casey A., et al. v. Robles, et al.*, Case No. CV10-00192-(GHK) (FMx) (C.D. Cal.) (a successfully settled class action addressing Los Angeles County's failure to provide youth in the County's largest probation camp with basic and appropriate education and rehabilitative services); *Doe2 v. County of San Bernardino, et al.*, (CV ED 02-962 SGL) (a successfully settled class action addressing the County's failure to provide special education and mental health services to children with disabilities in their custody in juvenile detention); *Valenzuela v. County of Los Angeles*, Case No. CV 02-9092 (JWJx) (C.D. Cal.) (a successfully settled class action addressing failure to provide effective communication for people who are deaf and hard of hearing in field and jail settings by Los Angeles County Sheriff's Department); and *Lauderdale v. Long Beach Police Department*, Case No. CV 08-979 ABC (JWJx) (a successfully settled class action addressing police department's failure to provide effective communication for people who are deaf or hard of hearing.).

*//*

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

4. As a non-profit law firm and a provider of legal services pursuant to grants and other funding, DRLC does not charge fees to its clients for any work undertaken on their behalf. DRLC primarily handles cases in which the client cannot afford to retain a law firm, where other lawyers will not handle the matter, and/or where the injunctive relief is the primary outcome of the litigation. Our legal services are provided free of charge to our clients, with attorneys' fees generally paid pursuant to fee shifting statutes.

**Case History and Settlement with County Defendants**

5. Plaintiff obtained excellent results through the settlement reached with Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Baca in his official capacity (collectively, "County Defendants").

6. As representatives of class, Plaintiffs engaged in thorough discovery to ensure that the parties and the Court had adequate information to assess the barriers to accessing special education in the jail and relief sought for the class—as well as the reasonableness of the Settlement Agreement. The discovery included: substantial written discovery, including interrogatories, requests for admissions, and requests for production of documents, which resulted in the combined production of approximately hundreds of documents. Further, Plaintiffs actively pursued discovery in this matter. Due to disagreements that arose during the discovery process, the parties met and conferred on many occasions and Plaintiffs also filed a discovery motion. In addition to extensive written discovery, Plaintiffs deposed four County of Los Angeles officials and the County of Los Angeles' expert witness. The County of Los Angeles deposed the Named Plaintiff as well as Plaintiff's expert witness.

7. In addition, the parties filed cross-motions for summary judgment.

8. In the summer of 2009, the Parties began settlement negotiations. The Parties participated in extensive arms-length settlement negotiations, which

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES

included extensive written negotiations, multiple in-person meetings, telephonic settlement negotiations, and multiple in-person settlement conferences with Judge Terry J. Hatter Jr., who acted as a settlement officer in this case.

9.   Concurrently with the Lawsuit, Los Angeles Unified School District ("LAUSD") commenced a civil action ("Related Case") in the United States District Court for the Central District of California, Case No. 2:09-cv-09289-VBF-CT appealing the decision of the California Office of Administrative Hearings ("OAH") which found that, pursuant to California Education Code section 56041, the LAUSD was the entity legally responsible for providing Plaintiff Michael Garcia with a free appropriate public education while he was incarcerated in the LACJ.  The District Court in the Related Case subsequently entered orders affirming the OAH decision. On or about June 3, 2010, LAUSD appealed that order to the United States Court of Appeals for the Ninth Circuit.

10.   Plaintiffs' settlement negotiations with the County Defendants where effectively stayed pending the outcome of LAUSD's appeal in the Related Case in the Ninth Circuit.  On or about January 20, 2012, the Ninth Circuit certified the question to California Supreme Court.  On or about March 28, 2012, The California Supreme Court agreed to take the matter. On or about December 17, 2013, the California Supreme Court issued a seminal decision, holding that the assignment of responsibility for providing special education to eligible county jail inmates between the ages of 18 and 22 years is governed by the terms of California Education Code Section 56041. The Ninth Circuit then issued a final decision on January 28, 2014, finding that the District Court's ruling in the Related Case was consistent with the California Supreme Court's answer to the certified question, the Ninth Circuit Court of Appeals affirmed the District Court's decision affirming the 2009 decision of the administrative law judge.

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES

11. Subsequent to this decision, the Parties renewed their settlement negotiations. The Parties engaged in several in-person meetings, telephonic negotiations, and exchanged multiple written drafts of the Settlement Agreement. The Parties worked diligently to finalize the terms of the proposed Settlement Agreement. On or about February 9, 2017 the Parties entered into a written Settlement Agreement. Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement.

12. Plaintiff obtained excellent results through the settlement reached with Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Baca in his official capacity (collectively, "County Defendants").

13. Plaintiff described the terms of that settlement in more detail in his Motion for Preliminary Approval of Class Action Settlement Agreement. (*See* Dkt. No. 424-1 and 424-3). As part of the settlement agreement, the County Defendants have agreed to do the following: (a) administer a questionnaire to all newly booked 18-22 year old individuals who are processed through the LACJ Inmate Reception Center aimed at identifying those inmates who would like to receive special education services, (b) notify the charter school that currently provides services at the LACJ of those individuals who affirmatively state they would like to receive special education services, (c) create and distribute an informational pamphlet regarding the availability of special education services and how to request them, (d) modify its Inmate Grievance/Service Request Form to include a box titled "Special Education/IEP," (e) designate an employee or employees who will facilitate the provision of special education services, and (f) train relevant Sheriff's Department staff regarding the provision of special education services to eligible students.

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

14. The qualifications of Class Counsel have been set forth in great detail in the earlier class certification briefing in this case and are discussed further below in paragraphs 19-57. (*See* Dkt. Nos. 81-84).

### DRLC Rates

15. In setting our rates, DRLC reviews published cases and unpublished decisions concerning attorneys' fees rates used by comparable non-profit public interest organizations, awards that DRLC has received for attorneys' fees, and other information from private attorneys relating to the rates charged by private firms for comparable litigation. DRLC also carefully monitors its billing practices to ensure that courts are able to properly perform the lodestar analysis for a fee award. We also take into account the experience of the attorneys and staff working on the case and the complexity of the case.

16. Several courts have found DRLC's hourly rates reasonable. Examples of courts finding DRLC's hourly rates reasonable include:

- *Michael Garcia v. Los Angeles County Sheriff's Dept.*, Case No. CV 09-8943 MMM (SHx), the United States District Court for the Central District of California approved DRLC's 2011 historical rates in a class action. Attached as Exhibit B is a true and correct copy of that order.

- *California in Communities Actively Living Independent and Free, et al. v. City of Los Angeles et al.*, Case No. CV 09-0287 CBM (RZx) the United States District Court for the Central District of California found DRLC's 2012 historical rates reasonable. This included a range of $450-$550 for staff attorneys and $230 for law clerks. And the court found a 2012 historical hourly rate of $550 for a 2003 law graduate was reasonable. *Id*. at 6:11-14. The court further found that the plaintiffs had "provided sufficient evidence . . . supporting the reasonableness of their 2012 requested hourly rates" and "that requested hourly rates correspond to the prevailing market rates in the

-6-

relevant community, considering the experience, skill, and reputation of the attorneys in question." *Id*. at 2:18-20. Attached hereto as Exhibit C is a true and correct copy of that order.

- *Peter Johnson v. Los Angeles County Sheriff's Department*, Case No. CV 08-03515 DDP (SHx), the United States District Court for the Central District of California granted Plaintiffs' Motion for Attorneys' Fees and Costs in full. Attached as Exhibit D is a true and correct copy of that order. In particular, the motion that was granted sought time billed by DRLC attorneys at 2014 historical hourly rates of $800 for a 1982 graduate, $700 for a 1992 graduate, $500 for a 2005 graduate and an hourly rate of $230 for law clerks. See, Declaration of Richard Diaz in support of Plaintiffs' Motion for Attorneys' Fees, attached as Exhibit E (summary of hourly rates sought by Plaintiffs at para. 38 of Diaz Declaration) (exhibits to Declaration omitted due to length).

- *Willits et al v. City of Los Angeles et al*, Case No. CV 10-5782 CBM (RZx), the United States District Court for the Central District granted Plaintiffs' Motion for Attorneys' Fees and Costs and approved DRLC's 2014 historical hourly rates. Attached as Exhibit F is a true and correct copy of that order. In particular, the motion that was granted sought time billed by DRLC attorneys at 2014 historical hourly rates of $680 for a 1987 graduate, $550 for a 2003 graduate, $375 for a 2010 graduate, and an hourly rate of $230 for law clerks. Id. at pg.6.

- *Greater Los Angeles Agency on Deafness, Inc. et al v. Krikorian Premiere Theaters*, LLC, Case No. CV 13-07172-PSG (ASx), the United States District Court for the Central District of California approved DRLC's 2015 historical rates in a class action which had

-7-

systemic implications regarding access to movie theaters for individuals who are deaf or hard of hearing. Attached as Exhibit G is a true and correct copy of that order.

17. Experts in the field have also found DRLC's 2016 historical rates to be reasonable. For example, in a declaration in support of plaintiff's motion for reasonable attorney fees and costs, Mr. Barrett S. Litt opined as to the reasonableness of DRLC's rates in the matter of *Independent Living Center of Southern California et al v. City of Los Angeles, et al.*, Case No. CV 12-0551 FMO (PJW), a class action case currently pending in the United States District Court for the Central District of California. Attached as Exhibit H is a true and correct copy of that declaration (exhibits have been omitted due to length).

18. DRLC's current rates have also been found reasonable by Richard Pearl, an expert in the area of attorney fees charged in California and elsewhere. In a declaration in support of plaintiff's motion for reasonable attorney fees and costs, Mr. Pearl opined as to the reasonableness of DRLC's rates in the matter of *Ochoa et al v. City of Long Beach et al*, Case No. 2:14-cv-04307-DSF-FFM, a class action case currently pending in the United States District Court for the Central District of California. Attached as Exhibit I is a true and correct copy of that declaration.

19. DRLC's hourly rates for staff on this case are set forth in the chart below at paragraph 66. This chart lists the billing attorney, year of law school graduation, and pertinent hourly rate for all DRLC staff for whom fees are requested in this matter. Based on the information that I reviewed in working with the Director of Litigation to set our hourly rates, I believe our rates to be consistent with the current prevailing market rates charged by other attorneys with comparable skills, qualifications, experience, and reputation in the market covered by the Central District.

//

//

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

**DRLC Attorneys and Their Roles**

20.     In addition to the hours expended by Milbank, Plaintiff is seeking compensation for eight DRLC attorneys who billed on this matter:  (1) Paula Pearlman, former Executive Director; (2) Shawna L. Parks, former Legal Director of the DRLC; (3) Maronel Barajas, Director of Litigation; (4) Matthew Strugar, former Staff Attorney; (5) Umbreen Bhatti, former Staff Attorney; (6) Carly Munson, former Staff Attorney; (7) Andrea Oxman, former Staff Attorney; (8) Elliot Field, former Staff Attorney.

21.     Paula Pearlman was the Executive Director at DRLC when she worked on this instant matter. As Executive Director, her duties included oversight of DRLC's litigation efforts. She also taught a Disability Rights class at Loyola Law School in Los Angeles.  I understand that, prior to joining DRLC, Ms. Pearlman was a former Supervising Attorney at the California Women's Law Center, where she specialized in sex discrimination in employment and education. I understand that Ms. Pearlman graduated from the Southwestern University School of Law in 1982. I understand that she has served on the U. S. Access Board Courthouse Access Advisory Committee, as the board chair of the Employment Round Table of Southern California (ERTSC), as a board member of the Legal Aid Association of California, as co-chair of the Lawyer Representatives of the Central District, Ninth Circuit Judicial Conference, and as a member of the California State Bar Standing Committee on the Delivery of Legal Services.

22.     I understand that Ms. Pearlman has received numerous awards including the 2010 St. Ignatius of Loyola Award, St. Thomas More Society, the 2009 "FEHA 50th Anniversary Civil Rights Award," from the California Department of Fair Employment and Housing, and she was a 2007 Legal Aid Association of California Attorney Award of Merit Recipient. She was named a "Super Lawyer" in 2009 in the area of public interest law and class actions, and

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES

she was a 2007 finalist for "Attorney of the Year" for Trial Lawyers for Public Justice.

23.    I understand that Ms. Pearlman's experience with the plaintiffs and understanding of public entity work was important to filing this case. I understand that Ms. Pearlman participated in depositions, settlement conferences, and conferred within DRLC to discuss strategy and tasks.

24.    A 2014 historical hourly rate of $800 was previously approved for Ms. Pearlman in *Peter Johnson v. Los Angeles County Sheriff's Department*, Case No. CV 08-03515 DDP (SHx); that order and related declaration are attached hereto as Exhibits D and E.

25.    DRLC seeks compensation for Ms. Pearlman at an hourly rate of $875, which is DRLC's 2017 billing rate for an attorney of her experience.

26.    Shawna L. Parks is a 1999 graduate of U.C. Berkeley School of Law, and a 1995 graduate of U.C. Berkeley. I understand that from 1999-2000 Ms. Parks was a Fulbright Scholar in Budapest, Hungary, where she researched a recently enacted nondiscrimination statute, worked on developing test litigation, and co-organized a conference of Eastern European disability rights advocates.

27.    From early 2012 through late 2013 Ms. Parks was a Director of Litigation at Disability Rights Advocates in Berkeley, California. From 2005 through early 2012 Ms. Parks was at the Disability Rights Legal Center where she was Legal Director from 2009 through late 2011. Prior to her work at the DRLC Ms. Parks was a staff attorney and Equal Justice Works Fellow at Disability Rights Advocates from 2000 through 2003. From 2003 through 2004 she was an associate at what was then known as Schonbrun DeSimone Seplow Harris & Hoffman, where she worked primarily on race and gender discrimination employment cases. Ms. Parks has extensive expertise in the substantive areas of disability rights, civil rights and education, including special education. She has litigated numerous

-10-

cases, including both class actions and individual cases, in these fields. Ms. Parks is currently the principal attorney in the Law Office of Shawna L. Parks, which she founded in 2014.

28.     I understand that in the instant matter Ms. Parks participated in many aspects of the litigation including discovery, research, settlement, motion work and engaged in strategy sessions.

29.     A 2012 historical rate of $665 was approved for Ms. Parks in *CALIF, et al., v. City of Los Angeles, et al.*, 2011 WL 4595993 (C.D. Cal. 2011), Case No. 2:09-cv-00287- CBM-RZ. A true and correct copy of that fee order is attached hereto as Exhibit C. In that Order the Court describes Ms. Parks as "nationally recognized as a leading disability rights attorney." Order at 4:8

30.     DRLC seeks compensation for Ms. Parks at an hourly rate of $745, which is DRLC's 2017 billing rate for an attorney of her experience.

31.     Maronel Barajas is the Litigation Director at the Disability Rights Legal Center.  As the Director of Litigation, she oversees all aspects of DRLC's litigation program, including supervising and litigating individual, multi-plaintiff, and class action cases. This includes coordinating, supervising and providing substantive expertise and support to attorney staff and legal assistants, as well as law clerks and volunteers in DRLC's two offices.  Further, her duties as the Director of Litigation also include negotiating co-counseling agreements, outreach, grant writing, retaining experts, and budgeting.  She also lectures and provides training on disability rights issues in various forums and participates in legislative and regulatory comment on behalf of the organization.

32.     Ms. Barajas is a 2003 graduate of Columbia Law School and 2000 graduate of the University of California, Irvine. The majority of her practice has focused on civil rights matters, including matters on behalf of individuals with disabilities.  Indeed, civil rights has been my primary focus for approximately twelve years.  Approximately, nine of those years have been spent on cases

-11-

exclusively on behalf of individuals with disabilities. During this time, she litigated various cases in the area of disability rights, including individual, multi-plaintiff and class action cases. These cases have primarily been against public entities, and most often with the goal of system reform. Ms. Barajas has also supervised attorneys in numerous lawsuits affecting the rights of people with disabilities. As a result, she has developed extensive knowledge in the area of disability rights cases, cases requiring policy reform, and cases involving public entities.

33.     After law school, from late 2004 through early 2005, Ms. Barajas worked as a legal representative for MACS Copy and Interpreting Inc., where her work focused primarily on worker's compensation matters. In early 2005, Ms. Barajas joined DRLC and held various positions until she left in late 2008. These positions included being an Education Advocate, Staff attorney, Associate Director and ultimately Director of the Education Advocacy Program. During 2005-2008, her work was exclusively on behalf of people with disabilities, with a focus on matters on behalf of students with disabilities. Ms. Barajas worked on cases at the administrative and federal court level. She also regularly lectured and trained on issues relating to individuals with disabilities, including participating in legislative and regulatory comment on behalf of the organization. By way of example, Ms. Barajas was an Adjunct Professor at Loyola Marymount University in Los Angeles where she taught an upper division Special Education and the Law course; guest lectured at Loyola Law School's Disability Rights and Special Education Law class; and wrote articles related to the rights of students with disabilities. In her capacity as Director of the Education Advocacy program, she also supervised attorney staff and managed DRLC's Education Advocacy Program's externship program. In 2007, during Ms. Barajas tenure as the Director, the Education Advocacy Program along with DRLC's litigation program was recognized as the Agency Winner at the National Association of Counsel for Children in Keystone,

-12-

Colorado for improving the educational opportunity for students with disabilities held in detention facilities and for improving the access to courts for individuals with disabilities.

34. In late 2008, Ms. Barajas left DRLC to become an associate with the former law firm of Traber & Voorhees, a prominent civil rights litigation firm in Pasadena, California. Traber & Voorhees recently dissolved after one its founding partners, Theresa M. Traber, was appointed to the bench. At Traber & Voorhees, her focused primarily on discrimination cases in the employment, education, and custodial context. Ms. Barajas handled matters at the state, federal and state appellate level. She remained an associate with Traber & Voorhees until early 2011.

35. In early 2011, Ms. Barajas returned to work with DRLC as the sole Senior Staff Attorney in the litigation program. In addition to focusing on impact and complex litigation, she co-authored an article with Paula Pearlman, Esq. for the 2011-2012 Ability magazine issue, titled "a boy and his dog" regarding a case where she was lead counsel from DRLC. To my knowledge, it was the first case of its kind where a federal court judge held that a student with autism had the right to attend school with his service dog. Until approximately 2013, Ms. Barajas also served as an Adjunct Professor at Loyola Marymount University where she taught an upper division Special Education and the Law course. Ms. Barajas also oversaw DRLC's externship program with Loyola Law School until that partnership ended. In 2015, she was promoted to Managing Attorney of the litigation department, and in late 2016, she was again promoted, this time to Director of Litigation, a position that she still holds.

36. I understand that Ms. Barajas participated in settlement and engaged in strategy sessions.

37. A 2012 historical hourly rate of $550 for a 2003 law graduate was previously approved in *California in Communities Actively Living Independent and*

*Free, et al. v. City of Los Angeles et al.*, Case No. CV 09-0287 CBM (RZx) at 6:11-14; that order and related declaration are attached hereto as Exhibit C.

38.     DRLC seeks compensation for Ms. Barajas at an hourly rate of $675, which is DRLC's 2017 billing rate for an attorney of her experience

39.     Matthew Strugar is a 2004 graduate from the University of Southern California Gould School of Law. When he worked on this matter, he was a Staff Attorney with the litigation department. While at DRLC, Mr. Strugar focused on class action and impact litigation centered on matters in the correctional context. I understand that Mr. Strugar participated in working with plaintiff and class members.

40.     DRLC seeks compensation for Mr. Strugar at an hourly rate of $660, which is DRLC's 2017 billing rate for an attorney of his experience.

41.     Umbreen Bhatti graduated from the University of Michigan Law School in 2005. I understand that prior to joining DRLC she was an associate at Latham & Watkins and later a staff attorney at the ACLU of Delaware, where she managed a caseload involving civil rights cases in state and federal court and before state commissions, litigating a wide variety of civil rights issues. While she worked on this matter she was a Staff Attorney with the litigation department. While at DRLC, Mr. Gibson focused on class action and impact litigation centered on physical and programmatic accessibility for individuals with disabilities. In the instant matter, I understand that Ms. Bhatti participated in settlement and engaged in strategy sessions.

42.     A 2014 historical hourly rate of $500 was previously approved for a 2005 graduate in *Peter Johnson v. Los Angeles County Sheriff's Department*, Case No. CV 08-03515 DDP (SHx); that order and related declaration are attached hereto as Exhibits D and E.

43.     DRLC seeks compensation for Ms. Bhatti at an hourly rate of $640, which is DRLC's 2017 billing rate for an attorney of her experience.

-14-

44. Carly Munson is a 2006 graduate from Boston University School of Law. When she worked on this matter, she was a Staff Attorney. While at DRLC, Ms. Munson focused on impact litigation centered with a focus on matters in the educational context. I understand that Ms. Munson participated in drafting, reviewing, and revising documents related to the complaint, investigating the claims, working with the plaintiffs, motion work and settlement. Ms. Munson also participated in regular conference calls with co-counsel to discuss strategy and tasks and conferred within DRLC and with co-counsel.

45. DRLC seeks compensation for Ms. Munson at an hourly rate of $625, which is DRLC's 2017 billing rate for an attorney of her experience.

46. Andrea Oxman is a 2007 graduate from the University of Southern California Gould School of Law. When she worked on this matter, she was a Staff Attorney with the litigation department. While at DRLC, Ms. Oxman focused on class action and impact litigation centered on physical and programmatic accessibility for individuals with disabilities. Ms. Oxman is currently an associate in private practice at Klinedinst PC. I understand that Ms. Oxman participated in drafting, reviewing, and revising documents related to the complaint, investigating the claims, working with the plaintiffs, discovery, motion work and settlement.

47. DRLC seeks compensation for Ms. Oxman at an hourly rate of $600, which is DRLC's 2017 billing rate for an attorney of her experience.

48. Elliot Field is a 2009 graduate from Loyola Law School. When he worked on this matter, he was a Staff Attorney. While at DRLC, Mr. Field focused on impact litigation centered with a focus on matters in the educational context. I understand that Mr. Fields participated in depositions and worked with plaintiffs.

49. DRLC seeks compensation for Mr. Field at an hourly rate of $525, which is DRLC's 2017 billing rate for an attorney of his experience.

50. DRLC law clerks also worked on this matter. DRLC seeks compensation for law clerks at an hourly rate of $250. DRLC seeks a currently

-15-

hourly rate of $250 for law clerks. DRLC relies on its law clerks primarily to do legal and factual research, and did so in this matter. DRLC's law clerks are law students from local law schools, including Loyola Law School.

51.    In *California in Communities Actively Living Independent and Free, et al. v. City of Los Angeles et al.*, Case No. CV 09-0287 CBM (RZx) the United States District Court for the Central District of California found DRLC's 2012 rates of $230 for law clerks reasonable; that order and related declaration are attached hereto as Exhibit C.

52.    DRLC also seeks compensation for work performed by Legal Assistants at a currently hourly rate of $250.

53.    In *California in Communities Actively Living Independent and Free, et al. v. City of Los Angeles et al.*, Case No. CV 09-0287 CBM (RZx) the United States District Court for the Central District of California found DRLC's 2012 rates of $230 for legal assistants reasonable; that order and related declaration are attached hereto as Exhibit C.

54.    The manner in which DRLC staffed this case is fairly standard for a case of this size and importance.

55.    DRLC made every effort to litigate this matter efficiently by coordinating our work, minimizing duplication, and assigning tasks in a time and cost efficient manner, based on the time keepers' experience levels and talents.

56.    The attorneys at Milbank worked on this matter as co-counsel and as appropriate. It was essential for the DRLC to co-counsel with the attorneys from Milbank in this matter particularly given their expertise and experience with litigation. The specific work that they did on the case and their rates are discussed fully in the Declaration of Samir L. Vora in Support of Plaintiff's Motion for Award of Attorneys' Fees and Expenses that is filed herewith.

//

//

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

## Method of Recording Time

57.     DRLC's method of recording attorneys' fees consists of recording time spent on particular cases as contemporaneously as possible with the actual expenditure of the time, in tenth of an hour increments, and submitting those time records in the regular course of business. DRLC's law clerks and support staff do the same.

## Exercise of Billing Judgment and Determining the Lodestar

58.     The $200,000 in fees and costs for DRLC and Milbank attorneys combined represents only a portion of the actual hours expended by Plaintiffs' counsel in the nearly eight years this case has been litigated. In determining the reasonable attorneys' fees for work performed DRLC calculated its lodestar based on its current 2017 hourly rates as well as apportioning those fees for work attributable to County Defendants.

59.     DRLC's total actual fees and costs through October 2011 is $810,851. A true and correct copy of DRLC's billing statement is attached here to as Exhibit J.

60.     In order to determine the amount of fees to apportion to County Defendants, I carefully reviewed DRLC's billing statement on an entry by entry basis in order to categorize time spent in the following categories: (a) time related to general furtherance of Plaintiff's claims in the case as a whole; and (b) time related specifically to County Defendants.

61.     This resulted in 869.70 hours of time, for a total value of $538,213.50 for time spent in general furtherance of the litigation.  And, 163.90 hours of time, for a total value of $101,812.50 for time spent related specifically to County Defendants.

62.     I then equally divided the time spent in general furtherance of the litigation among all Defendants in the litigation, for a total amount of

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

approximately 173.9 hours of time per defendant, for a total value of $107,642.70.

63.    I then added $101,812.50 (total value for time spent related specifically to County Defendants) and $107,642.70 (the corresponding fraction of time spent in general furtherance of the litigation among all Defendants). This billing discretion resulted in final lodestar of **$209, 455.20** for approximately 338 hours as applied to the County Defendants

64.    In reaching the lodestar for determining DRLC's fees and costs, I carefully reviewed all of the DRLC attorneys' billing statements.  In reviewing this time spent by DRLC attorneys and law clerks, I exercised billing judgment and in doing so wrote-off certain time, as appropriate.

65.    Below is a table of the DRLC time-keepers on this matter, including hours and total fees attributed to its claims against the County Defendants at the time of settlement:

| Attorney Name | Graduation | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Paula Pearlman | 1982 | $875 | 29.10 | $25,462.50 |
| Shawna Parks | 1999 | $745 | 223.70 | $166,656.50 |
| Maronel Barajas | 2003 | $675 | 20.10 | $13,567.50 |
| Matthew Strugar | 2004 | $660 | 12.00 | $7,920.00 |
| Umbreen Bhatti | 2005 | $640 | 11.80 | $7,552.00 |
| Carly Munson | 2006 | $625 | 143.00 | $89,375.00 |
| Andrea Oxman | 2007 | $600 | 758.60 | $455,160.00 |
| Elliot Field | 2009 | $525 | 49.30 | $25,882.50 |
| Law Clerks | N/A | $250 | 75.90 | $18,975.00 |

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

| | | | | |
|---|---|---|---|---|
| Paralegals | N/A | $250 | 1.20 | $300.00 |
| DRLC Total Fees | | | 1331.60 | $810,851.00 |
| Subtotal of DRLC Fees Spent in General Furtherance of Litigation | | | 869.70 | $538,213.50 |
| Subtotal of DRLC Fees Spent Specifically Related to County Defendants | | | 169.90 | $101,812.50 |
| **DRLC Fees Apportionment to County Defendants** | | | | **Total: $209, 455.20** |

66. Since the time of settlement, DRLC has expended additional time negotiating and executing an amendment to the settlement agreement and in preparing the preliminary approval papers as well as the instant attorneys' fee motion.

67. I have personally reviewed all the entries and calculations in this declaration. Any calculation errors in the totals of hours, fees, or expenses are inadvertent and mine alone.

68. In addition to fees, DRLC incurred out-of-pocket costs, as apportioned to County Defendants, which it has not included in its request here. As with time records, costs are recorded in our system as contemporaneously as

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES

possible to when they are incurred or when we are billed by a third party, and are submitted by DRLC staff in the regular course of business.

69. The fees claimed here are for the work necessary to investigate and develop Plaintiffs' claims, secure class certification, secure discovery needed for trial , prepare a motion for partial summary judgment, and to achieve a resolution that remedies violations of the civil rights of students in jail eligible to received special education services

70. In my opinion, the total $200,000 in fees and costs for DRLC and Milbank attorneys combined is a reasonable figure for attorneys' fees and costs particularly given the amount of work invested in this matter. The amount sought by Plaintiff in this matter represents a fair and reasonable fees and costs award in this case.


I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on June 8, 2017 in Whittier, California.



ANNA RIVERA

DECLARATION OF ANNA RIVERA IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES