Barrett S. Litt, SBN 45527
Email: blitt@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Carol A. Sobel, SBN 84483
Email: carolsobel@aol.com
LAW OFFICE OF CAROL A. SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
Telephone: (310) 393-3055

ADDITIONAL COUNSEL LISTED
ON NEXT PAGE
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE CHUA, ET AL. <br><br> PLAINTIFFS, <br><br> VS. <br><br> CITY OF LOS ANGELES, ET AL., <br><br> DEFENDANTS. | CASE NO: 2:16-CV-00237-JAK-GJS(X) <br> [HON. JOHN A. KRONSTADT] <br><br> [PROPOSED] PRELIMINARY APPROVAL ORDER; EXHIBITS <br><br> HEARING DATE: SEPTEMBER 9, 2019 <br> HEARING TIME: 8:30 A.M. <br> COURTROOM: 10B |

ADDITIONAL PLAINTIFFS' COUNSEL

Paul Hoffman, SBN 71244
Email. hoffpaul@aol.com
Catherine Sweetser. SBN271142
Email. catherine.sdshhh@gmail.com
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN
11543 Olympic Boulevard
Los Angeles, California 90064
Tel. (310) 396-0731
Fax. (310) 399-7040

Colleen M. Flynn, SBN 234281
Email. cflynnlaw@yahoo.com
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 9001 0
Tel. 213 252-9444
Fax. 213 252-0091

Matthew Strugar, SBN 232951
Email. matthewstrugar@gmail.com
LAW OFFICE OF MATTHEW STRUGAR
2108 Cove Avenue
Los Angeles, California 90039
Tel: 323 696-2299

The parties have submitted this joint Preliminary Approval Order of the Class Settlement for the Court's review. Upon review and consideration of the Settlement Agreement (Exhibit A hereto) (the "Settlement Agreement") and the exhibits attached thereto made and entered into by counsel for the parties, who represent that their respective clients have approved the settlement.

The Named Plaintiffs/Class Representatives are Charmaine Chua, Torie Rivera, and Lydia Hicks. Kyle Todd is an individual Named Plaintiff (for a different but related incident than that involving the Class Representatives and the class they represent). The Defendants are the City of Los Angeles, former Los Angeles Police Chief Charlie Beck, LAPD Commander Andrew Smith, and LAPD Captain Jeff Bert. This action arises out of the alleged unlawful detention and arrest of individuals engaged in demonstrations at or near the intersection of 6th and Hope Streets on November 26, 2014. Plaintiffs allege that the police herded Plaintiffs as they marched, finally trapping and surrounding them, preventing them from moving forward on the sidewalk. Plaintiffs also allege that, by kettling and arresting them without first issuing a lawful order to disperse, Defendants violated Plaintiffs' rights under the U.S. and California constitution, as well as their statutory and common law rights. Plaintiffs further allege that their arrest was without lawful basis, and that Defendants denied the class members release on their own recognizance ("OR release") without an individual determination.

While Defendants continue to dispute the validity of Plaintiffs' allegations, the parties have agreed to enter into this Settlement Agreement to avoid the mutual risks of litigation.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.      PRELIMINARY APPROVAL OF SETTLEMENT**

1.     This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, and also incorporates Exhibits B and C, thereto. All terms defined therein shall have the

same meaning in this Order.

2. The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the class damages fund of $255,010 (inclusive of expert and mediation costs, class administration costs of $20,000, payments to claiming class members of a total of $200,000 and $5000 incentive awards to each of the three named plaintiffs); $484,290 (inclusive of litigation costs other than the expert, mediation and class administration costs) as compensation for statutory attorneys' fees and costs; and $5000 to Todd Kyle individually are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

## II.  DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS HEARING

3. The Court has set the following dates for purposes of this class action:
   (a) Final class identifying information, to the extent not already provided, will be provided to Class Administrator Law Office of Carol Sobel no later than September 9, 2019;
   (b) September 23, 2019: Text message, emailing and first-class mail notice (for those for whom email addresses and mobile phone numbers are unavailable);
   (c) September 30, 2019: Notice by regular mail to all class members who were initially notified by electronic means only (those who received notice by email and text) and who have not yet submitted claim forms along with the explanation that they were sent such electronic notice but this notice is being sent as well because they did not file a claim or exclude themselves from the settlement;
   (d) October 28, 2019: Filing of Plaintiffs' Motion for Award of

2

Attorneys' Fees and Costs;

(e) November 25, 2019: Deadline to file Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorneys' Fees and Costs): Must be postmarked or received by that date;

(f) November 25, 2019: Deadline to opt-out: Must be postmarked or received by that date;

(g) November 25, 2019: Deadline to file class claims: Must be postmarked or received by that date;

(h) December 16, 2019: Deadline to file Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs);

(i) December 16, 2019: Deadline to file proposed final approval order and motion for final approval of settlement;

(j) January 13, 2020: Final Approval hearing.

4. In the event that the class notice is not communicated through text message, email and regular mail by September 23, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional Court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

5. If the number of Opt Outs amounts to more than three, Defendants shall have the option of withdrawing from the settlement.

6. Class members have been identified exclusively from Los Angeles Police Department arrest records Damages Class.

### III. CLASS ADMINISTRATOR

7. The Court approves Carol Sobel to act as the Class Administrator in order to minimize the cost of class administration, as her office has been in contact with many class members, and this amount is meaningfully less than what would

likely be paid to a professional administrator. Ms. Sobel's office has performed this service in other cases before the District Court and has assisted in maximizing class participation in other cases where an outside firm was retained to administer the class fund.

8. The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until December 31, 2022, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties, and copies shall be regularly provided to Counsel for the Parties.

9. The Class Administrator shall be compensated in the amount of $20,000 from the Class Damages Fund for services in connection with notice and administration, which amount includes the costs of giving mailed and published notice, and the other class administration services to be performed, pursuant to such orders as the Court may enter from time to time.

10. Within two weeks after this Preliminary Approval Order is signed by the Court, the City of Los Angeles shall deposit or cause to be deposited into an account designated by the Class Administrator by check sent by overnight mail an amount of same day available funds equal to $20,000. If the Court does not enter the Final Order of Approval and Settlement, then all such funds paid to the Class Administrator, to the extent they are available after payment of all accrued class administration expenses, shall be returned to Defendants.

11. If the settlement is not approved or otherwise does not occur, the case proceeds to trial and judgment, and the plaintiffs are successful, plaintiffs shall seek as awardable costs under any available legal theory class administration costs incurred in the course of this settlement process, and any future or additional class administration funds incurred in connection with the case (as well as any other

costs the plaintiffs deem appropriate).

## IV.     CLASS COUNSEL

12.     Barrett S. Litt, Carol Sobel and Paul Hoffman are hereby confirmed as counsel for the Class Representatives and the Class ("Class Counsel").

13.     Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

## V.     CLASS AND SETTLEMENT NOTICE

14.     Class Counsel shall provide the Class and Settlement Notice to the Class Administrator for distribution according to the schedule set forth above. Such notice shall be in substantially the form as proposed in Exhibit B to the Settlement Agreement and shall be communicated as provided in ¶ 3(b) and (c) above (providing for both text message, email and regular mail notice); returned mail shall be subject to follow up mailings after appropriate searches of the available databases. No notice by publication shall be required because such notice has not proven effective at reaching class members, and the resources are better spent on attempting to reach class members through electronic email and other means of electronic outreach. See revisions to F.R.Civ.P 23 (c)(2)(B) effective December 2019 (acknowledging that notice "may be by … electronic means, or other appropriate means" in addition to or in lieu of United States mail).

15.     Defendants represent that they have already provided the name, address and other identifying information of Class Members to Plaintiffs' counsel. Such information shall be confidential and may not be disclosed to anyone except counsel of record, the Class Administrator, and designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to Plaintiffs' counsel and the Class Administrator.

16. At least seven days before the Fairness Hearing, Class Counsel and/or the Class Administrator shall serve and file a sworn statement by the Class Administrator attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class.

17. The Court approves the Class and Settlement Notice attached as Exhibit B.

18. The Court approves the Claim Form attached as Exhibit C.

19. The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

## VI.   THE FAIRNESS HEARING

20. A Fairness Hearing shall be held on December 16, 2019, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether a Final Order of Approval and Settlement should be entered in its current or some modified form; and (c) the application by Class Counsel for attorneys' fees and expenses (the "Fee Motion").

21. Prior to the Fairness Hearing, Plaintiffs shall submit a proposed Final Approval Order, which shall be approved by Defendants. That proposed order will contain the final provisions the Parties seek the Court to finally approve and the Parties' proposed court orders related to any objections that have been filed. It will not be necessary to file a separate motion for final approval.

22. The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted

at the Court and on the Court's web site.

23. Any Class Member who objects to the approval of the Settlement Agreement, the Fee Motion, the Named Plaintiffs' incentive awards or the proposed allocation of damages among class members may appear at the Fairness Hearing and show cause why any one of the foregoing should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval and Settlement should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, no later than November 4, 2019 [the date to file objections to the Settlement] (a) files with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection to the Settlement Agreement, the Fee Petition, the Named Plaintiffs' incentive awards or the proposed allocation of damages among class members, and all documentation, papers, or briefs in support of such objection; and by the same date (b) serves upon all Counsel to the Parties (as listed in the Class Notice), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include the information requested on the Claim Form. Final determination of whether any such objector is a Class Member who has standing to object shall be determined solely from the Defendants' records, from which the list of Class Members has been compiled. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied.

24. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

25. In the event of final approval of the Settlement Agreement, all Damages Class Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

### VII. OTHER PROVISIONS

26. To the extent not otherwise specifically addressed in this Order, Defendants and Class Counsel shall comply with the provisions of the Settlement Agreement.

27. In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Defendants, and Class Members.

DATED: _____           _____
                                JOHN A. KRONSTADT
                                UNITED STATES DISTRICT JUDGE


SUBMITTED BY:

**KAYE, McLANE, BEDNARSKI & LITT**
**LAW OFFICE OF CAROL SOBEL**
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN**


By:__/s/ Barrett S. Litt_____
      Barrett S. Litt
   Attorneys for Plaintiffs