**(Class Action Lawsuit Against LAPD for Protests at 6th & Hope Streets)**
***Chua v. City of Los Angeles,* Case No. CV 2:16-cv-00237-JAK-GJS(x)**
<u>**Class and Settlement Notice**</u>

*Chua v. City of Los Angeles* is a class action in Los Angeles federal court against the Los Angeles Police Department ("LAPD") for arrests made at a demonstration at Sixth and Hope Streets on November 26, 2014, in protest of the decision not to bring criminal charges for the police killing of Michael Brown in Ferguson, Missouri.

The parties have now reached a settlement. It has received preliminary approval by the judge. **If the court gives final approval, class members will receive money.**

You are a class member and may be entitled to money if LAPD records show you were arrested on November 26 in connection with the protest at Sixth and Hope Streets. If you are a class member, you are entitled to over **$1500 (how much over depends on the number of people who make claims).**

You may be entitled to receive **MONEY**, but only if you **FILE** a **CLAIM** no later than [date]. **DON'T DELAY.**

There are three ways to file a claim:

(1)    Go to http://www.chuavlosangelessettlement.com
(2)    Email a copy of the completed enclosed claim form to chuasettlement@gmail.com
(3)    Mail a copy of the completed enclosed claim form to:
       Law Office of Carol A. Sobel
       725 Arizona Avenue, Suite 300
       Santa Monica, CA 90401

**If you do not submit a timely claim form, you will receive no money.**

If you have questions, email or call 1-310-393-3055. The following pages provide more information and answer common questions.

**Esta Notificación de arreglo colectivo está disponible en español. Llame al: 1-310-393-3055 o visite el siguiente sitio web: www.chuavlosangelessettlement .com.**

**Questions:**

**1.  Who is part of this case?**

You are a class member (part of this case) if you were arrested on November 26, 2014 by the Los Angeles Police Department ("LAPD") at a demonstration at Sixth and Hope Streets in protest of the decision not to bring criminal charges against a Ferguson, Missouri police officer for the killing of Michael Brown. Only LAPD records will be used to decide who is a class member.

**2.  Who is the judge presiding over the case?**

This case was filed in United States District Court. The Judge is the Honorable John Kronstadt. Judge Kronstadt will decide whether the settlement is fair to class members.

**3.  Why am I receiving this notice?**

The court is directing this notice be sent to everyone who appears to be a class member because the two sides have agreed to a settlement (subject to court approval). If there is a settlement, it will affect  the rights of all potential class members. You have a right to know about the settlement and your choices. To receive money, you must submit a claim by [date]. If you don't like a part of the settlement, you can file an "objection" with the court (but must also submit a claim form). Or, if you choose, you can exclude yourself entirely.

**4.  Who are the lawyers representing class members?**

The Court has approved a team of lawyers (called "Class Counsel") to collectively represent you. These lawyers have been working on this case since 2014. You don't have to pay your own money for the work these attorneys have done. Instead, the lawyers will ask to be paid from the total settlement fund. You can hire your own lawyer to advise you if you want but don't need to.

**5.  How much money will the City of Los Angeles pay and how will it be distributed?**

The settlement provides for payment to class members, special payments for the individuals who represented the class, and attorney's fees and costs. Below are the amounts for each:

   a.  The total amount to be paid equally to class members who file claims is $200,000. The approximately 125 class members will receive a

proportional share to be divided evenly among each one who files a claim within the time set by the court and after the payment of an incentive award to the individuals who represented everyone in this case.

b. Three individuals who represented the class will be paid $5000 each (in addition to their share of the Class Fund) for the time they spent assisting the lawyers in prosecuting the case (plus one additional individual plaintiff detained in a related protest will receive $5000).

c. Costs for experts, mediation and administration of the settlement in the amount of $45,710 (or possibly less depending on the cost of class administration).

d. The total amount of the three foregoing groups of payments constitute the "Class Fund."

e. Payment of statutory attorney's fees and costs to the lawyers in an amount determined by the court, but not to exceed $484,290.00 (of which $7,488.07 are litigation costs and $476,801.93 are fees).

## 6. How much money will I receive?

There are approximately 127 class members.  Two individuals filed their own lawsuit so they are no longer members of the class.  Each class member who submits a claim will receive an equal share of the settlement (because all were arrested and held in jail for approximately the same amount of hours). So each class member will receive  approximately $1500. The exact amount depends on how many make a claim because the money will be divided among those who do.

## 7. How much will the lawyers be paid?

The court will decide, after the lawyers file a motion, how much they will be paid. The amount will be based on the court's determination of a reasonable fee based on the time spent and a fair rate for attorneys of the skill and experience of the attorneys in this case. The attorneys believe that the maximum fee they can receive under the Settlement ($476,801.93 not including costs) is well under what they would have received in a claim for reasonable attorney's fee under the relevant statutes without the limitation.  They provided full records of all of their fees to the Court. They agreed to this limitation in order to reach a settlement for the class. The Court can award less than that amount but not more. You will not personally pay any attorneys' fees that the court awards to the attorneys.

**8. If I do not like the settlement – or some part of it – how do I tell the Court?**

You can stay a class member and object to all or part of the settlement . If you object, you must tell the court specifically what you think is unfair about the settlement or request for fees.

To do this, mail a written statement with the case name and number (*Chua v. City of Los Angeles*, Case No. CV 2:16-cv-00237-JAK-GJS(x) at the top of the page. Include your name, your address, your telephone number, signature and the reason why you object. (If you previously used a different name, include any names you have used.)

Your objections and supporting papers **must** be mailed and postmarked no later than [date]. You **must** send your objection and copies to all the people in the chart below.  Please be sure to include the case name and number (*Chua v. City of Los Angeles*, Case No. CV 2:16-cv-00237-JAK-GJS(x)) at the top of the page

| Clerk of the District Court, 350 W. 1st Street, Los Angeles, CA 90012-4565. | Carol A. Sobel, 725 Arizona Ave., Suite 300, Santa Monica, CA 90401 | [counsel for LAPD] Geoffrey Plowden, 200 N. Main St., 6th Floor, City Hall East, Los Angeles, CA 90012 |
|---|---|---|

The Court will consider your objection and decide whether to overrule it or change the settlement agreement. You will only be allowed to appear at the hearing and argue your objection to the court if your objection states you wish to do so.

If the court accepts or rejects your objection, you remain a member of the class and will be bound by the settlement agreement, and will get your share of the settlement. (This means you're giving up claims against the LAPD for actions related to the LAPD at the Ferguson related protests at 6th & Hope on November 26, 2014, covered by this case.)

**9.     Can I exclude myself from the settlement?**

If you do not want to be a member of the class at all, or if you want to be able to file your own lawsuit, or be part of a different lawsuit, then you must take steps to exclude yourself.  This is sometimes is referred to as "opting out" of the class.

To do this, mail a written statement with the case name and number (*Chua v. City of Los Angeles*, Case No. CV 2:16-cv-00237-JAK-GJS(x)) at the top of the page. Include your name, your address, your telephone number, signature and a statement that you wish to exclude yourself or similar words. (If you previously used a different name, include any names you have used). You don't need to explain why you are excluding yourself. (The name and address of your attorney is not sufficient.)  You should check with a lawyer before opting out to make sure that you can still bring a timely lawsuit on your own.

You must mail your Exclusion Request, postmarked no later than [date]**,** to:

*Chua v. City of Los Angeles* Settlement Administrator
Law Office of Carol Sobel
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401

What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you do not like something about the settlement but intend to stay in the case.  Excluding yourself or "opting out" is telling the Court that you do not want to be part of the case.  If you exclude yourself, you cannot object because you are no longer part of the case, and it doesn't affect you. You cannot object if you exclude yourself because you are no longer part of the class.

### 10.    What if I do nothing?

If you do not file a claim, you will receive no money from the settlement **and** you will be giving up your rights against the City. **Be sure to file a claim form unless you exclude yourself.**

### 11.    Am I giving up any rights?

People who submit claims, object or do nothing, give up their right to sue the LAPD (or its employees) for claims covered by this case. This means that you will not be able to sue the LAPD for your arrest on November 26, 2014, or related events. You are not giving up claims against the LAPD unrelated to this case.

People who exclude themselves ("opt out") do *not* give up claims because they are no longer part of the case.

### 12.    When will the judge decide whether to approve the settlement?

The Court has scheduled a Final Approval Hearing for February 3, 2020 at 8:30 a.m. to decide if the settlement is fair. If the court decides it is, it will approve the settlement and will determine the attorneys' fees and costs to be awarded.  The hearing date may change. There will not be a new notice if it does; however, any change in the hearing date will be posted on the case website listed above.

The hearing will be before Judge Kronstadt in Courtroom 10D of the United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012-4565.

You can come to the hearing, but you do not have to. The attorneys handling the case will answer any questions the court may have.

If you submitted an objection and indicated that you wanted to speak at the hearing, the Court *may* permit you to speak. You do not have to come to court to voice your objection – as long as you properly submitted your written objection, the Court will consider it.  If you "opt-out" (exclude yourself) you will not be permitted to speak at the hearing.

### 13.    When will I receive money from the settlement?

The Court has set the last day to submit a claim for [date].

**If you do not submit a claim by then, you get no money. So file early.**

After final court approval, it will take at least two to three months, and possibly more, to process claims and calculate the amount due to each class member, and begin payments.

After you file a claim, check the website for this case about the status of court approval and when payment mailings are expected. Or contact the Class administrator by calling: 310-393-3055 or on the internet at www.chuavlosangelessettlement.com.

### 14.    Where can I learn more?

For more details, go to the website titled www.chuavlosangelessettlement.com. The website has links to the complete settlement documents in this case, as well as the motion for attorneys' fees.  If you still have questions, you may call 310-393- 3055.