Barrett S. Litt, SBN 45527
Email: blitt@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Carol A. Sobel, SBN 84483
Email: carolsobel@aol.com
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
Telephone: (310) 393-3055
Facsimile: (310) 451-3858

ADDITIONAL COUNSEL LISTED
ON NEXT PAGE
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE CHUA, ET AL.<br><br>PLAINTIFFS,<br><br>VS.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>DEFENDANTS. | CASE NO: 2:16-CV-00237-JAK-GJS(X)<br><br>[HON. JOHN A. KRONSTADT]<br><br>JOINT STIPULATION TO APPROVE CLASS NOTICE, RELEVANT DATES RELATED TO THE FINAL APPROVAL HEARING AND THE CONTEMPORANEOUSLY FILED PRELIMINARY APPROVAL ORDER |

ADDITIONAL PLAINTIFFS' COUNSEL

Paul Hoffman, SBN 71244
Email. hoffpaul@aol.com
Catherine Sweetser. SBN271142
Email. catherine.sdshhh@gmail.com
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN
732 Ocean Front Walk
Venice, California 90291
Tel. (310) 396-0731
Fax. (310) 399-7040

Colleen M. Flynn, SBN 234281
Email. cflynnlaw@yahoo.com
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 9001 0
Tel. 213 252-9444
Fax. 213 252-0091

Matthew Strugar, SBN 232951
Email. matthewstrugar@gmail.com
LAW OFFICE OF MATTHEW STRUGAR
2108 Cove Avenue
Los Angeles, California 90039
Tel: 323 696-2299

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

The parties appeared before the court on September 9, 2019, on the motion for preliminary approval of the settlement. The court approved the settlement on the record, and set February 3, 2020, as the date for the final approval hearing. The parties understood that the court was going to issue a further order that would include the dates they had proposed in the proposed preliminary approval order submitted in connection with that hearing. See Doc. 140 (minute order of preliminary approval of settlement and indication that a "separate and more detailed order will be issued"); Doc. 135 (proposed preliminary approval order containing proposed dates for sending notice, filing fee and final approval motions, filing objections and opt outs, and related issues). However, an order has not issued, and the Plaintiffs have thus not distributed notice of the settlement because there were not approved dates set by the Court.

The dates proposed in Doc. 135, some of which have already passed, will no longer work. Accordingly, the parties stipulate to and submit a proposed Class Notice, attached as Exhibit A, which includes the dates the parties now propose, for the Court's approval. This is the same notice submitted to the court at its direction after the preliminary approval hearing (see Doc. 143), except that the current dates to be used are inserted. (The notice submitted as part of Doc. 143 did not contain dates.) Due to the passage of time since the preliminary approval hearing, the revised dates include moving the final approval hearing from February 3, 2020, to March 16, 2020. The parties urge that this proposed Notice be approved by the court as quickly as possible in order to provide timely notice to the class. While this will provide only about a 60 day notice period (slightly more for text messages and slightly less for mailed notices), such time periods have been approved by various courts for response to a class notice. See, e.g., *See, e.g., Arellano v. Kellermeyer Bldg. Servs., LLC*, No. 13-CV-00533-BAS BGS, 2014 WL 7176463 (S.D. Cal. Dec. 5, 2014) (preliminarily

approving wage and hour settlement that provided for a 45 day claim period); *Sarinana v. DS Waters of Am., Inc.*, No. 3:13-CV-00905-EMC, 2014 WL 12709948, at *2 (N.D. Cal. July 11, 2014) (preliminary approval of wage and hour settlement with claim requirement to file claim within 45 days of mailing of class notice); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 62–63, 75 Cal. Rptr. 3d 413, 431 (2008) (affirming approval of DVD rental settlement that had a 45 day claim requirement after notice to the class); *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2015 WL 4498571 (N.D. Cal. July 23, 2015) (preliminarily approving wage and hour settlement that provided for a 60 day claim period). Because Plaintiffs' counsel have a means to quickly reach most class members, they believe this will provide adequate notice so long as they are able to proceed quickly.

     Pursuant to this stipulation, the parties have separately submitted a proposed order and attach as Exhibit A hereto the final proposed class notice to be sent to class members, which will be sent before Thanksgiving so long as the accompanying proposed order or some version of it is expeditiously approved.

IT IS SO STIPULATED

DATED: November 12, 2019   Respectfully Submitted,
KAYE, MCLANE, BEDNARSKI & LITT
LAW OFFICES OF CAROL SOBEL
SCHOENBRON, DESIMONE, ET AL.
LAW OFFICE OF COLLEEN FLYNN
LAW OFFICE OF MATTHEW STUGAR
By:__/s/ Barrett S. Litt_____
      Barrett S. Litt
     Attorneys for Plaintiffs

MICHAEL N. FEUER, CITY ATTORNEY
GEOFFREY PLOWDEN, CITY ATTORNEY
By:__/s/ Geoffrey Plowden_____
      Geoffrey Plowden
     Attorneys for Defendants
(Permission granted to affix defense counsel's signature on his behalf)

**Exhibit A**

**(Class Action Lawsuit Against LAPD for Protests at 6th & Hope Streets)**
*Chua v. City of Los Angeles,* **Case No. CV 2:16-cv-00237-JAK-GJS(x)**
**Class and Settlement Notice**

*Chua v. City of Los Angeles* is a class action in Los Angeles federal court against the Los Angeles Police Department ("LAPD") for arrests made at a demonstration at Sixth and Hope Streets, on November 26, 2014, in protest of the decision not to bring criminal charges for the police killing of Michael Brown.

The parties have now reached a settlement. It still must be approved by the judge. **If the court approves, class members will receive money.**

You are a class member and may be entitled to money if LAPD records show you were arrested on November 26 in connection with the protest at Sixth and Hope Streets. If you are a class member, you are entitled to slightly over **$1500 (how much over depends on the number of people who make claims).**

You may be entitled to receive **MONEY**, but only if you **FILE** a **CLAIM** no later than **JANUARY 30, 2020**. **DON'T DELAY.**

There are three ways to file a claim:

(1) Go to the website for case: **http://www.chuavlosanglessettlement.com**
**(2)** Email a copy of the enclosed claim form to **chuasettlement@gmail.com**
(3) Mail a copy of the enclosed claim form:

    **LAW OFFICE OF CAROL A. SOBEL**
    **725 ARIZONA AVENUE, SUITE 300**
    **SANTA MONICA, CALIFORNIA 90401**

**If you do not submit a timely claim form, you will receive no money.**

The following pages provide more information and answer common questions.

**Esta Notificación de arreglo colectivo está disponible en español. Llame sin cargo: 1-310 393-3055 o visite el siguiente sitio web: http://www.chuavlosangelessettlement.com.**

**Questions:**

1. **Who is part of this case?**

You are a class member (part of this case) if you were arrested on November 26, 2014 by the Los Angeles Police Department ("LAPD") at a demonstration at Sixth and Hope Streets in protest of the decision not to bring criminal charges against a Ferguson police officer for the killing of Michael Brown. Only LAPD records will be used to decide who is a class member.

2. **Who is the judge presiding over the case?**

This case was filed in United States District Court. The Judge is the Honorable John Kronstadt, who will decide whether the settlement is fair to class members.

3. **Why am I receiving this notice?**

The court is sending this notice to everyone who appears to be a class member because the two sides have agreed to a settlement (subject to court approval). If there is a settlement, it will affect the rights of all class members. You have a right to know about the settlement and your choices. To receive money, you must submit a claim by **JANUARY 30, 2020.** If you don't like a part of the settlement, you can file an "objection" with the court (but must also submit a claim form). Or, if you choose, you can exclude yourself entirely. If you exclude yourself, you will receive no money from a settlement approved by the Court.

4. **Who are the lawyers representing class members?**

The Court has approved a team of lawyers (called "Class Counsel") to collectively represent you. These lawyers have been working on this case since 2014. You don't have to pay your own money for the work these attorneys have done. Instead, the lawyers will ask to be paid from the total settlement fund. You can hire your own lawyer to advise you if you want but don't need to.

5. **How much money will the City of Los Angeles pay and how will it be distributed?**

The settlement provides for payment to class members, special payments for the individuals who represented the class in this litigation process, and attorneys' fees and costs. Below are the amounts for each:

   a. The total amount to be paid equally to class members who file claims is $200,000. There are approximately 125 class members who will receive a

    proportional share to be divided evenly among each one who files a claim within the time set by the court and after the payment of an incentive award to the individuals who represented everyone in this case.

  b. Three individuals who represented the class will be paid $5000 each (in addition to their share of the Class Fund) for time they spent assisting the attorneys in prosecuting the case (plus one additional individual plaintiff detained in a related protest will receive $5000).

  c. Costs for experts, mediation and administration of the settlement in the amount of $45,710 (or possibly less depending on the cost of class administration).

  d. The total amount of the three foregoing groups of payments constitute the "Class Fund."

  e. Payment of statutory attorney's fees and costs to the lawyers in an amount determined by the court, but not to exceed $484,290.00 (of which $7,488.07 are litigation costs and $476,801.93 are fees).

6. **How much money will I receive?**

There are approximately 125 class members. Each class member who submits a claim will receive an equal share of the settlement (because all were arrested and held in jail for approximately the same amount of time, about 24 hours). Each class member will receive approximately $1500. The exact amount depends on how many class members make a timely claim. The available fund will be divided among those who do.

7. **How much will the lawyers be paid?**

The court will decide, after the lawyers file a motion, how much they will be paid. The amount will be based on the court's determination of a reasonable fee based on the time spent and a fair rate for attorneys of the skill and experience of the attorneys in this case. The attorneys believe that the maximum fee they can receive under the Settlement ($476,801.93 not including costs) is well under what they would have received in a claim for reasonable attorney's fee under the relevant statutes without the limitation. They agreed to this limitation in order to reach a settlement for the class. The Court can award less than that amount but not more. You will not personally pay any attorneys' fees that the court awards to the attorneys.

8. **If I do not like the settlement – or some part of it – how do I tell the Court?**

You can stay a class member and object to all or part of the settlement . If you object, you must tell the court specifically what you think is unfair about the settlement or request for fees.

To do this, mail a written statement with the case name and number (*Chua v. City of Los Angeles*, Case No. CV 2:16-cv-00237-JAK-GJS(x) at the top of the page. Include your name, your address, your telephone number, signature and the reason why you object. (If you previously used a different name, include any names you have used.)

Your objections and supporting papers **must** be mailed and postmarked no later than **JANUARY 30, 2020**. You **must** send your objection and copies to all the people in the chart below. Please be sure to include the case name and number (*Chua v. City of Los Angeles*, Case No. CV 2:16-cv-00237-JAK-GJS(x)) at the top of the page.

| Clerk of the Court<br>350 W 1st Street, Ste. 4311<br>Los Angeles, CA 90012 | Law Office of Carol A. Sobel<br>725 Arizona Ave., Suite 300<br>Santa Monica, CA 90401 | Los Angeles City Attorney<br>Geoffrey Plowden<br>City Hall East, 6th Fl.<br>200 N. Main Street<br>Los Angeles, CA 90010 |
|---|---|---|

The Court will consider your objection and decide whether to overrule it or change the settlement agreement. You will only be allowed to appear at the hearing and argue your objection to the court if your objection states you wish to do so.

If the court accepts or rejects your objection, you remain a member of the class and will be bound by the settlement agreement, and will get your share of the settlement. (This means you're giving up claims against the LAPD for actions related to the LAPD at the Ferguson-related protests at 6th & Hope on November 26, 2014, covered by this case.)

9. **Can I exclude myself from the settlement?**

If you do not want to be a member of the class at all, or if you want to be able to file your own lawsuit, or be part of a different lawsuit, then you must take steps to exclude yourself. This is sometimes is referred to as "opting out" of the class.

To do this, mail a written statement with the case name and number (*Chua v. City of Los Angeles*, Case No. CV 2:16-cv-00237-JAK-GJS(x)) at the top of the page.

Include your name, your address, your telephone number, signature and a statement that you wish to exclude yourself or similar words. (If you previously used a different name, include any names you have used). You don't need to explain why you are excluding yourself. (The name and address of your attorney is not sufficient.)

You must mail your Exclusion Request, postmarked no later than [date]**,** to:

*Chua v. City of Los Angeles* Settlement Administrator
Law Office of Carol Sobel
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401

### 10.    What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you do not like something about the settlement but intend to stay in the case. Excluding yourself or "opting out" is telling the Court that you do not want to be part of the case. If you exclude yourself, you cannot object because you are no longer part of the class, and it doesn't affect you.

### 11.    What if I do nothing?

If you do not file a claim, you will receive no money from the settlement **and** you will be giving up your rights against the City. **Be sure to file a claim form unless you exclude yourself.**

### 12.    Am I giving up any rights?

People who submit claims, object or do nothing, give up their right to sue the LAPD (or its employees) for claims covered by this case. This means that you will not be able to sue the LAPD for your arrest on November 26, 2014, or related events. You are not giving up claims against the LAPD unrelated to this case.

People who exclude themselves ("opt out") do *not* give up claims because they are no longer part of the case.

### 13.    When will the judge decide whether to approve the settlement?

The Court has scheduled a hearing for final approval for **MARCH 16, 2020** to decide if the settlement is fair. If the court decides it is, it will approve the settlement and will determine the attorneys' fees and costs to be awarded. The

hearing date may change. There will not be a new notice if it does; however, any change in the hearing date will be posted on the case website listed above.

The hearing will take place in Judge Kronstadt's courtroom in the United States District Court for the Central District of California, located at:

350 W. 1st Street, Los Angeles, CA, 90012 – Courtroom 10B.

You can come to the hearing, but you do not have to. The attorneys handling the case will answer any questions the court may have.

If you submitted an objection and indicated that you wanted to speak at the hearing, the Court *may* permit you to speak. You do not have to come to court to voice your objection – as long as you properly submitted your written objection, the Court will consider it. If you "opt-out" (exclude yourself) you will not be permitted to speak at the hearing.

### 14. When will I receive money from the settlement?

The Court has set the last day to submit a claim for **JANUARY 30, 2020**.

**If you do not submit a claim by then, you get no money. So file early.**

After final court approval, it will take at least two to three months, and possibly more, to process claims and calculate the amount due to each class member, and begin payments.

After you file a claim, check the website for this case about the status of court approval and when payment mailings are expected. Or contact the Class administrator by calling: 310 393 3055, emailing chuasettlement@gmail.com, or messaging on the website: chuavlosangelessettlement.com.

### 15. Where can I learn more?

For more details, go to the website titled http://www.chuavlosangelessettlement.com. The website has links to the complete settlement documents in the case, as well as attorneys' fees motion. If you still have questions, you may call The Law Office of Carol A. Sobel at 310 393 3055.