Barrett S. Litt, SBN 45527
Email: blitt@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Carol A. Sobel, SBN 84483
Email: carolsobel@aol.com
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
Telephone: (310) 393-3055
Facsimile: (310) 451-3858

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE CHUA, ET AL.<br><br>PLAINTIFFS,<br><br>VS.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>DEFENDANTS. | CASE NO: 2:16-CV-00237-JAK-GJS(X)<br>[HON. JOHN A. KRONSTADT]<br><br>DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>HEARING DATE:   MARCH 16, 2020<br>HEARING TIME:   8:30 A.M.<br>COURTROOM:      10B |

## DECLARATION OF RICHARD M. PEARL

1.      I am a member in good standing of the California State Bar. I am in private practice as the principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California. I specialize in issues related to court-awarded attorneys' fees, including the representation of parties in fee litigation and appeals, serving as an expert witness, and serving as a mediator and arbitrator in disputes concerning attorneys' fees and related issues. In this case, I have been asked by Plaintiffs' counsel to render my opinion on the reasonableness of the hourly rates they are requesting in this matter.[1]

2.      I make this Declaration in Support of the Plaintiffs' Motion for Reasonable Attorneys' Fees. To form my opinions, I have discussed this matter with Barry Litt and Carol Sobel and reviewed counsel's qualifications and experience as well as various materials that demonstrate the nature of the work required by this case and the hourly rates requested.

## My Background and Experience

3.      Briefly summarized, my background is as follows: I am a 1969 graduate of Boalt Hall (now Berkeley) School of Law, University of California, Berkeley, California. I took the California Bar Examination in August 1969 and passed it in November of that year, but because I was working as an attorney in Atlanta, Georgia for the Legal Aid Society of Atlanta (LASA), I was not admitted to the California Bar until January 1970. I worked for LASA until the summer of 1971, then went to work in California's Central Valley for California Rural Legal Assistance, Inc. (CRLA), a statewide legal services program. From 1977 to 1982, I

---

[1] I understand that, under the terms of the settlement agreement, Plaintiffs' counsel will not receive the full hourly rates they are using, but they are nonetheless using the rates I address as their reasonable hourly rates.

was CRLA's Director of Litigation, supervising more than fifty attorneys. In 1982, I went into private practice, first in a small law firm, then as a sole practitioner. Martindale Hubbell rates my law firm "AV." I also have been selected as a Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and 2019. A true and correct copy of my Resume is attached as Exhibit A.

4.      Since 1982, my practice has been a general civil litigation and appellate practice, with an emphasis on cases and appeals involving court-awarded attorneys' fees. I have lectured and written extensively on court-awarded attorneys' fees. I have been a member of the California State Bar's Attorneys' Fees Task Force and have testified before the State Bar Board of Governors and the California Legislature on attorneys' fee issues. I am the author of California Attorney Fee Awards (3d ed Cal. CEB 2010) and its 2011, 2012, 2013, 2014, 2015,  2016, 2017, 2018, and March 2019 Supplements. I also was the author of California Attorney Fee Awards, 2d Ed. (Calif Cont. Ed. of Bar 1994), and its 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements. This treatise has been cited by the California appellate courts on more than 35 occasions. *See, e.g., Graham v. DaimlerChrylser Corp.,* 34 Cal.4th 553, 576, 584 (2004); *Lolley v. Campbell,* 28 Cal.4th 367, 373 (2002); *Equilon Enters. v. Consumer Cause, Inc.,* 29 Cal.4th 53, 62 (2002); *In re Conservatorship of Whitley,* 50 Cal.4th 1206, 1214-15, 1217 (2010); *Chodos v. Borman,* 227 Cal.App.4th 76, 100 fn. 12 (2014); *Chacon v. Litke,* 181 Cal.App.4th 1234, 1259 (2010); *Syers Properties Ill, Inc. v. Rankin,* 226 Cal.App.4th 691, 698, 700 (2014). Federal courts also have cited it. *See In re Hurtado*, Case No. 09-16160-A-13, 2015 WL 6941127 (E.D. Cal. Nov. 6, 2015); *TruGreen Companies LLC v. Mower Brothers, Inc.,* 953 F. Supp. 2d 1223, 1236 nn.50, 51 (D. Utah 2013). I also authored the 1984, 1985, 1987, 1988, 1990, 1991, 1992, and 1993 Supplements to its predecessor, CEB's California

Attorney's Fees Award Practice. In addition, I authored a federal manual on attorneys' fees entitled "Attorneys' Fees: A Legal Services Practice Manual," published by the Legal Services Corporation. I also co-authored the chapter on "Attorney Fees" in Volume 2 of CEB's Wrongful Employment Termination Practice, 2d Ed. (1997).

5.     More than 95% of my practice is devoted to issues involving court-awarded attorney's fees. I have been counsel in over 200 attorneys' fee applications in state and federal courts, primarily representing other attorneys. I also have briefed and argued more than 40 appeals, at least 30 of which have involved attorneys' fees issues. I have successfully handled five cases in the California Supreme Court involving court-awarded attorneys' fees:  (1) *Maria P. v. Riles*, 43 Cal. 3d 1281 (1987), which upheld a C.C.P. section 1021.5 fee award based on a preliminary injunction obtained against the State Superintendent of Education, despite the fact that the case ultimately was dismissed under C.C.P. section 583; (2) *Delaney v. Baker*, 20 Cal. 4th 23 (1999), which held that heightened remedies, including attorneys' fees, are available in suits against nursing homes under California's Elder Abuse Act; (3) *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001), which held, *inter alia,* that contingent risk multipliers remain available under California attorney fee law, despite the United States Supreme Court's contrary ruling on federal law (note that in *Ketchum,* I was primary appellate counsel in the Court of Appeal and "second chair" in the Supreme Court); (4) *Flannery v. Prentice*, 26 Cal. 4th 572 (2001), which held, again despite an adverse United States Supreme Court ruling under federal law that, in the absence of an agreement to the contrary, statutory attorneys' fees belong to the attorney whose services they are based upon; and (5) *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004), which held, *inter alia,* that the catalyst theory of fee recovery remained valid under California law despite adverse federal law and that lodestar multipliers could be applied to fee motion work.  In

that case, I represented trial counsel in both the Court of Appeal (twice) and Supreme Court, as well as on remand in the trial court.  I also represented and argued on behalf of *amicus curiae* in *Conservatorship of McQueen*, 59 Cal. 4th 602 (2014), which held that statutory attorneys' fees for appellate work were not considered "enforcement fees" subject to California's Enforcement of Judgments law; I presented the argument relied upon by the Court. Along with Richard Rothschild of the Western Center on Law and Poverty, I also prepared and filed an *amicus curiae* brief in *Vasquez v. State of California*, 45 Cal.4th 243 (2009). I also have handled numerous other appeals, including: *Davis v. City & County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992); *Mangold v. CPUC*, 67 F.3d 1470 (9th Cir. 1995); *Velez v. Wynne*, 2007 U.S. App. LEXIS 2194 (9th Cir. 2007); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008); *Center for Biological Diversity v. County of San Bernardino*, 185 Cal.App.4th 866 (2010); and *Environmental Protection Information Center v. California Dept. of Forestry & Fire Protection et al*, 190 Cal.App.4th 217 (2010); and *Heron Bay Home Owners Association v. City of San Leandro*, 19 Cal. App. 5th 376 (2018). For an expanded list of my reported decisions, *see* Exhibit A.

6.     I have been retained by various governmental entities, including the California Attorney General's office, at my then current rates to consult with them regarding their affirmative attorney fee claims.

7.     I am frequently called upon to opine about the reasonableness of attorneys' fees, and numerous state and federal courts have relied on my testimony on those issues.

8.     The following California appellate cases have referenced my testimony favorably:

- *Kerkeles v. City of San Jose*, 243 Cal.App.4th 88 (2015);
- *People v. Native Wholesale Supply Co.*, 37 Cal.App.5th 73 (2019) (in unpublished section);

DECLARATION OF RICHARD M. PEARL

- *Habitat and Watershed Caretakers v. City of Santa Cruz*, 2015 Cal. App. Unpub. LEXIS 7156 (2015);

- *Laffitte v. Robert Half Int'l Inc.*, 231 Cal.App.4th 860 (2014), *aff'd* (2016) 1 Cal.5th 480;

- *In re Tobacco Cases I*, 216 Cal.App.4th 570 (2013);

- *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972 (2013);

- *Wilkinson v. South City Ford*, 2010 Cal. App. Unpub. LEXIS 8680 (2010);

- *Children's Hospital & Medical Center v. Bonta*, 97 Cal.App.4th 740 (2002);

- *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628 (1996).

9.    The following federal cases also have referenced my testimony favorably:

- *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017);

- *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 08-55867 (9th Cir. 2012), Order filed Dec. 26, 2012, at 6;

- *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (the expert declaration referred to is mine);

- *Beaver v. Tarsadia Hotels*, 2017 U.S.Dist.LEXIS 160214 (S.D. Cal. 2017)

- *Notter v. City of Pleasant Hill*, 2017 U.S.Dist.LEXIS 197404, 2017 WL 5972698 (N.D. Cal. 2017);

- *Villalpondo v. Exel Direct, Inc.*, 2016 WL 1598663 (N.D. Cal. 2016);

- *State Compensation Insurance Fund v. Khan et al*, Case No. SACV 12-01072-CJC (JCGx) (C.D. Cal.), Order Granting in Part and Denying in

5

Part the Zaks Defendants' Motion for Attorneys' Fees, filed July 6, 2016 (Dkt. No. 408);

- *In re Cathode Ray Tube Antitrust Litig.,* Master File No. 3:07-cv-5944 JST, MDL No. 1917 (N.D. Cal. 2016) 2016 U.S.Dist.LEXIS 24951 (Report And Recommendation Of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiffs' Settlements With the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And Technologies Displays Americas Defendants, and (2) For Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Awards To Class Representative, Dkt. 4351, dated January 28, 2016, *adopted in relevant part,* 2016 U.S.Dist.LEXIS 88665;

- *Gutierrez v. Wells Fargo Bank*, 2015 U.S. Dist. LEXIS 67298 (N.D. Cal. 2015);

- *Holman v. Experian Information Solutions, Inc.*, 2014 U.S. Dist. LEXIS 173698 13 (N.D. Cal. 2014);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. M 07-1827 SI, MDL No. 1827 (N.D. Cal.), Report and Recommendation of Special Master Re Motions for Attorneys' Fees and Other Amounts by Indirect-Purchaser Class Plaintiffs And State Attorneys General, Dkt. 7127, filed Nov. 9, 2012, adopted in relevant part, 2013 U.S. Dist. LEXIS 49885 (N.D. Cal. 2013) (*"TFT-LCD (Flat Panel)* Report & Recommendation");

- *Walsh v. Kindred Healthcare*, 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. 2013);

- *A.D. v. California Highway Patrol*, 2009 U.S. Dist. LEXIS 110743, at *4 (N.D. Cal. 2009), rev'd on other grounds, 712 F.3d 446 (9th Cir. 2013), reaffirmed and additional fees awarded on remand, 2013 U.S. Dist. LEXIS 169275 (N.D. Cal. 2013);

- *Hajro v. United States Citizenship & Immigration Service*, 900 F. Supp. 2d 1034, 1054 (N.D. Cal 2012);

- *Garcia v. Resurgent Capital Servs.*, 2012 U.S.Dist.LEXIS 123889 (N.D. Cal. 2012);

- *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012);

- *Stonebrae, L.P. v. Toll Bros., Inc.*, 2011 U.S. Dist. LEXIS 39832, at *9 (N.D. Cal. 2011) (thorough discussion), aff'd 2013 U.S. App. LEXIS 6369 (9th Cir. 2013);

- *Armstrong v. Brown*, 2011 U.S. Dist. LEXIS 87428 (N.D. Cal. 2011);

- *Lira v. Cate*, 2010 WL 727979 (N.D. Cal. 2010);

- *Californians for Disability Rights, Inc. v. California Dep't of Transportation*, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. 2010);

- *Nat'l Federation of the Blind v. Target Corp.*, 2009 U.S. Dist. LEXIS 67139 (N.D. Cal. 2009);

- *Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095 (N.D. Cal. 2008) (an earlier motion);

- *Bancroft v. Trizechahn Corp.*, No. CV 02-2373 SVW (FMOx), Order Granting Plaintiffs Reasonable Attorneys' Fees and Costs In the Amount of $168,886.76, Dkt. 278 (C.D. Cal. Aug. 14, 2006);

- *Willoughby v. DT Credit Corp.*, No. CV 05-05907 MMM (CWx), Order Awarding Attorneys' Fees After Remand, Dkt. 65 (C.D. Cal. July 17, 2006);

- *Oberfelder v. City of Petaluma*, 2002 U.S. Dist. LEXIS 8635 (N.D. Cal. 2002), aff'd 2003 U.S. App. LEXIS 11371 (9th Cir. 2003).

10.    In addition, countless trial courts and arbitrators have relied on my testimony, including several awards in the Los Angeles area. In particular, I testified before a jury as Beats/Apple's expert on attorneys' fees in *Monster, LLC, et al., v. Beats Electronics, LLC et al.*, Los Angeles Superior Court Case No. BC595235 (2017), a commercial dispute, in which, based in part on my live testimony, a jury

7

awarded Beats the entire $11,578,265.49 attorneys' fees and expenses claimed for work on the merits.  See also *Kaku v. City of Santa Clara,* Santa Clara Superior Court No. 17CV319862, Fee Order filed January 22, 2019, reported at 2019 WL 331053 (Cal.Super. 2019).

### Counsel's Requested Hourly Rates Are Reasonable.

11.    Through my writing and practice, I have become familiar with the non-contingent market rates charged by attorneys in California and elsewhere.  I have obtained this familiarity in several ways:  (1) by handling attorneys' fee litigation; (2) by discussing fees with other attorneys; (3) by obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (4) by reviewing attorneys' fee applications and awards in other cases, as well as surveys and articles on attorney's fees in the legal newspapers and treatises.

12.    In this case, I have consulted with Plaintiffs' counsel regarding their fee application for their work in this matter. I also am quite familiar with the work performed by Mr. Litt, Ms. Sobel, and Mr. Hoffman over the past several years, and know that their experience, expertise, skill and reputation are of the highest caliber.

13.    It is my understanding that Plaintiffs' counsel are claiming the following hourly rates for billers with the noted legal experience:

| NAME | GRAD YR | RATE |
|---|---|---|
| Barrett S. Litt | 1969 (50) | $1200 |
| Carol Sobel | 1978 (41) | $1000 |
| Paul Hoffman | 1974 (43) | $1050 |
| Catherine Sweetser | 2010 (09) | $650 |
| Colleen Flynn | 2004 (15) | $725 |
| Colleen Mullen | 2014 (05) | $500 |
| Matthew Strugar | 2004 (15) | $725 |
| Rachel Steinback | 2008 (11) | $675 |
| Monique Alarcon[1] | 2016 (03) | $420 |

8

DECLARATION OF RICHARD M. PEARL

| NAME | GRAD YR | RATE |
|------|---------|------|
| Monique Alarcon | Law Clerk | $200 |
| Julia White | Sr. Paralegal | $335 |
| Weston Rowland | Law Clerk | |

13.     In my opinion, these rates are entirely reasonable. Under California law, successful attorneys are entitled to their requested rates if those rates are "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work" in the applicable community. *Children's Hosp. & Med. Ctr. v. Bonta,* 97 Cal.App.4th 740, 783 (2002).  Based on the information regarding hourly rates that I have gathered, some of which is summarized below, I am of the opinion that counsel's requested hourly rates are well within the range of non-contingent market rates charged for reasonably similar services by Los Angeles Area attorneys of reasonably similar qualifications and experience.  The following data support my opinion:

### Rates Found Reasonable in Other Cases

14.     The hourly rate requested by  Plaintiffs' counsel are well within the range of the Los Angeles area rates found reasonable by various local courts for reasonably comparable services:

        •      In *Wishtoyo Foundation et al v. United Water Conservation Dist.,* 2019 U.S.Dist.LEXIS 39927 (C.D. Cal. 2019), an environmental action under the federal Endangered Species Act, the court found, *inter alia,* that in 2018,  $840 per hour was reasonable rate for a 1986 Bar Admittee.

        •      In *Monster, LLC, et al., v. Beats Electronics, LLC et al.,* Los Angeles Superior Court Case No. BC595235  (2017),  Order Granting Defendant and Cross-Complainant Beats Electronics, LLC's Motion for Attorneys' Fees and Costs, filed June 27, 2018, a commercial dispute, the court found the following  hourly rates reasonable for Beats' attorneys' work on the successful jury trial that determined the

DECLARATION OF RICHARD M. PEARL

amount of reasonable attorneys' fees Monster would be required to pay as damages:

| Boies, Schiller & Flexner | Bar Admittance or Law School Graduation | 2016/2017 Rates |
|---|---|---|
| Partners: | 1986 | $960/$1,049 |
| | 2006 | $920/$972 |
| | 2000 | $880 |
| | 2001 | $880 |
| | 2002 | $830 |
| | 1999 | $830 |
| | 2004 | $740 (2015); $760 (2016) |
| | 2006 | $680 |
| | 2007 | $650/$714 |
| | 2009 | $600/$800 |
| Associates: | 2004 | $680 |
| | 2009 | $610 |
| | 2013 | $460/$533 |
| | 2013 | $490 |
| | 2010 | $630 |
| | 2011 | $480/$602 |
| | 2014-2015 | $420 |
| Non-Attorneys Timekeepers: | | $190-284 |

| Gibson Dunn & Crutcher | Bar Admittance or Law School Graduation | 2017 Rates |
|---|---|---|
| | 1987 | $852 (through Aug. 2017) $956 (from Sept. 2017) |
| | 2008 | $592 (through Aug. 2017) $696 (from Sept. 2017) |
| | 2013 | $404 (through Aug. 2017) $600 (from Sept. 2017) |
| | 2015 | $520 |
| | 2016 | $472 |
| | 1997 | $960 |
| | 2006 | $736 |
| | 1987 | $944 |
| Non-Attorneys Timekeepers: | | $216-$335 |

- In *Nozzi v. Housing Authority,* 2018 U.S.Dist.LEXIS 26049 (C.D. Cal. 2018), a tenant class action, the court approved the following hourly rates as reasonable:

| Kaye McLane Bednarski & Litt | Bar Admittance or Law School Graduation | 2017 Rates |
|---|---|---|
| | 1969 | $1,150 |
| | 1992 | $750 |
| | 1993 | $765 |
| | 2008 | $730 |
| | Sr. Paralegal | $335 |
| | Jr. Paralegal | $150 |
| | Law Clerk | $200 |

| Public Counsel | Bar Admittance or Law School Graduation | 2017 Rates |
|---|---|---|
| | 1989 | $850 |
| | 1988 | $850 |
| | 1994 | $750 |
| | 1992 | $765 |
| | 2004 | $640 |
| | 2010 | $540 |
| | | |

- In *Monster, LLC, et al., v. Beats Electronics, LLC et al.*, Los Angeles Superior Court Case No. BC595235, Order Granting Motions for Attorneys' Fees, filed October 12, 2017, the same *Monster* commercial dispute listed above, the court found the following 2017 rates to be reasonable for Beats's co-defendants who had won on summary judgment:

| | Bar Admittance or Law School Graduation | 2016 Rates (unless otherwise noted) |
|---|---|---|
| Partners: | 1966 | $1,000 (2015); 1,245 (2016) |
| | 1977 | $1,110 (2015) |
| | 1981 | $910 |
| | 1985 | $995 |
| | 1992 | $875-885 |
| | 1995 | $910 |
| | 2002 | $750 |
| Of Counsel: | 1976 | $705 |
| Associates: | 2009 | $615 (2015); $660 (2016) |
| Non-Attorneys Timekeepers: | | $380-90 |

11

DECLARATION OF RICHARD M. PEARL

1

2 • In *The Kennedy Commission v. City of Huntington Beach,* Los Angeles

3 County Superior Court No. 30-2015-00801675, Order Granting Petitioners' Motion

4 for Attorneys' Fees Pursuant to California Code of Civil Procedure § 1021.5, filed

5 July 13, 2016, a writ of mandate action challenging a land use amendment adopted

6 by the City of Huntington Beach,  the court found the following hourly rates

7 reasonable for the Plaintiffs' private *pro bono* law firm (prior to application of a 1.4

8 multiplier)[2]:

| 2016 Rates: | Bar Admission | Rates |
|---|---|---|
| | 2001 | $900 |
| | 2014 | $450 |
| 2015 Rates: | Bar Admission | Rates |
| | 2001 | $875 |
| | 2014 | $400 |

16 • In *Willits et al v. City of Los Angeles,* No. CV 10-5782 CCBM (RZx)

17 (C.D. Cal.), Order Granting Motion for Attorneys' Fees and Costs, filed August

18 25, 2016 (Dkt. No. 418), a class action lawsuit against the City of Los Angeles

19 under the Americans with Disabilities Act and the Rehabilitation Act of 1973

20 challenging the inaccessibility of the City's sidewalks, the court found the

21 following 2015 hourly rates reasonable:

| Law School | Rates |
|---|---|
| 1976 | $1,115.60 |
| 1977 (associate) | 700 |

---

[2]   The *Kennedy Commission* fee award was remanded in conjunction with the reversal of the merits. 2017 Cal.App.Unpub.Lexis 7488 (2017).

| | |
|---|---|
| 1981 | 795 |
| 1987 | 680-775 |
| 1993 | 750 |
| 1999 | 644-695 |
| 2001 | 625 |
| 2003 | 550 |
| 2006 | 525 — |
| 2007 | 450 |
| 2008 | 473 |
| 2009 | 450 |
| 2010 | 350-400 |
| 2011 | 300-385 |
| 2012 | 300 |
| 2013 | 300-325 |
| Paralegals and Law | 110-250 |
| Case Assistants | 220-230 |
| Docket Clerk | 230 |

- In *State Compensation Insurance Fund v. Khan et al,* Case No. SACV 12-01072-CJC(JCGx) (C.D. Cal.), Order Granting in Part and Denying in Part the Zaks Defendants' Motion for Attorneys' Fees, filed July 6, 2016 (Dkt. No. 408), a multi-defendant RICO action, the court found the following hourly rates reasonable:

| Years of Experience | Rates |
|---|---|
| 22 | $890 |
| 20 | $840 |
| 5 | $670 |
| 4 | $560 |

DECLARATION OF RICHARD M. PEARL

| Paralegals | $325-340 |
|---|---|
| Case Assistants | $220-230 |
| Docket Clerk | $230 |

•    In *ScripsAmerica, Inc. Ironridge Global LLC et al,* Case No. CV 14-03962-SJO (AGRx) (C.D. Cal.), Order Granting Defendant Ironridge GlobalLLC, John Kirkland, Brendan O'Neill's Motion for Attorney's Fees, filed January 12, 2016 (Dkt. No. 50), a contract dispute,  the court found the following 2015 hourly rates reasonable:

| Years of Experience | Rates |
|---|---|
| 37 | $950 |
| 11 | $700 |
| 4 | $450 |
| Paralegals | $200-350 |

•    In *Perfect 10, Inc. v. Giganews, Inc.,* 2015 U.S. Dist. LEXIS 54063 (C.D. Cal. 2015), filed March 24, 2015, *affirmed* 847 F.3d 657 (9th Cir. 2017), a copyright infringement action, the court found the following 2015 hourly rates reasonable:

| Years of Experience | 2015 Rate |
|---|---|
| 29 | $825-930 |
| 18 | $750 |
| 17 | $705-750 |
| 12 | $610-640 |
| 11 | $660-690 |
| 10 | 670 |
| 9 | 660-690 |

14

| | |
|---|---|
| 8 | 470-525 |
| 7 | 640 |
| 5 | 375-560 |
| 4 | 350-410 |
| 3 | 505 |
| 2 | 450 |
| 1 | 360-370 |
| Paralegals | 240-345 |
| Discovery Support | 245-290 |

- In *Rodriguez v. County of Los Angeles,* 96 F.Supp.3d 990 (C.D. Cal. 2014), Order Granting Plaintiffs' Motion for Attorneys' Fees, filed December 29, 2014, *aff'd* 891 F.3d 779 (9th Cir. 2018), a civil rights action on behalf of five county jail prisoners, the district court found the following 2014 hourly rates reasonable, plus a 2.0 lodestar multiplier for merits work performed on the plaintiffs' California cause of action; the entire award was affirmed on appeal:

| Years of Experience | Rate |
|---|---|
| 45 | $975 |
| 28 | 700-775 |
| 26 | 775 |
| 10 | 600 |
| 6 | 500 |
| Senior Paralegal | 295 |
| Other Paralegals | 175-235 |
| Law Clerk | 250 |

15. My opinion also is based on the 27 fee awards set forth in paragraph 10 (pp. 6 – 18) of my April 23, 2015 declaration (Exh. D) (Dkt. 427-2), which support the rates being used by Plaintiffs' counsel here.

**Rate Information from Surveys**

16. I also base my opinion on several credible surveys of legal rates, including the following:

- In December 2015, Thomson Reuters published its Legal Billing Report, Volume 17, Number 3. A true and correct copy of the pages of that report listing California and West Region firms is attached to hereto as Exhibit B. It shows that the requested rates are well within the range of rates charged by Los Angeles area law firms for reasonably comparable work.

- In an article entitled "On Sale: The $1,150-Per Hour Lawyer," written by Jennifer Smith and published in the Wall Street Journal on April 9, 2013, the author describes as long as six years ago the rapidly growing number of lawyers billing at $1,150 or more revealed in public filings and major surveys.  A true and correct copy of that article is attached hereto as Exhibit C.  The article also notes that in the first quarter of 2013, the 50 top-grossing law firms billed their partners at an average rate between $879 and $882 per hour. This average would include attorneys in the 8-10 year span since that is the time those who are going to make partner normally do so, suggesting that the more experienced attorneys are frequently billing over $1000.

**<u>Hourly Rates Charged by Other Law Firms</u>**

17.    Plaintiffs' counsel's hourly rates also are well within  the range of the standard hourly non-contingent rates for comparable civil litigation stated in court

filings, depositions, surveys, or other reliable sources by numerous California law firms that have offices in or regularly practice in the Los Angeles area.[3] These rates include, in alphabetical order:

**Altshuler Berzon LLP**

| 2018 Rates | Graduation Year | Rate |
|---|---|---|
| | 1968-1983 | $940 |
| | 1985 | 920 |
| | 1989 | 900 |
| | 1991 | 885 |
| | 1992 | 875 |
| | 1994 | 835 |
| | 1998 | 795 |
| | 2000 | 740 |
| | 2001 | 725 |
| | 2008 | 540 |
| | 2009 | 515 |
| | 2010 | 485 |
| | 2012 | 435 |
| | 2013 | 415 |
| | 2014 | 390 |
| | 2015 | 365 |
| | Law Clerks | 285 |
| | Paralegals | 250 |
| 2017 Rates: | Years of Experience/Level | Rates |
| | Senior Partners | $930 |
| | Junior Partners (1991-2001) | $875-690 |
| | Associates (2008-2013) | $510-365 |
| | Paralegals | $250 |
| 2015 Rates: | Years of Experience/Level | Rates |
| | 32 | $895 |
| | Junior Partners | $825-630 |
| | Associates | $450-340 |
| | Paralegals | $250 |
| 2014 Rates: | Years of Experience | Rates |
| | 38 | $895 |
| | Paralegals | $215 |

---

[3] Although some of these firms are based in Northern California, these firms regularly practice in the Los Angeles area, and the fact is that hourly rates charged in the Los Angeles area are generally higher than Northern California rates. Accordingly, if rates are reasonable by Northern California standards, they also are reasonable as Los Angeles area rates.

DECLARATION OF RICHARD M. PEARL

### Arnold Porter LLP

| 2015 Rates: | Level | Rates |
|---|---|---|
| | Partners | Up to $1,085 |
| | Associates | Up to $710 |
| 2014 Rates: | Years of Experience | Rates |
| | 49 | $995 |
| | 45 | $720 |
| | 39 | $655 |
| 2013 Rates: | Level | Rates |
| | Average Partner | $815 |
| | Highest Partner | $950 |
| | Lowest Partner | $670 |
| | Average Associate | $500 |
| | Highest Associate | $610 |
| | Lowest Associate | $345 |

### The Arns Law Firm LLP

| 2014 Rates: | Years of Experience | Rates |
|---|---|---|
| | 37 | $950 |
| | Law Clerks | $165 |

### Cooley LLP

| 2017 Rates: | Years of Experience | Rates |
|---|---|---|
| | 22 | $905 |
| 2014 Rates: | Years of Experience | Rates |
| | 31 | $1,095 |
| | 17 | $770 |
| | 9 | $685 |
| 2013 Rates: | Years of Experience | Rates |
| | 30 | $1,035 |
| | 16 | $710 |
| | 8 | $645 |

### Duane Morris LLP

| 2018 Rates: | Bar Admission Year | Rates |
|---|---|---|
| | 1973 | $1,005 |
| | 2008 | $605 |
| | 2011 | $450 |
| | 2017 | $355 |
| | Sr. Paralegal | $395 |
| 2016 Rates: | Years of Experience | Rates |
| | 43 | $880 |
| | 41 | $880 |
| | 26 | $720 |
| | 25 | $695 |

18
DECLARATION OF RICHARD M. PEARL

## Hadsell, Stormer, Richardson & Renick

| 2015 Rates: | Years of Experience/Level | Rates |
|---|---|---|
| | 42 | $1,050 |
| | 20 | $750 |
| | 26 | $700 |
| | 16 | $650 |
| | 13 | $600 |
| | 5 | $425 |
| | 4 | $375 |
| | Law Clerks | $225 |
| | Paralegals | $175-250 |
| 2012 Rates: | Years of Experience | Rates |
| | 38 | $825 |
| | 33 | $775 |
| | 22-23 | $625 |
| | 17 | $600 |
| | 12 | $525 |
| | 10 | $425 |
| | 4 | $275 |
| | 3 | $250 |

## Hausfeld LLP

| 2014 Rates: | Years of Experience | Rates |
|---|---|---|
| | 45 | $985 |
| | 37 | $935-895 |
| | 15 | $610-510 |
| | 14 | $600 |
| | 7 | $490 |
| | 3 | $370 |
| | Paralegals | $300-320 |
| | Law Clerks | $325 |

## Hooper, Lundy & Bookman

| 2019 Rates: | Law School Graduation Year | Rates |
|---|---|---|
| | 1975 | $1,025 |
| | 1976 | $965 |
| | 1979 | $1,025 |
| | 2007 | $815 |
| | 2011 | $800 |
| | 2015 | $640 |
| | 2016 | $600 |
| | 2019 | $440 |
| 2018 Rates: | Law School Graduation Year | Rates |
| | 1975 | $1,025 |
| | 1976 | $930 |
| | 1979 | $995 |

DECLARATION OF RICHARD M. PEARL

| | 2015 | $570 |
|---|---|---|

## Jones Day

| 2016 Rates: | Bar Admission Year | Rates |
|---|---|---|
| | 2001 | $900 |
| | 2014 | $450 |
| 2015 Rates: | Bar Admission Year | Rates |
| | 2001 | $875 |
| | 2014 | $400 |

## Kirkland & Ellis

| 2017 Rates: | Years of Experience | Rates |
|---|---|---|
| | 20 | $1,165 |
| | 9 | $995 |
| | 8 | $965 |
| | 5 | $845 |
| | 4 | $845 |
| | 3 | $810 |
| | 2 | $555 |

## Latham & Watkins

| 2016 Rates: | Average Partner | $1,185.83 |
|---|---|---|
| | Highest Partner | $1,595 |
| | Lowest Partner | $915 |
| | Average Associate | $754.62 |
| | Highest Associate | $1,205 |
| | Lowest Associate | $395 |

## Lieff Cabraser Heimann & Bernstein, LLP

| 2015 Rates: | Year of Bar Admission | Rates |
|---|---|---|
| | 1972 | $975 |
| | 1989 | $850 |
| | 2001 | $625 |
| | 2006 | $435 |
| | 2009 | $435 |
| 2014 Rates: | Year of Bar Admission | Rates |
| | 1998 | $825 |
| | 2001 | $600 |
| | 2006 | $435 |
| | 2009 | $415 |
| | 2013 | $325 |
| | Paralegal/Clerk | $305 |
| 2013 Rates: | Year of Bar Admission | Rates |
| | 1975 | $925 |

DECLARATION OF RICHARD M. PEARL

|  | 1998 | $800 |
|---|---|---|
|  | 2001 | $525 |
|  | 2003 | $490 |
|  | 2006 | $415 |
|  | 2009 | $395 |
|  | 2013 | $320 |
|  | Paralegal/Clerk | $285 |

## Michelman & Robinson LLP

| 2018 Rates: | Bar Admission Date | Rates |
|---|---|---|
|  | Partners | $995 |
|  | Senior Associate | $580 |
|  | Associate | $480 |

## Milbank, Tweed, Handley & McCloy LLP

| 2016 Rates: | Bar Admission Date | Rates |
|---|---|---|
|  | 1983 | $1,025 |
|  | 1984 | $1,350 |
|  | 1992 | $1,350 |
|  | 2002 (associate) | $915 |

## Morrison Foerster LLP

| 2018 Rates: | Years of Practice | Rates |
|---|---|---|
|  | 40 | $1,050 |
|  | 22 | $950 |
|  | 11 | $875 |
|  | 3 | $550 |
|  | Paralegal | $325 |
| 2017 Rates: | Bar Admission Date: | Rates |
|  | 2007 | $608 |
|  | 2012 | $575 |
| 2016 Rates: | Bar Admission Date | Rates |
|  | 1975 | $1,025 |
|  | 1999 | $975 |
|  | 1993 | $975 |
| 2013 Rates: | Level | Rates |
|  | Average Partner | $865 |
|  | Highest Partner | $1,195 |
|  | Lowest Partner | $595 |
|  | Average Associate | $525 |
|  | Highest Associate | $725 |
|  | Lowest Associate | $230 |

DECLARATION OF RICHARD M. PEARL

## Munger, Tolls & Olson

| 2016 Rates (unless otherwise noted): | Bar Admittance or Law School Graduation | Rates |
|---|---|---|
| Partners: | 1966 | $1,000 (2015); 1,245 (2016) |
| | 1977 | $1,110 (2015) |
| | 1981 | $910 |
| | 1985 | $995 |
| | 1992 | $875-885 |
| | 1995 | $910 |
| | 2002 | $750 |
| Of Counsel: | 1976 | $705 |
| Associates: | 2009 | $615 (2015); $660 (2016) |
| Non-Attorneys Timekeepers: | | $380-90 |

## O'Melveny & Myers

| 2019 Rates: | Level | Rate |
|---|---|---|
| | Senior Partner | $1,250 |
| | Partner (1998 Bar Admittee) | $1,050 |
| | 3rd Year Associate | $640 |
| | 2nd Year Associate | $565 |
| 2016 Rates: | Bar Admission Date | Rates |
| | 1985 | $1,175 |
| | 2004 | $895 |
| | 2005 | $780 |
| | 2007 | $775 |
| | 2010 | $725 |
| | 2011 | $700 |
| | 2012 | $655 |
| | 2013 | $585 |
| | 2014 | $515 |
| | 2015 | $435 |
| 2013 Rates: | Level | Rates |
| | Average Partner | $715 |
| | Highest Partner | $950 |
| | Lowest Partner | $615 |

## Orrick Herrington & Sutcliffe

| 2014 Rates: | Level | Rates |
|---|---|---|
| | Average Partner | $845 |
| | Highest Partner | $1,095 |
| | Lowest Partner | $715 |
| | Average Associate | $560 |
| | Highest Associate | $710 |
| | Lowest Associate | $375 |

DECLARATION OF RICHARD M. PEARL

**Paul Hastings LLP**

| 2016 Rates: | Bar Admission Date | Rates |
|---|---|---|
| | 1973 | $1,175 |
| | 1997 | $895 |
| | 1990 | $750 |
| 2014 Rates: | Level | Rates |
| | Average Partner | $815 |
| | Highest Partner | $900 |
| | Lowest Partner | $750 |
| | Average Associate | $540 |
| | Highest Associate | $755 |
| | Lowest Associate | $350 |

**Pearson Simon & Warshaw LLP**

| 2019 Rates: | Years of Experience | Rates |
|---|---|---|
| | 23-38 | $1,150 |
| | 10 | $900 |
| | Of Counsel | $825 |
| | 6 | $500 |
| | 4 | $450 |
| | Paralegals | $225 |
| 2018 Rates: | | |
| | 22-37 | $1,050 |
| | 9 | $650 |
| | Of Counsel | $725 |
| | 5 | $450 |
| | 3 | $400 |
| 2017 Rates: | 35-36 | $1,035 |
| | 8 | $520 |
| | 4 | $400 |
| | 2 | $350 |

**Proskauer Rose LLP**

| 2016 Rates: | Bar Admission Date | Rates |
|---|---|---|
| | 1974 | $1,475 |
| | 1983 | $1,025 |
| | 1979 | $950 |
| | 2007 | $850 |
| | 2013 | $495 |
| | 2015 | $440-445 |

**Quinn Emanuel Urquhart & Sullivan**

| 2013 Rates: | Level | Rates |
|---|---|---|
| | Average Partner | $915 |
| | Highest Partner | $1,075 |

DECLARATION OF RICHARD M. PEARL

| | Lowest Partner | $810 |
|---|---|---|
| | Average Associate | $410 |
| | Highest Associate | $675 |
| | Lowest Associate | $320 |

## Reed Smith LLP

| 2014 Rates: | Years of Experience | Rates |
|---|---|---|
| | 37 | $830 |
| | 18 | $695 |
| | 15 | $585 |
| | 6 | $485 |
| | 5 | $435 |
| 2013 Rates: | Years of Experience | Rates |
| | Partner | |
| | 36 | $830 |
| | 30 | $805 |
| | 17 | $610-615 |
| | 14 | $570 |
| | Associates | |
| | 8 | $450-535 |
| | 6 | $495 |

## Ropes & Gray

| 2016 Rates: | Level | Rates |
|---|---|---|
| | Partner | $880-1,450 |
| | Counsel | $605-1,425 |
| | Associate | $460-1050 |
| | Paralegals | $160-415 |

## Skadden, Arps, Slate, Meagher & Flom

| 2013 Rates: | Level | Rates |
|---|---|---|
| | Average Partner | $1,035 |
| | Highest Partner | $1,150 |
| | Lowest Partner | $845 |
| | Average Associate | $620 |
| | Highest Associate | $845 |
| | Lowest Associate | $340 |

## Wilson Sonsini Goodrich & Rosati PC

| 2017 Rates: | Bar Admission Date | Rates |
|---|---|---|
| | 2000 | $950 |
| | | |

| Winston & Strawn | | |
|---|---|---|
| 2019 Rates: | | Rates |
| | Partners: | |

DECLARATION OF RICHARD M. PEARL

| | | |
|---|---|---|
| | | $1,515 |
| | | $1,245 |
| | | $1,105 |
| | | $1,025 |
| | Associates: | |
| | | $825 |
| | | $660 |
| | | $615 |
| **2018 Rates:** | | |
| | Partners: | |
| | | $1,445 |
| | | $1,185 |
| | | $1,050 |
| | | $820 |
| | Associates: | |
| | | $765 |
| | | $585 |
| | Paralegals: | $170-340 |
| | Litigation Support Mgr. | $275 |
| | Review Attorneys | $85 |
| **2017 Rates:** | | |
| | Partners: | |
| | | $1,365 |
| | | $1,120 |
| | | $990 |
| | Associates: | |
| | | $760 |
| | | $690 |
| | | $645 |
| | | $520 |
| | | $495 |
| | Paralegals: | $165-295 |
| **2016 Rates:** | | |
| | Partners: | |
| | | $1,290 |
| | | $1,095 |
| | | $965 |
| | | $960 |
| | | $885 |
| | Associates: | |
| | | $715 |
| | | $615 |
| | | $575 |
| | | $470 |
| | Paralegals: | $170-280 |
| | Litigation Support Mgr.: | $250 |
| **2015 Rates:** | | |
| | Partners: | |
| | | $1,225 |
| | | $1,000 |
| | | $910 |
| | | $820 |
| | Associates: | $680 |
| | | $555 |

DECLARATION OF RICHARD M. PEARL

| | | $515 |
|---|---|---|
| | | $480 |
| | | $450 |
| | Review Attorneys: | $85-95 |
| | Paralegals: | $90-265 |
| | Litigation Support Mgr. | $250 |

18.   The hourly rates set forth above are those charged where full payment is expected promptly upon the rendition of the billing and without consideration of factors other than hours and rates.  If any substantial part of the payment were to be contingent or deferred for any substantial period of time, for example, the fee arrangement would be adjusted accordingly to compensate the attorneys for those factors.

19.   I recognize that the three highest billing attorneys here all bill $1000 or more per hour, placing them at the high end of billing rates (although there are many attorneys who bill more). I am quite familiar with civil rights litigation, having been involved in numerous attorney fee applications in such case, both as an advocate and an expert. As such, I am aware, as I stated in paragraph 12, of the reputation and experience of Mr. Litt, Ms. Sobel and Mr. Hoffman for handling complex civil rights litigation, including complex civil rights class actions. There is little question that they are considered among the top civil rights practitioners in California or that the civil rights class actions of the type that they handle qualify as complex litigation.  *See, e.g., City of Riverside v. Rivera*, 477 U.S. 561, 575-576, 106 S.Ct. 2686 (1986) ("Congress intended civil rights fees to be comparable to that for 'other types of equally complex Federal litigation, such as antitrust cases'").

18.   In my experience, fee awards are almost always determined based on current rates, *i.e.*, the attorney's rate at the time a motion for fees is made, rather than the historical rate at the same time the work was performed.  This is a common and accepted practice to compensate attorneys for the delay in being paid. *See, e.g., Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010); *Graham v. DaimlerChrysler, Inc.* 34 Cal.4[th] 553, 583 (2004); *Robles v. Emp. Dev. Dept.*, 38

1  Cal.App.5th 191, 205 (2019).

2      I declare under penalty of perjury under the laws of the United States that the

3  foregoing facts are true and correct.

4      Executed on November 6th, 2019 at Berkeley, California.

5

6

7                                        Richard M. Pearl

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RICHARD M. PEARL