Barrett S. Litt, SBN 45527
Email: blitt@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Carol A. Sobel, SBN 84483
Email: carolsobel@aol.com
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
Telephone: (310) 393-3055
Facsimile: (310) 451-3858

ADDITIONAL COUNSEL LISTED ON NEXT PAGE
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE CHUA, ET AL.<br><br>PLAINTIFFS,<br><br>VS.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>DEFENDANTS. | CASE NO: 2:16-CV-00237-JAK-GJS(X)<br>[HON. JOHN A. KRONSTADT]<br><br>NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; [PROPOSED] ORDER; DECLARATIONS<br><br>HEARING DATE:  MARCH 16, 2020<br>HEARING TIME:  8:30 A.M.<br>COURTROOM:     10B |

1  ADDITIONAL PLAINTIFFS' COUNSEL

2

3  Paul Hoffman, SBN 71244
   Email. hoffpaul@aol.com
4  Catherine Sweetser. SBN271142
   Email. catherine.sdshhh@gmail.com
5  SCHONBRUN, SEPLOW, HARRIS & HOFFMAN
6  732 Ocean Front Walk
   Venice, California 90291
7  Tel. (310) 396-0731
8  Fax. (310) 399-7040

9
   Colleen M. Flynn, SBN 234281
10 Email. cflynnlaw@yahoo.com
   LAW OFFICE OF COLLEEN FLYNN
11 3435 Wilshire Boulevard, Suite 2910
12 Los Angeles, California 9001 0
   Tel. 213 252-9444
13 Fax. 213 252-0091

14
15 Matthew Strugar, SBN 232951
   Email. matthewstrugar@gmail.com
16 LAW OFFICE OF MATTHEW STRUGAR
17 2108 Cove Avenue
   Los Angeles, California 90039
18 Tel: 323 696-2299

19

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that, on March 16, 2020, at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10B of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, Plaintiffs will, and hereby do, move the Court to finally approve the proposed settlement in this case, and to authorize the mailing and other forms of notice to class members.

This motion is unopposed and is based on the accompanying Memorandum of Law, the stipulation of all parties to entry of the proposed Preliminary Approval Order, the proposed Preliminary Approval Order and exhibits thereto filed previously in the case, the declarations of counsel previously and concurrently filed in this case, the records in this case, and on such further evidence as may be presented at a hearing on the motion.

DATED: February 13, 2020

Respectfully submitted,
Kaye, McLane, Bednarski & Litt, LLP

By: /s/ Barrett S. Litt
    Barrett S. Litt
    Attorneys for Plaintiffs

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. TERMS OF THE SETTLEMENT AND FINAL ALLOCATION OF FUNDS ............................................................................................................ 2

III. THE STANDARDS FOR FINAL APPROVAL OF THE SETTLEMENT HAVE BEEN MET ........................................................................................ 4

    A. THE AMOUNT OF THE SETTLEMENT IN LIGHT OF THE POTENTIAL RECOVERY ............................................................................................ 4
    B. The Extent Of The Discovery Conducted ............................................ 5
    C. The Complexity And Potential Costs Of Trial ..................................... 5
    D. The Number And Content Of Objections and Opt-Outs. .................... 6
    E. The Capacity For The Defendant To Withstand A Larger Judgment. .. 6

IV. INCENTIVE AWARDS FOR THE NAMED PLAINTIFFS ARE APPROPRIATE. ............................................................................................ 7

V. ATTORNEYS' FEES ..................................................................................... 7

VI. CONCLUSION ............................................................................................... 7

# TABLE OF AUTHORITIES
**Federal Cases**

*Chun–Hoon v. McKee Foods Corp.*
   716 F.Supp.2d 848 (N.D.Cal.2010).................................................................. 6

*Rodriguez v. West Publishing*
   563 F.3d 948(9th Cir. 2009)................................................................................ 6

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*
   295 F.R.D. 438 (C.D. Cal. 2014) ........................................................................ 6

**Federal Statutes**

42 U.S.C. §1988...................................................................................................... 3

**State Statutes**

Civil Code §52.1(h) ................................................................................................ 3

**Other Authorities**

*Newberg on Class Actions* §13:48 (5th ed.) ............................................................. 4

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.     INTRODUCTION**

This action arises out of the actions by Defendants surrounding a protest on November 26, 2014, in or around the vicinity of 6th and Hope Street in Los Angeles over the decision not to file criminal charges for the killing of Michael Brown in Ferguson, Mo. Plaintiffs allege that Defendants unlawfully declared an unlawful assembly, unlawfully and unjustifiably arrested Plaintiffs and unlawfully denied Plaintiffs release from custody on their own recognizance ("OR") regarding the attendant arrest, detention and release of Plaintiffs.

The Court entered its final class certification order certifying a damages class for the Sixth and Hope protestors on May 25, 2018. (Dkt. 50.) It denied without prejudice certification for an injunctive relief class, and did not certify a class for the Beverly and Alvarado detention leaving one individual Plaintiff, Kyle Todd, for that claim. *Id*.

The parties held three in-person mediation conferences before Magistrate Judge Jay Gandhi, two while he was still on the bench and one after, which did not result in a settlement. After Plaintiffs filed their motion for general damages and expert reports were exchanged, the parties had a one-on-one negotiation, which resulted in the instant proposed settlement subject to the approval of the Court. Preliminary Approval Declaration of Barrett S. Litt (hereafter "Litt Prelim. App. Dec."), ¶ 4. The proposed settlement has been agreed to by all parties, including approval by the Los Angeles City Council. To minimize the class administration costs, Plaintiffs decided it would be more efficient for the class administration to be handled by the Law Office of Carol Sobel for a maximum fee of $20,000, which would be substantially less expensive than hiring a professional administrator, and the Court so appointed Ms. Sobel's office.

The class was composed of 127 people, two of whom filed their own lawsuits and reached settlements with the City of Los Angeles. Address

1 information could only be found for 112 people, all of whom were sent class
2 notices and claim forms. Thus, 112 claim forms were sent to class members by Ms.
3 Sobel's office. There were no objections and no opt outs. 85 claim forms were
4 filed with Ms. Sobel's office, and there were no late claims, which means that 75%
5 of the 112 class members for whom Plaintiffs had contact information filed claims.
6 Ms. Sobel's office was both efficient and extremely reasonably priced, as she
7 charged only $40 per hour for staff time. See Declarations of Weston Rowland and
8 Carol Sobel, ¶¶ 1-9, both filed contemporaneously with this motion. Costs of
9 mailing, printing, web search and web domain to date totaled $155.74. Sobel Dec.,
10 ¶¶ 10. Ms. Sobel anticipates further expenditures to complete the class
11 administration of $73.75 in costs and $280 in Mr. Rowland's time. *Id.*, ¶¶ 9, 11.
12 Thus, the total to be paid to her office for past and future class administration is
13 $4,121.49. *Id.*, ¶¶ 12.

## II. TERMS OF THE SETTLEMENT AND FINAL ALLOCATION OF FUNDS

The terms of the settlement are set forth in greater detail in the exhibits attached to the Proposed Preliminary Approval Order (specifically in the Settlement Agreement), which exhibits are as follows:

    Exhibit A    Settlement Agreement
    Exhibit B    Proposed Class Notice
    Exhibit C    Claim Form

The class settlement's basic terms are as follows:

  a.  A class fund of $255,010 to be paid as follows:

      i. expert costs (totaling $20,210) to be paid to the Client Trust Account of the Law Office of Carol Sobel;

      ii. mediation costs (totaling $5500) to be paid to the Client Trust Account of the Law Office of Carol Sobel;

     iii. incentive awards to the three class representatives of $5000 each to be paid to the Client Trust Account of the Law Office of Carol Sobel (for a total of $15,000);

     iv. class administration costs of a flat fee of $20,000 to be paid to the Law Office of Carol Sobel, inclusive of all cost of mailing and reporting; and

     v. $200,000 for distribution pro rata to claiming class members to be paid to the Client Trust Account of the Law Office of Carol Sobel.

  b. $484,290 (inclusive of $7,163.27 in litigation costs other than the expert, mediation and class administration costs) as compensation for statutory attorney's fees and costs (subject to the approval of the court), to be paid to the Client Trust Account of the Law Office of Carol Sobel, and to be the subject of a separate motion for attorney's fees pursuant to 42 U.S.C. §1988 and Civil Code §52.1(h). For purposes of this settlement, Defendants agreed that Plaintiffs are the prevailing party under the foregoing statutes for a motion pursuant to this settlement and further agreed that $476,801.93 (the portion of the fees and costs constituting fees) is substantially discounted below the amounts that Plaintiffs would have sought in an attorneys' fee motion as the prevailing parties in a contested motion. Plaintiffs' motion for attorneys' fees has been separately filed (with a separate proposed order) and seeks an award of that amount.

  c. $5000 to Todd Kyle as compensation for his individual claim paid to the Client Trust Account of the Law Office of Carol Sobel.

  Because up to $20,000 was allocated to class administration, there is an additional $15,878.51 to supplement the class fund payable to class members. The following chart shows how the funds would be disbursed under the settlement agreement in light of this final accounting.

| DESCRIPTION | AMOUNT |
|---|---|
| KYLE TODD RECOVERY | $5000 |
| COSTS (MEDIATION/EXPERT) FROM CLASS FUND | $25,710 |
| TOTAL CLASS ADMINISTRATIVE COSTS | $4,121.49 |
| INCENTIVE PAYMENTS | $15,000 |
| CLASS FUND FOR DISTRIBUTION TO CLASS MEMBERS (INCLUDING UNUSED CLASS ADMIN FUNDS OF $5000 FROM THE $20,000 ALLOCATED) | $215,878.51 |
| FEES AND COSTS (COSTS IN ADDITION TO MEDIATION EXPERT COSTS PAID BY CLASS FUND) | $484,290 |
| TOTAL | $750,000.00 |
|  |  |
| TOTAL # CLAIMS FILED | 85 |
| AMOUNT PER CLASS MEMBER (AFTER ALL COSTS AND INCENTIVE FEES) | $2539.74 |

### III. THE STANDARDS FOR FINAL APPROVAL OF THE SETTLEMENT HAVE BEEN MET

The factors for entry of a final approval order have been summarized in *Newberg on Class Actions* §13:48 (5th ed.) as generally assessing 1) the amount of the settlement in light of the potential recovery discounted by the likelihood of plaintiffs prevailing at trial; 2) the extent to which the parties have engaged in sufficient discovery to evaluate the merits of the case; 3) the complexity and potential costs of trial; 4) the number and content of objections; 5) the recommendations of experienced counsel that settlement is appropriate; and, in some instances; and 6) the capacity for the defendant to withstand a larger judgment. We briefly address those factors here:

#### A. THE AMOUNT OF THE SETTLEMENT IN LIGHT OF THE POTENTIAL RECOVERY

Plaintiffs addressed this issue in the Preliminary Approval Order submissions, and provided evidence that the recovery was in line with those in other cases. The recovery for class members is substantial, especially when viewed from the perspective of the trial risks. The realized recovery per claiming class

4

member exceeds $2500. While this is slightly lower than amounts in some comparable cases, this case carried greater risk. Defendants claimed that the unlawful assembly order was justified and audible, and claimed that they did not deny OR release, but rather needed the extended time to process the arrestees before releasing them. While Plaintiffs believed they had a strong claim, they considered this claim to be considerably more subject to dispute than other cases they handled. Plaintiffs' counsel concluded that a recovery of between $1500-$2000 per claiming class member was a fair settlement given the disputed nature of the claim and that all class members were released within 18 hours in contrast to longer detentions in other cases. Litt Prelim. App. Dec. ¶ 9. As indicated, the actual recovery well exceeds that amount.

### B. The Extent Of The Discovery Conducted

This case was litigated extensively and vigorously. Plaintiffs conducted extensive discovery, both documents and numerous depositions. They also gathered substantial third-party evidence. They retained experts regarding the propriety of the police actions, reenactment of the audibility of the police unlawful assembly announcement and general damages. Litt Prelim. App. Dec., ¶ 5.

### C. The Complexity And Potential Costs Of Trial

Plaintiffs assume that the trial in this case would have lasted two to three weeks, and would have been hotly contested. While Plaintiffs believed they would prevail, they recognized (as explained in sub-section A, *supra*) that the Defendants claimed that the unlawful assembly order was justified and audible, and claimed that they did not deny OR release but rather needed the time to process the arrestees before releasing them. The trial would have been of moderate complexity. Most importantly, it is unclear that the results would have been materially better than the settlement; it is conceivable they would have been less favorable. It could have dragged out over a lengthy period, and a favorable verdict could have been

appealed. The statutory fees would have been run up, complicating a future settlement. Thus, it was in Plaintiffs' interests to conclude the case with certainty.

### D. The Number And Content Of Objections and Opt-Outs.

There were no objections or opt-outs, and there was a high claims rate. The lack of any objections and opt-outs strongly support the fairness and adequacy of the settlement. "The negligible number of opt-outs and objections indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (citing *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004)(affirming the approval of a class action settlement where 90,000 members received notice and 45 objections were received); *Rodriguez v. West Publishing*, 563 F.3d 948, 967(9th Cir. 2009) ("The court had discretion to find a favorable reaction to the settlement among class members given that, of 376,301 putative class members to whom notice of the settlement had been sent, 52,000 submitted claims forms and only fifty-four [.014 percent] submitted objections"); *Chun–Hoon v. McKee Foods Corp.*, 716 F.Supp.2d 848, 852 (N.D.Cal.2010) (concluding, in a case where "[a] total of zero objections and sixteen opt-outs (comprising 4.86% of the class) were made from the class of roughly three hundred and twenty-nine (329) members," that the reaction of the class "strongly supports settlement").

### E. The Capacity For The Defendant To Withstand A Larger Judgment.

This was not a factor in this settlement. The Defendants here could unquestionably withstand a larger judgment. The settlement was driven by an assessment of the reasonable value of the case, and was not discounted due to questions regarding the Defendants' ability to pay.

## IV. INCENTIVE AWARDS FOR THE NAMED PLAINTIFFS ARE APPROPRIATE.

This issue was briefed in the Motion for a Preliminary Approval Motion, (Dkt. 131- 13, 14), and will not be repeated here. The settlement provides $5000 incentive awards to each of the three Named Plaintiffs, in addition to the recovery to which they are otherwise entitled. The proposed Final Approval Order contains a paragraph addressing this issue and citing cases to support the conclusion that the award is appropriate.

## V. ATTORNEYS' FEES

Plaintiffs' counsel previously filed an extensive fee motion and evidentiary support explaining the reasonableness of the rates used and hours expended in this case, and that their fee is a substantial discount from what they would have sought in a normal, contested fee motion. Significantly, even though the class notice fully apprised class members of the proposed fee, and that it exceeded the class fund, no class member objected to the size of the fee or the fact that the fees exceeded the amount allocated to class members.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court enter the proposed Final Approval Order with any revisions consistent with the material provisions of the Settlement Agreement that the Court deems necessary or appropriate.

DATED: February 13, 2020   Respectfully submitted,
KAYE, McLANE, BEDNARSKI & LITT, LLP
LAW OFFICES OF CAROL SOBEL
SCHOENBRON, DESIMONE, ET AL.


By: /s/ Barrett S. Litt
    Barrett S. Litt
    Attorneys for Plaintiffs

s