UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (DKT. 147);**

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 151)**

**I.   Introduction**

Charmaine Chua ("Chua"), Torie Rivera ("Rivera"), Lydia Hicks ("Hicks"), Kyle Todd ("Todd") and the National Lawyers Guild ("NLG"), brought this class action on behalf of themselves and others similarly situated (collectively "Plaintiffs") against the City of Los Angeles ("City"), Los Angeles Police Department ("LAPD") Chief Charlie Beck ("Beck"), LAPD Commander Andrew Smith ("Smith") and Does 1-10 (collectively "Defendants"). Dkt. 1 at 1. Plaintiffs allege that Defendants violated their rights under the First, Fourth and Fourteenth Amendments, the California Constitution and Cal. Civ. Code §§ 52.1 and 1798.14. *Id.* The basis for these claims is that, while Plaintiffs participated in two public protests in November 2014, they were detained and then arrested without cause by officers of the LAPD. *Id.* ¶ 1.

On May 25, 2017, Plaintiffs' motion for class certification was granted-in-part. Dkt. 50. The "6th and Hope" damages subclass was certified as to the demand for statutory damages only. *Id.* at 19. Certification of the "Beverly and Alvarado" damages subclass was denied, without prejudice. *Id.* The request for the certification of the injunctive relief subclass was also denied, without prejudice. *Id.*

On January 10, 2019, the Parties filed a notice of a provisional settlement. Dkt. 120. The Parties also filed the Settlement Agreement. Dkt. 131-2. On November 15, 2019, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 131) was granted (the "Preliminary Approval Order"). Dkt. 145.

On December 20, 2019, Plaintiffs' Counsel filed the Motion for Award of Attorneys' Fees and Costs (the "Fee Motion"). Dkt. 147. On February 13, 2020, Plaintiffs filed the Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"). Dkt. 151. On March 2, 2020, Defendants filed a Notice

#

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

of Non-Opposition to Plaintiffs' Motion for Final Approval of Class Action Settlement. Dkt. 154.

A hearing on the Fee Motion and the Final Approval Motion was held on March 16, 2020. Dkt. 157. The Fee Motion and Final Approval Motion were granted at that hearing, with this separate and more detailed order to follow. *Id.*

## II.      Factual and Procedural Background

### A.      Factual and Procedural Background

The relevant factual background to Plaintiffs' Motion is described in detail in the Order Re Plaintiffs' Motion for Class Certification. Dkt. 50. As in the Preliminary Approval Order, that discussion is incorporated here by this reference.

As noted, on May 25, 2017, Plaintiffs' motion for class certification was granted in part. Dkt. 50. The 6th and Hope damages subclass was certified as to the demand for statutory damages, but not as to the claim for general or specific damages. *Id.* at 19. The Beverly and Alvarado damages subclass was denied certification without prejudice. *Id.* The injunctive relief subclass was denied certification without prejudice. *Id.*

### B.      Summary of the Settlement Agreement and Preliminary Approval Amount

The Preliminary Approval Order includes a detailed summary of the Settlement Agreement. Dkt. 145 at 2-4. A summary of the monetary terms from the Settlement Agreement, which are included in the Preliminary Approval order, are summarized in the following table:

| Preliminary Approval Order Summary Table | | |
|---|---:|---:|
| **Item** | **Amount** | **Percentage of Total Settlement** |
| Expert Costs | $20,210.00 | 2.69% |
| Mediation Costs | $5,500.00 | 0.73% |
| Settlement Administration Costs | $20,000.00 | 2.67% |
| Class Representative Awards | $15,000.00 | 2.00% |
| Award to Kyle Todd (putative class representative for uncertified sub-class) | $5,000.00 | 0.67% |
| Attorney's Fees | $476,801.93 | 63.57% |
| Costs | $7488.07 | 0.99% |
| Settlement Fund for Distribution to Class Members | $200,000.00 | 26.67% |
| **Total** | **$750,000.00** | |

Dkt. 145 at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

      C.      Settlement Administration and Final Requested Amounts

The Final Approval Motion provides the financial terms of the final settlement distribution based on actual costs. Those terms are summarized in the following table:

| Final Approval Motion Summary Table | | |
|---|---|---|
| Item | Amount | Percentage of Total Settlement |
| Expert Costs | $20,210.00 | 2.69% |
| Mediation Costs | $5,500.00 | 0.73% |
| Settlement Administration Costs | $4121.49 | 2.67% |
| Class Representative Awards | $15,000.00 | 2.00% |
| Award to Kyle Todd (putative class representative for uncertified sub-class) | $5,000.00 | 0.67% |
| Attorney's Fees | $476,801.93 | 63.57% |
| Litigation Costs | $7488.07[1] | 0.99% |
| Settlement Fund for Distribution to Class Members | $215,878.51 | 26.67% |
| **Total** | **$750,000.00** | |

The settlement was administered by the office of Plaintiffs' Counsel, Carol Sobel. Dkt. 152 ¶ 2. Of 125 putative class members, contact information was identified for 112 members. *Id.* ¶ 4. With the exception of two individuals who filed separate lawsuits and then settled their claims with the City, no objections or opt-outs were filed. *Id.* ¶¶ 3, 5. 85 valid claim forms were filed. *Id.* ¶ 6. The total cost of settlement administration was $4121.49. This consists of $3982 in hourly fees and the balance in out-of-pocket costs. *Id.* ¶¶ 9-13. Because the total amount reserved for settlement administration costs was $20,000, the difference between that amount and the actual costs of $4121.49 ($20,000- $4121.49 = $15,878.51) was transferred to the settlement fund. *Id.* ¶ 13. With a resulting Settlement Fund for Distribution to Class Members of $215,878.51, and 85 claimants, the Final Approval Motion seeks approval of a pro rata distribution of $2539.74 per class member. Dkt. 151 at 9.

**III.**    <u>Analysis</u>

      A.      Final Approval of the Settlement Agreement

            1.      <u>Legal Standards</u>

---

[1] Although the Final Approval Motion identifies $7163.27 in costs, this appears to be a calculating error. The award for fees and costs if $484,290, of which $476,801.93 is set aside for fees. Subtracting $476,801.93 from $484,290 leads to a difference of $7488.07, not $7163.27. Dkt. 151 at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

Fed. R. Civ. P. 23(e) establishes a two-step process for determining whether a class action settlement should be approved. First, a court must make a preliminary determination whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). If that finding is made, following notice to the class members and a consideration of their responses, if any, the court determines whether final approval of the settlement should be granted.

Preliminary approval was granted on November 15, 2019. At the final approval stage, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). The following non-exclusive factors are among those that may be considered during both the preliminary and final approval processes:

> (1) the strength of the plaintiff's case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the amount offered in settlement;
> (4) the extent of discovery completed and the stage of the proceedings;
> (5) the experience and views of counsel;
> (6) any evidence of collusion between the parties; and
> (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000)

Courts also consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, the ultimate question is whether the settlement is "fair, adequate, and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), *abrogation on other grounds recognized by Walker v. Life Ins. Co. of the S.W.*, Nos. 19-55241, 19-55242, 2020 WL 1329665, at *5 (9th Cir. Mar. 23, 2020).

      2.    <u>Application</u>

The Preliminary Approval Order presented a detailed analysis of the relevant factors for assessing the appropriateness of the settlement. It concluded that the risks and expense of further litigation, the substantial prior negotiations, the recommendations of counsel, and scope of the relief all weighed in favor of granting approval. Dkt. 145 at 6-12. Nothing has changed as to any of these factors.

At the preliminary approval stage the reaction of Class Members was unknown because they had not been notified of the terms and asked to respond if they wished to do so. Following the preliminary approval and notice to the Class Members, they had the ability to opt out of or object to the settlement. No Class Member has opted out or objected. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (citing cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *Nat'l Rural Telecomms. Corp. v. DirecTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004))). Therefore, this factor weighs in favor of final approval.

Because there have been no material changes in any or the relevant circumstanced since the Preliminary Approval ORder, the same determinations are warranted at this time with respect to the fairness analysis. Therefore, the approval of the distribution of the settlement funds in the manner set forth in the Final Approval Motion is granted, subject to certain minor modifications, which are discussed below. The distribution of the settlement funds to the 85 Class Members will be made on a pro rata basis. In light of the modest adjustments to the figures described below, this will result in the payment of approximately $2539.75 to each Class Member.

    B.    Class Notice

        1.    Legal Standards

Rule 23(e) requires that a court "direct notice in a reasonable manner to all class members who would be bound by" a proposed class settlement. Fed. R. Civ. P. 23(e). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

        2.    Application

An Amended Class Notice was filed. Dkt. 43. The Preliminary Approval Order found the Amended Class Notice to be sufficient and the associated procedures to be reasonable. Dkt. 145 at 4. The proposed notice plan was then fully implemented. *See* Dkts. 152, 153. There are no material changes that would affect the prior analysis as to sufficiency of the proposed notice and notice plan.

    C.    Expert and Mediation Costs

As stated in the Preliminary Approval Order, there were certain modest discrepancies and unsupported assertions as to expert and mediation costs. No explanation was given for a disparity between the $20,210 in expert costs identified in the Settlement Agreement and the $12,210 identified in the Litt Declaration. *See* Dkt. 145 at 10. No support was provided for the $5500 in mediation costs. *Id.* Consequently, Plaintiffs' Counsel were directed to address these issues by filing "supplemental declarations with their contemplated motion for an award of attorney's fees and costs." *Id.* The reasonableness of costs would then "be reviewed de novo in connection with final approval." *Id.* at 11.

The Litt Declaration filed in support of the Fee Motion states that expert costs totaled $12,360 and mediation costs totaled $5500. Dkt. 148 ¶ 42; Dkt. 148-4 at 2. Attached to this declaration are tables labeled "LOCAS COSTS" and "Hoffman Costs." They include items related to additional expert fees incurred by other counsel for Plaintiffs, among other expenses: (i) "Expert Fee - Jeff Boxer $750.00," (ii) "Expert fee - Roger Clark $3,500.00," (iii) "The Forensic Specialist: Retainer for Expert $2,000.00,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

(iv) "The Forensic Specialist: Expert Fee $1,650.00." Dkt 148-4 at 4-5. Adding these fees to the $12,360 amount results in a sum of $20,260. Although the Litt Declaration concludes with a table identifying only $12,360 in expert costs and $5500 in mediation costs (Dkt. 148 at 43), Plaintiffs' Counsel explained at the hearing that these were only those costs incurred by Litt's firm.

In light of the explanations made at the hearing, and in the Litt Declaration, there is sufficient support for the request for approval of the $5500 in mediation costs and $20,210 in expert costs made in the Final Approval Motion.

    D.    Settlement Administration Fee

The Settlement Agreement, as approved in the Preliminary Approval Order, provided for up to $20,000 for settlement administration costs. Dkt. 145 at 3, 7. Total settlement administration costs amounted to $4121.49. Dkt. 152 ¶ 9-13. $15,878.51 was unspent and shall be allocated to the class fund for distribution to Class Members. The fee amount was reasonable in light of the amount of work performed. Therefore, a settlement administration fee of $4121.49 is approved.

    E.    Attorney's Fees and Costs

        1.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded in a certified class action where so authorized by law or the parties' agreement"; however, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941; *see also* Fed. R. Civ. P. 23(h). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained. *Staton*, 327 F.3d at 964.

A district court must "assure itself that the fees awarded in the agreement [are] not unreasonably high, so as to ensure that the class members' interests [are] not compromised in favor of those of class counsel" or class representatives. *Staton*, 237 F.3d at 965. The following factors are among those that may be considered in assessing the reasonableness of a requested fee award: (i) whether the results achieved were exceptional; (ii) risks of continued litigation; (iii) non-monetary benefits conferred by the litigation; (iv) customary fees for similar cases; (v) the contingent nature of the fee and financial burden imposed on counsel; and (vi) the reasonable expectations of counsel, based on the circumstances of the case and the range of fee awards based on common funds of comparable size. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

Statutory fees requested under 42 U.S.C. § 1988 and Cal. Civil Code § 52.1(i) need not "necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (plurality). "[C]ounsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, *for all time reasonably expended on a matter.*" *Id.* at 575 (quoting Senate Report, at 6, U.S. Code Cong. & Admin News 1976, p. 5913)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

(internal quotation marks omitted) (emphasis in original). Courts arrive at this "lodestar figure" by "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Bluetooth*, 654 F.3d at 941.

A § 1988 fee inquiry involves a two-step process. "First, courts generally 'apply the 'lodestar' method to determine what constitutes a reasonable attorney's fee.'" *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1335 (9th Cir. 2012)) (cleaned up). "Second, 'the district court may then adjust the lodestar upward or downward based on a variety of factors.'" *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)) (cleaned up). When making an across-the-board percentage cut in excess of a 10% "haircut," a district court must "set forth a concise but clear explanation of its reasons for choosing a given percentage reduction." *Id.* at 1203 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992)). "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986), *as amended*, 808 F.2d 1373 (9th Cir. 1987).

Proportionality of fees to damages is a "legitimate consideration in evaluating the reasonableness of the work performed," but it "is not per se unreasonable for attorneys to receive a fee award that exceeds the amount recovered by their clients." *Vargas v. Howell*, 949 F.3d 1188, 1196 (9th Cir. 2020) (quoting *Gonzales*, 729 F.3d at 1209). *Vargas* also noted that "the percentage-of-recovery method is not typically used in civil rights cases." *Id.* (quoting *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1242 n.3 (9th Cir. 2019)).

      2.    <u>Application</u>

The Settlement Agreement states that Plaintiffs' counsel has "incurred significantly more attorney fees than the amount of fees agreed to be awarded." Dkt. 131-2 ¶ 35. The attorney's fees and costs requested total $484,290. *Id.* In support of the Fee Motion, Plaintiffs' counsel argue that the requested amount is "substantially discounted below the amounts that Plaintiffs would have sought in an attorneys' fee motion as the prevailing parties in a contested motion." Dkt. 147 at 10. The Fee Motion requests $476,801.93 in attorney's fees, which is substantially less than the proposed lodestar figure of $1,782,736 identified by the Fee Motion. *Id.* at 10, 23.

          a)    Preliminary Approval

At the time of preliminary approval, the proposed lodestar figure was $896,711. This amount was based on a total of 1122.1 hours of work by several attorneys. Dkt. 145 at 10. That figure did not include an anticipated 50-125 additional hours that would be necessary between preliminary and final approval. *Id.* That figure also was "not fully up to date" and was current only to "late 2018" for some attorneys. *Id.* (quoting Dkt. 131 at 18-19, Dkt. 132 ¶ 40). The following summary table was included in the Preliminary Approval Order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Barry Litt (Attorney) | 175.1 | $1200 | $210,120.00 |
| Carol Sobel (Attorney) | 307.1 | $1000 | $307,100.00 |
| Catherine Sweetser (Attorney) | 61.6 | $650 | $40,040.00 |
| Colleen Flynn (Attorney) | 68.7 | $725 | $49,807.50 |
| Colleen Mullen (Attorney) | 7.9 | $500 | $3,950.00 |
| Julia White (Senior Paralegal) | 63.3 | $360 | $22,788.00 |
| Matthew Strugar (Attorney) | 61.5 | $725 | $44,587.50 |
| Monique Alarcon (Attorney) | 66.4 | $420 | $27,888.00 |
| Monique Alarcon (Law Student) | 104.7 | $200 | $20,940.00 |
| Paul Hoffman (Attorney) | 121.3 | $1050 | $127,365.00 |
| Rachel Steinback (Attorney) | 52.5 | $650 | $34,125.00 |
| Weston Rowland (Law Clerk) | 32 | $250 | $8000.00 |
| **Total** | **1122.1** | **-** | **$896,711.00** |

Dkt. 145 at 10.

The Preliminary Approval Order found that "[s]ubstantial issues are presented by the lodestar calculation," which included "the number of counsel who billed time, the hourly rates for counsel, the time and hourly rate proposed for a law student, and whether it was appropriate to have spent more than 1000 hours on this proceeding given the limited financial benefits that will be provided to members of the Subclass if there is a final approval." Dkt. 145 at 10. Nevertheless, the Preliminary Approval Order granted the requested relief based, in part, on the finding that even a reduction of approximately 50% of the lodestar amount would support the proposed fee award. *Id.*

        b)      Final Approval

            (1)    <u>Attorney's Fees</u>

The Fee Motion presents a lodestar figure that is almost twice the amount that was set forth in the motion for preliminary approval. Dkt. 147 at 22-23. The hours billed increased approximately 75% from 1122.1 to 1970.30. The total amount in costs increased from $896,711.00 to $1,782,736.00. This is an increase of approximately 99%. Plaintiffs' Counsel acknowledged at the hearing that they had erred in presenting this figure. Dkt. 157. Accordingly, the reasonableness of the lodestar figure will be evaluated based on the summary tables presented in support of preliminary approval as supplemented by those submitted in response to the Order of March 6, 2020. Dkt. 155. This results in a calculation of proposed lodestar figure of $958,559.00, which is a relatively modest increase of $61,848 from the time of preliminary approval.

As stated in the Preliminary Approval Order, substantial issues remain as to the reasonableness of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

hourly rates used in the proposed lodestar calculation, the number of hours recorded individually by counsel and the number of hours they recorded collectively. However, once again, even if the lodestar figure of $958,559.00 were reduced by approximately 50%, that revised amount would support the approval of the requested attorney's fee award of $476,801.93. Therefore, without engaging in a line-by-line assessment of the reasonableness of the work performed and the hourly rates, there is a reasonable basis to find that the lodestar analysis is sufficient to support the award of the amount of attorney's fees provided by the Settlement Agreement. The reasonableness of that amount is also supported by the contingent nature of the representation, the results achieved on behalf of the Class Members, and the statutory standards that apply to the claims and corresponding fee requests made in this action. *See Rivera*, 477 U.S. at 574; *Vargas*, 949 F.3d at 1197 *Gonzales*, 729 F.3d at 1203. Therefore, an attorney's fee award of $476,801.93, as provided in the Settlement Agreement, is approved.

(2)      Litigation Costs

The Fee Motion requests an award of $7163.27 as reimbursement for certain litigation costs. Dkt. 147 at 10. As discussed above, this is inconsistent with the Final Approval Motion, which identifies a total award of $484,290 in fees and costs other than expert and mediation costs. Dkt. 151 at 8-9. Of that $484,290, $476,801.93 is for attorney's fees. The remaining amount is $7488.07 ($484,290 - $476,801.93 = $7488.07), not $7163.27. *See id.* There is also a small disparity when the $7802.90 in costs other than expert fees and mediation identified in Exhibit D to the Litt Declaration (Dkt. 148-4) are considered. Given these modest discrepancies, it is reasonable to find that sufficient evidence supports the $7488.07 cost award provided by the settlement agreement. As noted, this amount is the difference between the amount of the attorney's fee award and the total amount set aside for fees and costs combined. Because this amount is reasonable, it is approved.

**IV.     Conclusion**

For the reasons stated in this Order, the Final Approval Motion and the Fee Motion were granted. The final settlement amounts are summarized in the following table:

| Item | Amount |
|---|---:|
| Expert Costs | $20,210.00 |
| Mediation Costs | $5,500.00 |
| Settlement Administration Costs | $4121.49 |
| Class Representative Awards | $15,000.00 |
| Award to Kyle Todd (putative class representative for uncertified sub-class) | $5,000.00 |
| Attorney's Fees | $476,801.93 |
| Litigation Costs | $7488.07 |
| Settlement Fund for Distribution to Class Members | $215,878.51 |
| **Total** | **$750,000.00** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00237 JAK (GJSx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | Charmaine Chua, et al. v. City of Los Angeles, et al. | | |

On or before April 8, 2020, Plaintiffs shall lodge a proposed judgment in accordance with the terms of this Order. Within seven days of Plaintiffs lodging a proposed judgment, Defendants shall file any objections to the form of the proposed judgment.

**IT IS SO ORDERED.**

:

Initials of Preparer    cw